**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X Appeal 1:19-cv-02846-PKC
Elvis Mata

                   Debtor-Appellant.

v.

Arvest Central Mortgage Company,

                   Creditor-Appellee.

-----------------------------------------------------------X

# <u>Elvis Mata Appellant Brief-Appendix</u>

Dahiya Law Offices, LLC
Karamvir Dahiya
75 Maiden Lane Suite 506
New York NY 10038
Tel: 212 766 8000
karam@dahiya.law

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X Case No. 1-19-40693-cec
IN RE:

     Elvis Mata


          Debtor
--------------------------------------------------------X

## NOTICE OF APPEAL

     Notice is hereby given that Elvis Mata (the "Appellant") appeals under 28 U.S.C. § 158(d) and FRBP 8002 (a) from the judgment, order of the bankruptcy court dated May 2, 2019 (Docket # 24).  The Appellant appeals the underlying Opinion and Order thereto and from every portion thereof. The name of all parties to the judgment, Order or decree appealed from and the names, addresses, emails and telephone numbers of their respective attorney are attached hereto.

**Appellant**: Elvis Marta
**Represented by**: Dahiya Law Offices LLC
75 Maiden Lane Suite 506 New York NY 10038
Tel: 212 766 8000
Email: karam@dahiya.law


**Appellees:** Arvest Central Mortgage Company[1]
**Represented by:** Berkman Henoch Peterson Peddy & Penchel, P.C.
Randy J Schaefer, Esq.
100 Garden City Plaza
Garden City, NY 11530
Tel: 516 222 6200
Email: R.Schaefer@bhpp.com



Dated: May 10, 2019
New York NY

                            /s/*karamvir Dahiya*_____
                            Karamvir Dahiya, for Elvis Mata

---

[1] f/k/a Central Mortgage Company of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:                                                          Case No. 19-40693-CEC

Elvis Mata,
                                                                Chapter 13

                        Debtor.
-----------------------------------------------------------------x

## ORDER DENYING MOTION TO IMPOSE THE AUTOMATIC STAY

WHEREAS, on February 5, 2019, Elvis Mata (the "Debtor") filed a voluntary petition under chapter 13 of the Bankruptcy Code; and

WHEREAS, on February 5, 2019, the Debtor filed a motion to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3) (the "Debtor's Motion"); and

WHEREAS, on February 8, 2019, Arvest Central Mortgage Company f/k/a Central Mortgage Company ("Arvest") filed a limited response to the Debtor's Motion; and

WHEREAS, February 14, 2019, the Debtor filed opposition to Arvest's response; and

WHEREAS, on February 20, 2019, Arvest filed an affirmation in response; and

WHEREAS, a hearing on the Debtor's Motion was held on February 21, 2019; and

NOW, THEREFORE, for the reasons stated on the record at the February 21, 2019 hearing, it is

ORDERED, that the Debtor's Motion is denied.



**Dated: Brooklyn, New York**
**       May 1, 2019**

                                    _____
                                         **Carla E. Craig**
                                    **United States Bankruptcy Judge**

United States Bankruptcy Court
Eastern District of New York
---------------------------------------
In re: Elvis Mata,                        Case No. 1-19-40693

                    Debtor.               Chapter 13


---------------------------------------

## NOTICE OF MOTION FOR CONTINUATION OF STAY

PLEASE TAKE NOTICE, the debtor ELVIS MATA shall move for relief under 11 U.S.C. § § 105,

362 for a continuation of automatic stay and as well for attendant relief under the equitable powers of the

Court on February 21, 2019 at 3:00 PM before the Hon. Judge CARLA E. CRAIG, the Chief Judge of the

United States Bankruptcy Court, Eastern District of New York, located at 271 Cadman Plaza East,

Brooklyn, New York 11201.

All responses be filed at least 7 days prior to the foresaid hearing date and a courtesy copy of the

response be sent to the Chambers of Hon. Judge Carla E. Craig


Dated: February 5, 2019
New York NY

                                                        Dahiya Law Offices, LLC
                                                        Counsel for the Debtor, Elvis Mata
                                                        /s/_____
                                                        Karamvir Dahiya, Esq.
                                                        75 Maiden Lane Suite 506
                                                        New York NY 10038
                                                        Tel: 212 766 8000

Notice to:

Hillary Prada, Esq.
Managing Attorney
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C.
100 Garden City Plaza
Garden City, New York 11530
Phone: (516) 222-6200 ext. 364
Email: H.Prada@bhpp.com
Facsimile: (516) 222-6209

1

The Elvis Mata through his undersigned counsel respectfully prays as follows:

1.      On march 23, 2007, Elvis Mata (Mata), the debtor, with purchase money mortgage bought his home, a real property located at 37-33 97th Street, Corona New York 11368 (Home). The home feel was short lived. The numbers and parties changed rapidly, Mata, could not cope up with the demands of the different servicers and as a result was in default in the year 2008. The alleged Note holder, Central Mortgage Company commenced a foreclosure proceeding with the Supreme Court, Queens County, bearing index number 30774/2010. Mata not finding much help within his means, finally gets lured in by a racketeering group of people operating under the criminal enterprise called Kings Development Group (KDG). They were more than 11 people including some lawyers. All of them have been indicted by the Queens County District Attorney in 2017. **Ex. A**. (The press release).

2.      Mata was approached by them, he became a victim, trusting KDG's lawyers, he gave them all that they wanted so that they could save his home. But they had other plans. Under the guise that they would resolve their mortgage problems, loss mitigation or short sale, they had the homeowners including Mata transfer the deed of their house. KDG's had the deed transferred to 97 Street Realty Inc., a corporation created by KDG. Further, the KDG's removed the debtor and put their own tenants in the property and commenced collecting the rents. Mata was shocked. Finally, the district attorney, Queens County had the deed transferred back to the real home owners. Mata was one of the victims--there were several others. Mata does not want liabilities. He wants to do a short sale or have the loan restructured. Mata is a working man and has the support of the family. He wants to address the issues properly. All these bankruptcies have been filed without much thought but with a genuine desire and need to address the issues of debt and or do a short sale.

**<u>Stay is requested</u>**

3.      The bankruptcy code in its relevant portion states as follows:

> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—

> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case.

11 U.S.C. § 362 (c)(3). Under § 362(c)(3), the automatic stay in § 362(a) *with respect to* any action taken *with respect to* debt, property securing debt and leases terminates *with respect to* the debtor 30 days after a bankruptcy filing under Chapter 7, 11 or 13 if the debtor had a case pending within the preceding year that was dismissed. 11 U.S.C. § 362(c)(3)(A).  The case # 45137 of 2018 was filed pending and dismissing during the last one year of this filing. February 5, 2019 is the filing of this petition. The last bankruptcy was filed under Chapter 7 on September

| 1 | Mata, Elvis (db) | 1:2017bk46246 | 11/27/2017 | 02/02/2018 |
| 2 | Mata, Elvis (db) | 1:2018bk45137 | 09/07/2018 | 10/26/2018 |

7, 2018. On October 26, 2018 it was dismissed. So, within last one year only one case was pending and dismissed.

4.      The stay would expire after 30 days of the filing. We request stay.  Mata is a victim. Even during the course of the state court litigation, he could not avail the benefit of the state court sponsored loss mitigation. Reason was simple that he did not own the property and he had entrusted the KDG members, for he thought that they were specialist in foreclosure. He had no idea that it was a scam.

5.      The Court must grant the stay, as the property might have equity.  The debtor's home might have substantial equity—no financial loss would be suffered on a substantive level for the delay, as the interest would be added to the principle. However, the debtor's loss if the stay is not granted shall be way more on a scale of balance than that of the bank.

3

6.      This Court could utilize the preliminary injunction standard [with four factors] for extension of stay as propound in our circuit in a copyright case pursuant to *Salinger v. Colting,* 607 F.3d 68 (2d Cir. 2010). This standard has been applied in all preliminary injunction's motions in non-copyright cases. *New York City Triathlon v. NYC Triathlon Club, Inc.,* 704 F.Supp.2d 305, 328 (S.D.N.Y. 2010). This standard looks at the following four factors:

i.    [I]f the plaintiff has demonstrated 'either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the [debtor/plaintiff]'s favor."

ii.   "[I]f the plaintiff has demonstrated that he is likely to suffer irreparable injury in the absence of an injunction."

iii.   "[T]he balance of hardships between the plaintiff and defendant and issue the injunction only if the balance of hardships tips in the plaintiff's favor."

iv.   The "public interest would not be disserved by the issuance of a preliminary injunction."

*Salinger*, 607 F.3d at 79-80. All aforesaid are satisfied here. The above enumerated,  clearly demonstrates a meritorious claim of the debtor warranting judicial adjudication and the balance clearly "*tipping decidedly in the [debtor]'s favor."* The debtor would suffer clear hardship. That is his home. Also, a sale of the house would lose all equity that has been built, restructured with hard work of the debtor. There is also no doubt that the bankruptcy law geared to have its own unique policy of the rehabilitation of the debtor with an attendant consideration of the minimizing the loss socially. Thus, the public interest would rather be served with this policy of the congressionally provided bankruptcy relief. A rehabilitated debtor shall contribute more to society than those deracinated by vagaries of financial debacles. And ultimately the bankruptcy law being a remedial statute, it should be "liberally" or "broadly" construed. *Tcherepnin v. Knight*, 389 U.S. 332, 336 (1967) (term "security" should be construed broadly, in part because "Securities Exchange Act quite clearly falls into the category of remedial legislation"); and *Chisholm v. Georgia,* 2 U.S. (2 Dall.) 419, 475 (1793) (Jay, C.J.) (Constitution's extension of judicial power over controversies between a state and citizens of another state is "remedial, [and] therefore, to be construed liberally"). *A fortiori,* any exemption from the

4

remedial statute is narrowly construed. See e.g., *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945) ("Any exemption from . . . remedial legislation must . . . be narrowly construed, giving due regard to the plain meaning of statutory language and the intent of Congress."). This the proscriptive nature of the Bankruptcy Code section [limited stay for repeat filing] carved as exception to the general provisions [stay upon filing] must be given a limited efficacy. "An exception to a 'general statement of policy' is 'usually read . . . narrowly in order to preserve the primary operation of the provision.' *Maracich v. Spears*, 570 U.S. 48, 60 (2013) (quoting *Commissioner v. Clark*, 489 U.S. 726, 739 (1989). Thus, the debtor is the right candidate to avail statutory benefits under the foregoing interpretation. And the filing is non-frivolous. The debtor would be able to pay a payment to de-accelerate the loan under legal and equitable consideration and least of it, do a short sale.

Wherefore, it is respectfully submitted that the debtor, who has sought refuge in this court be accorded all available relief under the bankruptcy code.

Dated: February 5, 2019
New York NY                                          Dahiya Law Offices, LLC

                                                     Counsel for the Debtor, Elvis Mata
                                                     /s/

                                                     _____
                                                     Karamvir Dahiya, Esq.
                                                     75 Maiden Lane Suite 506
                                                     New York NY 10038
                                                     Tel: 212 766 8000

5

Mata App--007

## **CERTIFICATE OF SERVICE**

It is hereby certified that on February 5, 2019, the undersigned mailed and emailed

[postage stamp prepaid] a copy of the motion with the annexures upon the following counsel for

the mortgage bank:

Hillary Prada, Esq.
Managing Attorney
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C.
100 Garden City Plaza
Garden City, New York 11530
Phone: (516) 222-6200 ext. 364
Email: H.Prada@bhpp.com
Facsimile: (516) 222-6209

Dated: February 5, 2019
New York NY

                                        Dahiya Law Offices, LLC

                                        Counsel for the Debtor, Elvis Mata
                                        /s/
                                        _____
                                              Karamvir Dahiya, Esq.
                                              75 Maiden Lane Suite 506
                                              New York NY 10038
                                              Tel: 212 766 8000

6

Mata App--008

United States Bankruptcy Court
Eastern District of New York
----------------------------------------
In re: Elvis Mata,                    Case No. 1- 19-40693-CEC

        Debtor.                    Chapter 13

----------------------------------------

### AFFIDAVIT IN SUPPORT OF APPLICATION OF REIMPOSITION OF STAY AND RENDERING THE SALE VOID

**State of New York**    )
                            ) **ss:**
**County of New York**   )

Elvis Mata under the penalty of perjury respectfully prays as follows:

I am the owner of my house: 3733 97th street, Corona New York 11368. I am own it. I had it. I bought my house in 2007. I was making payments until 2011. The payment started bigger. I could easily paid increased amount, however due to unexpected collapse of business I could not sustain the ever increasing demands for the bank, including the interest rates, plus the escrow amount. I used to own clothing stores.

This bank does not tell the entire story. I am victim of a serious fraud. This is what happened. Around end of 2013, I started looking for help to modify the loan or to reduce the monthly mortgage payments. I do not speak or read English. There was a girl called Jasmine Fernandez. She spoke Spanish. She would call our home. She was working Kings Development Group. This Group preyed on vulnerable homeowner. I did not know what they did or do. But I was told by Jasmine that their office, Kings Development Group is the only office that help save my home. I was told to bring my property papers to them.

I was introduced to one Assaf Moshe, he was popularly known as Joe. So, I met Joe. He speaks a little bit of Spanish. He prepared some paperwork and I signed it. I was told that this

1

paperwork will wash my debt and the property will be parked safely without any foreclosure. I do not know what it was, but I signed it.

My house is a two-family house. The second floor was rented. I was collecting a rent of $1500 a month. So, what happens is once I had signed paperwork within a couple of days, I receive a call from the Kings Development Group, from Ms. Jasmine. She told me that she would need to start picking up the rent from the property, because they have now to pay the property taxes and mortgage payments. Also, they promised that now they will clean any violations or penalties connected with my home. So, I allowed them to get the rent, because they claimed that they would pay the property taxes and recurring mortgage payments.

After some time, I saw something very funny. The water bill was not in my name anymore. I contacted the DEP office to find out why my name was not there. They told me that I am not th owner any more. I was very shocked. I immediately went to the Kings Development to find out what was going on. I had an argument with those people about the situation. Then I went to the FBI office 26 federal plaza, NY to file complaint. I also went to see Mellissa Fernandez, who was at that time the councilor of Queens. Nothing came out of these complaints. I was told to get in touch with Richard Brown office, the district attorney of Queens. I met a lady attorney, Christine Burke. I was told that she is the in-charge such crimes.

Meanwhile Kings people tried to physically come over to my place to take possession. They were led by Nissan Pinchasov. I stood in front of my house with a machete. I told them if they enter the house, I will cut them. Then only they left.

Meanwhile I was in touch with the I wanted the Deed back. This was in 2014. And this took until 2018. I had my deed back in 2018.

2

I had meanwhile tried contacting the Bank. The bank name is Arvest Central Mortgage. I talked to them. They will tell me to get in touch the loss mitigation department. I had Ms. Yanet Salazar to talk the bank. The bank would say they would not able to do anything unless the deed is transferred back to me. I was running like a madman to different place. I could not get any help. I kept going to the district attorney. Finally, I was asked to come before the grand jury. I testified. I told the grand jury my painful story and how I was cheated by the Kings people. I met the district attorney and their investigators many a times. Finally end of December 2017, 12 people were arrested. **Ex. A.**

Now let me share other part of the pain. It is like from frying pan into the fire. I found a lawyer. Her name is Angelyn Johnson to represent me in the state court foreclosure. Guess what she did. I asked her help to get the Deed from Kings Development. Because the district attorney was taking too long.  Now I did not realize, that she was also crooked. She wanted my property to sell and make money. I did not agree to this. And what happened as a result, she did not prosecute the my case properly. She did not defend me. I am not exaggerating about her conduct. I am attaching a copy of the press release from the district attorney, once again Richard Brown, criminally indicting her. See attachment. **Ex. B.**   Also, every time I went to her office, she was drunk.

Now I want to talk about the bankruptcies. My bankruptcy attorney Mr. Karam has shown me some pages, some bankruptcy filings. Let us talk about them.

Mr Karam pulled the ACRIS history of the property. I am attaching it. **Exhibit C.**   My property was transferred to this corporation 97 Street Realty Inc., 5308 13 Avenue 248, Brooklyn, NY 11219 without my consent. Mr. Karam asked me if this my signature. I said yes. But I do not know that it is a transfer of Deed. I did not and would not and never transfer my house to anyone.

3

But now I am shown a copy of the bankruptcy filing by 97 Street Realty Inc. with this on August 5, 2016.  **Exhibit D**. It is not filed by me. It is signed by one Meir C. Abramov. I never met him, I never told him to file any bankruptcy.  I had no knowledge about this bankruptcy.  Now I am looking at the address given in the petition. The address is 5308 13th Avenue, Unit 248, Brooklyn, NY 11219.  This looks like the main headquarters of Kings Development. I know nothing about it their group.  It looks like Meir C. Abramov was a group of these people who were arrested.  So it was natural that I would not know about it.

I am shocked to see a bankruptcy filed by 3733 97th Street, Corona Corp.  **Ex. E.**  I do not know what it is. I have never opened or made an application to form this corporation (Corona Corp). Mr. Karam looked into the formation of the Corona Corp., someone made it in March 15, 2018 and the bankruptcy was filed in 2016. Yes, the signature on the paper is mine. I have not prepared this petition. It is prepared by some real estate person called Gloria Peralta. She wanted the exclusive listing to the sell the property. Since Mr. Karam pulled the state court record and found that the corporation is made the same day as the bankruptcy petition.  I do not even know if the corporation had my home. My Deed was actually transferred back to me by Judge Hon. Daniel Lewis only on and after June 25, 2018.  **Ex. F.**

Now let us talk about personal bankruptcy. Mr. Karam shows me first bankruptcy filed in 2016 in my name. Case No. 43536 of 2016.   I did not sign it. It is not my signature. **Ex. G.**  Also something to be seen here is the telephone number 917 861 5700. That is not my phone number. I do not know who filed it.

The second personal bankruptcy 43612 of 2017 was filed on July 13, 2017. I did not file it. It is not my signature. **Ex. H.**  Actually, I think I was out of country that time.  Now Mr. Karam

4

is showing me who filed it. It is Gloria Peralta. She filed it without my permission. She was desperately looking to get exclusive listing of my property.

Now comes the third bankruptcy 46246 of 2017. Once again that is not my signature on this petition. They look so different on each page. **Ex. I.**

Now comes the fourth bankruptcy 45137 of 2018. This is not my signature. I did not file it. I was in Dominican Republican that time. **Ex. J.**

Now there is the fifth bankruptcy. It is my lawyer Mr. Karam filing it. He had my permission. I authorized and sign the papers.

| Party Name | Case Number | Case Title | Court | Date Filed | |
|---|---|---|---|---|---|
| | Mata, Elvis (db) | 1:2016bk43536 | Elvis Mata | New York Eastern Bankruptcy Court | 08/05/2016 |
| | Mata, Elvis (db) | 1:2017bk43612 | Elvis Mata | New York Eastern Bankruptcy Court | 07/13/2017 |
| | Mata, Elvis (db) | 1:2017bk46246 | Elvis Mata | New York Eastern Bankruptcy Court | 11/27/2017 |
| | Mata, Elvis (db) | 1:2018bk45137 | Elvis Mata | New York Eastern Bankruptcy Court | 09/07/2018 |
| | Mata, Elvis (db) | 1:2019bk40693 | Elvis Mata | New York Eastern Bankruptcy Court | 02/05/2019 |

I did not know about the earlier bankruptcies. I am a victim of fraud. What disturbs me the most is that the bank knew what had happened, they misled this Court to take their stay relief. They had a moral duty to explain the background. They did not do that. I want to save my property. I could not do anything in the state court, I did not have the title to the property.  I ran from one place to another to save the property. I was a victim. The Kings Development Group came to take over the property physically.  I stood fighting with them at the entrance. However, I did not have know knowledge of the bankruptcy. I am not a lawyer. I do not understand English. I cannot write or read in English. I have been taken advantage of.  I need the protection of the court. This is my



Mata App--013

first bankruptcy, filed by me and after the deed was transferred to me with the help of the district attorney.

Dated: February 14, 2019

_____
Elvis Mata

Sworn to before me this day of

February 14, 2019

Notary Public

KARAMVIR DAHIYA
Notary Public, State of New York
No. 02DA6056365
Qualified in New York County
Commission Expires Sept. 22, 2013

6

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 13 |
| ELVIS MATA, | Case No. 19-40693 |
| Debtor. | |

**AFFIRMATION IN OPPOSITION TO THE SUPPLEMENTAL AFFIRMATION**
**SEEKING REDRESS FROM THIS COURT'S PRIOR ORDER**

       Arvest Central Mortgage Company f/k/a Central Mortgage Company ("Arvest"), by its attorneys, Berkman Henoch Peterson Peddy & Fenchel, P.C., respectfully sets forth the following:

       1.     Arvest respectfully submits this Affirmation in Opposition to the Debtor's "motion" styled as a "Supplemental Affirmation to Support Voidness of the *In Rem* Order and Continued Application of Reimposition of Stay and Rendering the Sale Void" (the "Supplemental Affirmation") filed two days ago (Dkt. No. 13).[1]

       2.     The Debtor seeks to vacate a prior order of this Court entered on June 1, 2018 (the "In Rem Order") in the Chapter 11 case filed by 3733 97 St Corona Corp. where this Court granted *in rem* relief regarding the property located at 37-33 97th Street, Corona, New York 11368 (the "Premises").[2]  For the reasons set forth herein, it is clear that the Court properly entered the In Rem Order and the Supplemental Affirmation should be disregarded.

       3.     The Debtor makes two arguments in support of his request to vacate the In

---

[1]     Without providing proper citation to Rule 60 or Bankruptcy Rule 9024, the Debtor files a "Supplemental Affirmation" seeking an order vacating the In Rem Order without complying with Bankruptcy Rule 9024 which requires a motion.

[2]     As the Debtor points out in the Motion to Vacate, since the In Rem Order is binding in any other case under Title 11 of the United States Code purporting to affect the Premises, Arvest moved forward with the foreclosure sale scheduled for February 8, 2019 notwithstanding the instant filing on February 5, 2019.

1

Rem Order.    First, the Debtor claims that Arvest lacks standing.    Second, the Debtor claims that this Court lacked jurisdiction to enter the In Rem Order.    For the following reasons, the Supplemental Affirmation must be disregarded.

**Rooker-Feldman Prohibits the Debtor's Arguments**

4.    As an initial matter, most of the allegations and arguments set forth in the Supplemental Affirmation are barred by the Rooker-Feldman doctrine.    Since the State Court has already entered a Judgment of Foreclosure and Sale (that the Debtor vehemently opposed by filing opposition and several orders to show cause to vacate and stay) any and all arguments regarding standing, and the prior alleged fraud involved with the Premises are barred by the Rooker-Feldman doctrine.[3]

**Arvest is a Party-In-Interest with Standing**

5.    The Debtor first argues that Arvest lacked standing to bring the motion for in rem relief that resulted in this Court entering the In Rem Order.    This argument however is of no moment.

6.    Bankruptcy Code §362(d) states that "on request of a party in interest after notice and a hearing, the court shall grant relief from the automatic stay . . ."

7.    Arvest is a secured creditor regarding the premises located at 37-33 97th Street, Corona, New York 11368 (the "Premises") by virtue of the final and non-appealable Judgment of Foreclosure and Sale entered in the Supreme Court of the State of New York,

---

3        The Rooker-Felman doctrine is confined to cases of the kind from which the doctrine acquired its name, namely cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. To this end, there are four requirements for the application of Rooker-Feldman. First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced.    Hoblock v. Albany County Bd. of Elections, 422 F.3d 77 (2d Cir. 2005).

Queens County on December 11, 2015 (the "Final Judgment")(Dkt. No. 6-1).

8.      The "evidence necessary to establish standing" as a party in interest "to seek stay relief to commence or continue a foreclosure action should include a demonstration that the movant has the right under applicable state law to enforce the mortgage." In re Escobar, 457 B.R. 229, 239 (Bankr. E.D.N.Y. 2011). However, proof of standing does "not require evidence which would be necessary to prevail over a claim objection or to prevail in an adversary proceeding asserting that the claimant does not hold a valid, perfected and enforceable lien." Id. at 239.  In fact, "the level of proof necessary to commence a foreclosure action under New York law . . . is the appropriate level of proof necessary to confer standing to seek stay relief."  Id. at 241.

9.      In Campora v. HSBC Bank USA, N.A. (In re Campora), 2015 U.S. Dist. LEXIS 117862, the District Court held that the Bankruptcy Court properly determined that [the Lender] is a party in interest and entitled to move for relief from the stay because the state court had already determined that [the Lender] had standing to pursue the foreclosure action because it issued a judgment of foreclosure and sale. Id.

10.     Furthermore, the Court in In re Campora, noted that debtor's attempt to put [the Lender's] standing into issue is also barred by the Rooker-Feldman doctrine and *res judicata*.  Because the requirements for standing under §362(d)(1) are equivalent to those to commence a foreclosure action in the state court, [the Debtor's] appeal amounts to an attempt to re-litigate the New York State Court's Judgment of Foreclosure and Sale.  The Court explained that "any argument that [the Lender] lacked standing to bring the foreclosure action is barred by the Rooker-Feldman doctrine and res judicata and found that any attempt

3

to re-litigate that issue in this context is similarly barred.   <u>Id</u>.

11.     The Debtor in the instant case is similarly barred by the Rooker-Feldman doctrine from bringing Arvest's standing into issue.   Moreover, the Judgment of Foreclosure and Sale entered by the State Court evidences that Arvest is indeed a party-in-interest.   As such, the Debtor's standing argument must fall.

<u>This Court had Jurisdiction to Enter the In Rem Order</u>

12.     The Debtor's argument regarding subject matter jurisdiction is similarly unavailing.   This Court's subject matter jurisdiction arises under 28 U.S.C. §1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Eastern District of New York.   The prior motion for in rem relief is a core matter under 28 U.S.C. §157(b)(2)(G). The Debtor's argument regarding privity or that the Debtor was not in title is of no moment.   As set forth above, since the State Court awarded a Judgment of Foreclosure and Sale in Arvest's favor, it was a party in interest entitled to relief under §362(d).

13.     Finally, the Debtor makes outrageous statements in his Affidavit in Support of Application of Reimposition of Stay and Rendering the Sale Void (the "Affidavit")(Dkt. No. 12) regarding his status as a "victim" and his "lack of knowledge of the prior bankruptcy cases."   But, a review of the facts reveals that the Debtor's sworn statements are nothing more than his attempt to shift the blame to Arvest by alleging that he is a "victim" and that he "did not know of the earlier bankruptcies." The facts however belie the Debtor's sworn statements

4

## The Debtor was Served With Dozens of
## Documents Related to the Prior Bankruptcy Cases

14.     For the Debtor to swear that he did not know of the prior bankruptcy cases is simply untrue.   The Debtor was served with dozens of documents related to the prior bankruptcy cases.

15.     In the 7 bankruptcy cases filed related to the Premises, a plethora of documents were served on Elvis Mata at 37-33 97 Street, Corona, New York 11368 despite his protestations that "he never knew about the prior bankruptcies":

- In the chapter 13 case filed by the Debtor (16-43536-cec), the Debtor was served with

  (a) Deficient Filing (Dkt. No. 4);

  (b) Request for Notice of Chapter 13 Meeting of Creditors (Dkt. No. 5);

  (c) Order Granting Application to Pay Filing Fees in Installments (6);

  (d) Notice of Mortgage Payment Change (Dkt. No. 11)

  (e) Notice of Automatic Dismissal (Dkt. No. 20); and

  (f)  Order to Close Dismissed Case (Dkt. No. 23).

- In the Chapter 13 case filed by the Debtor (17-43612-cec), the Debtor was served with

  (a) Deficient Filing (Dkt. No. 5);

  (b) Request for Notice of Chapter 13 Meeting of Creditors (Dkt. No.6);

  (c) Order Granting Application to Pay Filing Fees in Installments (Dkt. No. 9);

  (d) Order Granting Extension of Time for a Temporary Exemption from Credit Counseling (Dkt. No. 14);

  (e) Notice of Mortgage Payment Change (Dkt. No. 18);

  (f) Trustee's Motion to Dismiss (Dkt. No. 19); and

5

(g) Order Dismissing the Case with Prejudice (Dkt. No. 25).

- In the Chapter 7 case filed by the Debtor (17-46246-cec), the Debtor was served with

  (a) Deficient Filing (Dkt. No. 5);

  (b) Order Granting Application to Pay Filing Fees in Installments (Dkt. No. 6);

  (c) Request for Notice of Meeting of Creditors (Dkt. No. 7);

  (d) Arvest's Notice of Appearance (Dkt. No. 12);

  (e) Notice of Proposed Dismissal (Dkt. No. 15); and

  (f) Notice of Automatic Dismissal (Dkt. No. 20);

- In the Chapter 7 case filed by the Debtor (18-45137-cec), the Debtor was served with

  (a) Notice of Deficiency Concerning Requirement of Photo Identification (Dkt. No. 6-1);

  (b) the Order Granting Application to Pay Filing Fees in Installments (Dkt. No. 8-1);

  (c) Request for Notice – Meeting of Creditors (Dkt. No. 9-3);

  (d) Notice of Deficient Filing Notice Date (Dkt. No. 12);

  (e) Order Approving Thirty-Day Exemption (Dkt. No. 15);

  (f) Final Notice of Section 521 Deficiencies (Dkt. No. 18) and

  (g) Order (Dkt. No. 24-25);

**16.**    Importantly, Arvest's motion seeking in rem relief (18-41466-cec) was served on the Debtor (Dkt. No. 12).   In the Supplemental Affirmation, Debtor's counsel complains that the Debtor lacked due process of the entry of the In Rem Order – even though the Debtor admits that "Arvest lawyers had sent a notice of the motion."[4]   Accordingly, due process was

---

4    The Affidavit of Service evidences that Elvis Mata was served with *two* copies of the Notice of Motion and

6

served herein.

### **The Debtor Participated for Years in the Foreclosure Action**

17.    The Debtor exclaims in his sworn statement that "I could not do anything in the state court."   (Dkt. No. 12).   Again, this is simply untrue.

18.    The Debtor participated in court-ordered foreclosure settlement conferences (See **Exhibit A**).

19.    The Debtor filed opposition papers to Arvest's Motion to confirm the Referee's report of computation. (See **Exhibit B**).

20.    On April 3, 2015, the Debtor filed opposition to Arvest's Motion for Judgment of Foreclosure and Sale. (See **Exhibit C**).

21.    On or about February 2, 2016, the Debtor moved by Order to Show Cause to Vacate the Judgment of Foreclosure and Sale. (See **Exhibit D.**)

22.    On or about September 5, 2018, the Debtor moved again by Order to Show Cause to Stay the auction sale scheduled for September 7, 2018.   (See **Exhibit E**.)

23.    On or about September 6, 2018 the Supreme Court declined to sign the Order to Show Cause.

24.    On September 7, 2018 at 10:08 a.m. Elvis Mata filed a Chapter 7 case that was assigned case number 18-45137-cec.

25.    It is respectfully submitted that the Affidavit (Dkt. No. 12) that swears that the Debtor "did not know about the earlier bankruptcies" cannot be believed.   It is difficult to believe the facts as portrayed by the Debtor when you examine the prior proceedings in the

---

Affirmation in Support to (1) Elvis Mata; and (2) 3733 97 St Corp attention: Elvis Mata.

7

foreclosure action (i.e. denial of stay in state court on September 6, 2018) and the 6th bankruptcy case filed the very next day.

26.     Even more egregious is the Debtor's statement at page 5 of his Affidavit that "[*the bank*] misled this Court to take their stay relief."   There are no facts or evidence submitted by the Debtor evidencing that Arvest is to blame for the Debtor's situation or that Arvest misled this Court.

27.     Rather, the Debtor admits that he took out a loan for a house that he could not afford.   He made payments for one year and defaulted in 2008.   On page one of the Debtor's Affidavit, he says that "the bank fails to tell the entire story" and that "he is a victim of a serious fraud."   He goes further to state that in 2013 (five years after the default) he "started looking for help."

28.     It is the Debtor that fails to tell the full story.   Absent from the Debtor's Affidavit are details regarding the *5 years* between the default and when he allegedly reached out for help and was allegedly defrauded.   He fails to tell the Court whether he collected rent during the 5 years before "looking for help."   He fails to tell the Court whether he set aside 10 years of mortgage or real estate tax payments while he lived mortgage and tax free for the last 10 years.

## **CONCLUSION**

29.     For all of these reasons, it is respectfully submitted that the Supplemental Affirmation should be disregarded and this Court should not disturb the In Rem Order that was rightfully entered by this Court.

Dated: Garden City, New York
       February 20, 2019

8

Mata App--022

**BERKMAN, HENOCH, PETERSON, PEDDY &
FENCHEL P.C.**

Attorneys for Arvest Central Mortgage Company f/k/a
Central Mortgage Company

By:    */s/ Randy J. Schaefer*
        Randy J. Schaefer, Esq.
        100 Garden City Plaza
        Garden City, New York 11530
        (516) 222-6200 ext. 238
        R.Schaefer@bhpp.com

Debtor's counsel (Via ECF and Regular Mail):
Karamvir Dahiya, Esq.
75 Maiden Lane, Suite 506
New York, New York 10038

Standing Chapter 13 Trustee (Via ECF)
Marianne DeRosa, Esq.
125 Jericho Tpke, Suite 105
Jericho, NY 11753

Debtor (Via Regular Mail):
Elvis Mata
37-33 97th Street
Corona, New York 11368

Office of the United States Trustee (Via ECF):
U.S. Trustee
Eastern District of New York (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014

9

United States Bankruptcy Court
Eastern District of New York
----------------------------------------
In re: Elvis Mata,                          Case No. 1- 19-40693-CEC
            Debtor.              Chapter 13
----------------------------------------

SUPPLEMENTAL AFFIRMATION TO SUPPORT VOIDNESS OF THE *IN REM*
ORDER AND CONTINUED  APPLICATION OF REIMPOSITION OF STAY AND
RENDERING THE SALE VOID

ELVIS MATA, through the undersigned respectfully submit for continued imposition of stay and

voidance of the auction:

On April 13, 2018, in the case # 1-18-41466-cec, Arvest Central Mortgage Company f/k/a

Central Mortgage Company (the "Creditor" or "Arvest") filed a motion seeking in rem relief

against 3733 97 ST CORONA CORP (the "Corona Corp" or the "Corporate Debtor") and its estate

(the "Motion").  The Motion went unchecked and the Court granted the requested relief.  Ex. A.

However, Motion was improperly filed, jurisdiction of this Court was improperly invoked and

among others, without a proper standing. We are told that Arvest purchased the property in the

auction it conducted. We were not told that the auction would not be called of, rather, the

undersigned had sent a copy of the motion in this case requesting continuation of stay.

The undersigned on February 5, 2019 had sent a notice of the filing and motion to continue

the stay to Arvest attorney, Ms. Hilary Prada: *Hilary, please see attached.  The sale be cancelled*

*forthwith. We will come up with a solution that would be win-win for all parties. You need your*

*payments, we need our house.  Thank you.*  Also, the undersigned talked to Ms. Prada—Ms. Prada

did not mention even a single time that the sale would continue or that they had obtained an *in rem*

relief regarding home of the debtor located at 37-33, 97th Street, Corona, New York 11368. The

undersigned also did not have a knowledge of the corporate bankruptcy filings. It was only when

1

Arvest filed a limited response, did we come now about the corporate filings. We wish Arvest was more forthcoming when they received our motion for continuation of stay. Rather it was only on the auction date, only after the auction had taken place did Arvest file its limited response. Once I saw the limited response, I downloaded the different filings and immediately asked Mr. Mata to come to my office. I took help of a translator to ask questions of Mr. Mata. Irrespective of lack of candor on Arvest part, the auction was void and this Court might have been misled to issue an *in rem* relief. Arvest did not have a standing and this Court lacked jurisdiction to entertain the Corporate Debtor's Motion.

For the *in rem* relief obtained, it was the Creditor's duty to satisfy this Court of its jurisdiction, as "the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf." *In re Ciprofloxacin Hydrochloride Antitrust Litig*., 166 F. Supp. 2d 740, 751–52 (E.D.N.Y. 2001) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). The creditor did not unequivocally declare that it had no privity with the corporate debtor, Corona Corp or its property (estate). It created an impression that it had the requisite standing vis-à-vis the corporate debtor, even though they acknowledged,

> On March 15, 2018, a Certificate of Incorporation was filed with the New York State Department of State, Division of Corporations, to incorporate the Debtor. A copy of the Division's Entity Information report for the Debtor is annexed to this motion as Exhibit D. As of the date of this motion*, no deed granting the Debtor* an interest in the Premises has been recorded.

Corona Motion ¶ 16. (Emphasis added). "According to the Automated City Register Information System maintained by New York City Department of Finance (http://a836-acris.nyc.gov/CP/), *Mata granted all interest in the Premises to 97 Street Realty Inc*., on March 12, 2014, four years before this case was filed." Ibid at 16 &  n.1(Emphasis provided). Arvest ponders over its reasoning for the Motion with some exegesis,

The timing of these events was essential to the uninterrupted perpetration of Mata's scheme to delay or hinder Creditor. Because the Court dismissed Mata's two most recent prior Bankruptcy Cases within the preceding 12 months, the creation of an automatic stay would have been precluded by operation of § 362(c)(4)(A)(i) had he commenced a new case in his name before October 9, 2018.3 The only discernible purpose for the Debtor's incorporation, one day prior to the commencement of this case, was to circumvent this anti-abuse rule by allowing a different legal entity with a purported interest in the Premises to commence a bankruptcy case, and to once again invoke the automatic stay protections of § 362(a) to force yet another sale cancellation. Consequently, the Debtor's incorporation was a key aspect of Mata's scheme to delay or hinder the Creditor.

Id ¶ 31. *First*, Mata did not know about these bankruptcy filings. *Second,* these are filings took place most of the time when he was out country.  These are filings by some real estate agent for sole the purpose to have an exclusive listing to sell Mata's home. *Third*, even if there is a filing and Arvest is given the benefit of doubt that they did not know, what was happening, then too, there was no stay. And *fourth*, Arvest did not have the standing to seek stay relief.  The corporate debtor was not the obligor on the Note or the Mortgage. And it also did not have the deed in its name.   The stay is not operational against third parties. Nor was there any stay explanation requested here. *Queenie, Ltd v. Nygaard In'tl*, 2003 WL 462416 (2nd Cir. Feb 25, 2003). Thus, Arvest was not a party in interest seeking to vacate the stay. This is precisely what happened in *In re Comcoach Corp:*

The Bank further expresses concern that if it is not a "party in interest" entitled to seek modification of the stay, it will be barred from continuing its foreclosure action in state court and left without a remedy to enforce its rights under the mortgage. As noted by both lower courts these concerns are premised upon an erroneous view of the law. First, the state foreclosure action, as presently constituted, is not stayed. Until the debtor is named as a party-defendant the action does not affect the bankrupt estate. New York law provides that          lessees          are          necessary partiesin foreclosure actions. See *Flushing Savings Bank v. CCN Realty Corp.*, 73 A.D.2d 945, 424 N.Y.S.2d 27 (2d Dep't

> 1980); *G.B. Seely's Son, Inc. v. Fulton-Edison, Inc.*, 52 A.D.2d 575,
> 576, 382 N.Y.S.2d 516 (2d Dep't 1976); N.Y. Real Prop. Acts. Law
> § 1311(1) (McKinney 1979). Necessary parties are not always
> indispensable parties, however, whose absence mandates dismissal
> of the action. See N.Y.Civ.Prac.Law § 1001(b) (McKinney 1976).
> The absence of a necessary party in a foreclosure action simply
> leaves such party's rights to the premises unaffected. See *Douglas v.*
> *Kohart,* 196 A.D. 84, 88, 187 N.Y.S. 102 (2d Dep't 1921); *Home*
> *Life Insurance Co. v. O'Sullivan*, 151 A.D. 535, 537, 136 N.Y.S. 105
> (2d Dep't 1912). By failing to name Comcoach as a party-defendant
> in its foreclosure action, the Bank has left the debtor in exactly the
> same position as it was in prior to commencement of the suit. Since
> no interest of the bankrupt estate has been affected, no
> automatic stay prohibiting      the      continuance      of      the
> state foreclosure action exists.

*In re Comcoach Corp.*, 698 F.2d 571, 574 (2d Cir. 1983). Very respectfully, the court did not have jurisdiction in the corporate case, 1-18-41466-cec over the home of the debtor Elvis Mata. The corporate debtor did not own it, nor was it a part of the estate by any stretch of imagination. The statute, section 362 is clear. The creditor obtained judicial relief based on a fiction and Court was misled—relief was granted without the subject matter jurisdiction.

The scope of a statute is to be determined in the first instance by examining its text and or judicial precedents. The Supreme Court has felt the need, "repeatedly of late," to point out that the "language of [a] statute" is the "starting point" in ascertaining legislative intent. *Lewis v. United States*, 445 U.S. 55, 60 (1980) (citing *Reiter v. Sonotone Corp.*, 442 U.S. 330, 337 (1979)); *Touche Ross & Co. v. Redington,* 442 U.S. 560, 568 (1979); *Southeastern Community College v. Davis,* 442 U.S. 397, 405 (1979). The language of the stay application under section 362 is clear.

Section 362 stays, "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor and "(2) the enforcement, *against the debtor or*

4

*against property of the estate,* of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of *property of the estate or of property from the estate or to exercise control over property of the estate.* 11 U.S.C. § 362. (Emphasis provided).

Here, there was no action pending against this debtor. There was no against pending against the estate of the debtor, as the debtor did not have the property. Section 362 application and scope is clear from the text. Chief Justice Burger in *Diamond v. Chakrabarty*, 447 U.S. 303, 318 (1980), described the proper role of courts in construing statutes:

> We have emphasized in the recent past that "[o]ur individual appraisal of the wisdom or unwisdom of a particular [legislative] course . . . is to be put aside in the process of interpreting a statute. . . . Our task, rather, is the narrow one of determining what Congress meant by the words it used in the statute; once that is done our powers are exhausted.

See also *Bread Political Action Comm. v. Federal Election Comm*., 50 U.S.L.W. 4291 (U.S. March 18, 1982) ("plain language" controls "construction, at least in the absence of 'clear evidence' ... of a 'clearly expressed legislative intent to the contrary' "). Here the stay in the Corporate Debtor applied only against the debtor and its property [*In personam* stay vis-à-vis the debtor and *in rem* stay vis-à-vis the estate] On its face, the text of section 362 contains no expanders of its ambit. The statute only applies to the debtor and or its property and not to others. See for example, *United States v. Cooper Corp*., 312 U.S. 600, 604 (194l)("person" under§ 4 of the Clayton Act does not include "United States" as "in common usage, the term 'person' does not include the sovereign."). "The language of the statute ... [is] the most reliable evidence of its intent ....," thus clearly, "in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive." *United States v. Turkette,* 452 U.S. 576, 593 (1981). Chief Justice Marshall made the same point more than 115 years ago: "[A] law is the best expositor of itself." *Pennington v. Coxe*, 6 U.S. (2 Cranch) 34, 52 (1804).

The creditor crafted a power narrative of several filings, indeed they were aware of the underlying mess. However, that serious criminal activities pertaining to the property were not properly brought to the court attention.  Mr. Mata did not file those petitions.  Even if the criminally filed bankruptcy petitions, for argument sake, were properly before the court, this Court still did not have the jurisdiction to grant the *in-rem* relief in absence of a dealing with the property of estate, for stay applies and or relief from stay is operable upon presence of automatic stay. *Harrison v. PPG Indus.,* 446 U.S. 578, 592 {1980)("[i]n ascertaining the meaning of a statute, a court cannot, in the manner of Sherlock Holmes, pursue the theory of the dog that did not bark."). Your Honor, since the property in question, was not amenable to this Court's jurisdiction, the Court exercised subject matter jurisdiction without authority.  It was a structural error and needs no other merits to set aside the underlying order or finding it void.  Jurisdiction is a must.

> "Subject matter jurisdiction defines the court's authority to hear a given type of case," *United States v. Morton*, 467 U.S. 822, 828 (1984); it represents "the *extent* to which a court can rule on the conduct of persons or the status of things," Black's Law Dictionary 870 (8th ed.2004).

*Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 639, (2009). Thus, "courts' statutory or constitutional power to adjudicate the case, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998), being absent, the Court should not have granted the stay relief.

The inferior [as related to Supreme Court], "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534, 541 (1986); see also *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). The debtor did not know what was happening in this Court and with his case. Had he known what was being done in his name, he would have taken some steps. Because subject matter jurisdiction and Article III standing ensure that federal courts do not exceed their constitutional authority, they

cannot be forfeited or waived. See *Ins. Corp. of Ireland* v. *Campagnie Des Bauxites*, 456 U.S. 694, 702 (1982).   Thus, subject matter jurisdiction and Article III standing may be challenged at any point from the filing of the complaint up through an appeal to the Supreme Court. See, e.g., Ins. Corp. of Ireland, 456 U.S. at 702 (subject matter jurisdiction); *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994) (standing). Indeed, it does not matter whether a party raises a jurisdictional challenge, since the courts are obligated to "police" the existence of subject matter jurisdiction and Article III standing on their own initiative. *Ruhrgas AG v. Marathon Oil Co.* 526 U.S. 574, 583 (1999)(subject matter jurisdiction); *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 340  (2006) (standing).

The creditor also did not have a standing to bring a motion to lift the stay regarding this property in the Corporate Case. For there was no privity with the *in-rem* estate and or *in personamwise* with the debtor. Because Arvest lack of standing is considered a defect in a court's subject matter jurisdiction, see, e.g., *Bender* v. *Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986), Federal Rule of Civil Procedure 12(b)(1), which references only "subject-matter jurisdiction," is also the appropriate vehicle for challenging standing. See, e.g., *Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006).

The creditor did not have the standing to seek the relief it sought. "The irreducible constitutional minimum of standing contains three requirements." Steel Co. at 102–04 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (inner quotation marks omitted). All must be satisfied. The creditor did not meet any of them.   "First and foremost, there must be alleged (and ultimately proved) an "injury in fact"—a harm suffered by the plaintiff that is "concrete" and "actual or imminent, not 'conjectural' or 'hypothetical.' Steel quoting *Whitmore v. Arkansas*, *495 U.S. 149* (1990). There was no harm suffered by Arvest by any conduct of the corporate debtor.

7

"Second, there must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Steel* quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41–42 (1976). Here there was nothing done by the mortgagor or the deed holder. Causation chain was missing.   "And third, there must be redressability—a likelihood that the requested relief will redress the alleged injury*." Steel* quoting *Simon* at 45–46. "This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Steel*.  Arvest failed on all the foregoing fronts and this Court exercised jurisdiction despite Arvest lack of standing and or its own lack of being a custodian of the estate, 28 U.S.C.§ 1334.

The sale by Arvest is a nullity. *Kalb v. Feuerstein,* 308 U.S. 433 (1940. In *Kalb*, appellees initiated foreclosure proceedings on appellants-farmers' farms in state court. The farmers filed bankruptcy proceedings, and those petitions were pending before the bankruptcy court when the local sheriffs sold the farms in execution of the state-court judgments. *Kalb,* 308 U.S. at 435–36. The issue presented to the US Supreme Court was whether the state-court judgments—and therefore the sales—were valid, or whether the state courts had been divested of jurisdiction. The Supreme Court held, "We think the language and broad policy of the Frazier-Lemke Act conclusively demonstrate that Congress intended to, and did deprive the Wisconsin County Court of the power and jurisdiction to continue or maintain in any manner the foreclosure proceedings against appellants without the consent after hearing of the bankruptcy court in which the farmer's petition was then pending." Id. at 440. The Court so held despite "the absence of direct appeal" and the fact that this was a collateral attack. Id. at 436. Thus, the *in rem* relief order in the corporate debtor case of Corona Corp was not proper. See, *Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d

8

186,.190 (2d Cir. 2003) (holding that "a judgment may be declared void for want of jurisdiction when the court 'plainly usurped jurisdiction'" (citations omitted)); *Coal. of Black Leadership v. Cianci*, 570 F.2d 12, 15 (1st Cir. 1978) (using the phrase "clear usurpation of power"); B*en Sager Chems. Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 812 (7th Cir. 1977) ("A void judgment has been narrowly defined, therefore, to exist only where a court usurps power by rendering a judgment over matters beyond the scope of authority granted to it by its creators."

Your Honor, it is clear that Arvest did not have the judicial or a "party in interest" standing to seek the relief they sought in the Corporate Case. Nor did they tell the entire facts of the case, especially about the criminal enterprise of which debtor was a victim. And to add to the difficulties of notices or communications, Mr. Mata does not speak or read or write English language. He was out of the country most of the time when the said bankruptcies were filed. And  it some other parties who were operating without his knowledge and the also the criminal enterprises were actively involved in this filing gamesmanship.  He did not authorize such acts.  He is a victim of fraud. Had he know what the Court was saying, or what Arvest was attempting to do, he would have definitely contested the same.  Under these circumstances, the obtaining of the *in rem* relief was not proper.  "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950). So the fact that Arvest lawyers had sent a notice of the motion, is not enough to meet the due process under the circumstances. The due process is more than sending the "notice." The " notice required will vary with circumstances and conditions*." Jones v. Flowers*, 547 U.S. 220, 227 (2006) (quoting *Walker v. City of Hutchinson,* 352 U.S. 112, 115 (1956).

9

Mata App--032

Irrespective, "[a] defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982). It is clear that the in rem relief was obtained without a proper privity, standing or subject matter jurisdiction, hence the in rem relief was void and this sale undertaken by Arvest is void.

Wherefore the Court is requested to continue the stay and extend it to the longevity of the case, *pari passu.*

Dated: New York NY
February 18, 2019

/s/_____
Karamvir Dahiya
Dahiya Law Offices, LLC
75 Maiden Lane Suite 506
New York NY 10038
Tel: 212 766 8000

10

Mata App--033

## Certification of Service

On February 18, 2019, the undersigned emailed a copy of the foregoing "SUPPLEMENTAL AFFIRMATION TO SUPPORT VOIDNESS OF THE *IN REM* ORDER AND CONTINUED APPLICATION OF REIMPOSITION OF STAY AND RENDERING THE SALE VOID" upon the creditor  Arvest Central Mortgage Company f/k/a Central Mortgage Company upon their attorneys,

Hillary Prada, Esq.  and Randy Schaefer, Esa.
Managing Attorney
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C.
100 Garden City Plaza
Garden City, New York 11530
Phone: (516) 222-6200 ext. 364
Emails: H.Prada@bhpp.com & R.Schaefer@bhpp.com

Dated: February 18, 2019
New York NY

                                        */s/karamvir Dahiya*
                                        _____
                                        Karamvir Dahiya

11

Mata App--034



**DISTRICT ATTORNEY**
**QUEENS COUNTY**
125-01 QUEENS BOULEVARD
KEW GARDENS, NEW YORK 11415-1568
718-286-6000

Release # 31-2017
www.queensda.org
twitter@QueensDABrown

**RICHARD A. BROWN**
DISTRICT ATTORNEY

**FOR IMMEDIATE RELEASE**
WEDNESDAY, MARCH 1, 2017

**CONTACT:** QDA PRESS OFFICE
(718-286-6315)

DOF/SHERIFF'S OFFICE
(212-602-7032)

## ELEVEN INDIVIDUALS AND TWO CORPORATIONS INDICTED IN DEED FRAUD SCHEME
*Three Attorneys Among Indicted Defendants;*
*Alleged Victimized Homeowners Include Hospitalized U.S. Veteran*
*Waiting For Organ Transplant And Single Mother With Five Children*

Queens District Attorney Richard A. Brown, joined by New York City Sheriff Joseph Fucito, today announced that a Queens County grand jury has charged eleven individuals – including three attorneys – and two real estate corporations with preying on New York City homeowners in financial distress and defrauding them into signing over their properties. Nine of the individuals are presently in custody and the remaining two are being sought.

District Attorney Brown, "Instead of tossing the victims a lifeline, half of whom were elderly individuals, the defendants are accused of creating a financial nightmare for the homeowners and placing them in worse financial situations than when first contacted by the defendants. As a result of the alleged fraudulent deed transfer scheme, the homeowners are no longer the titled owners of their own properties and therefore cannot move toward a resolution with their own mortgage companies.  In each case, the homeowner must retain a real estate attorney to have the fraudulent deed reversed, resulting in additional financial hardships on them."

Sheriff Fucito said, "The Sheriff's Office stands ready to investigate and arrest those who threaten the physical and financial security of people in their homes. We hope that these arrests send a strong message that the victimization of homeowners will not be tolerated. We will continue to work with our partners in the City Register's Office and the District Attorney to diligently identify and counter criminal activity with unrelenting momentum."

The nine individuals in custody and the two corporate defendants are presently awaiting arraignment before Queens Supreme Court Justice Daniel Lewis on a 55-count indictment in which all of the defendants are variously charged with the crimes of  first- and second-degree criminal possession of stolen property, first-degree falsifying business records, first-degree offering a false instrument for filing, second- and third-degree grand larceny, unlawful eviction, fourth-degree criminal facilitation, fraudulently obtaining a signature and first-degree scheme to defraud. If convicted, the defendants face varying prison sentences, the shortest being up to four years in prison and the longest being up to 25 years in prison.  In the case of a corporation, a felony is punishable by a fine of up to $10,000 or double the amount of the illegal gain. (See addendum for additional

details on each defendant)

District Attorney Brown said that, according to the charges, the investigation began in 2014 when several Queens homeowners informed his office that they had received cold calls from individuals employed at the defendant corporation, Kings Development Group, of Queens. In each case, the caller allegedly promised to assist the homeowner with whatever financial problems they were having with their home.

The investigation into Kings Development Group was jointly conducted by the Queens District Attorney Office's Economic Crimes Bureau and the New York City Sheriff Office's Deed Fraud Unit and allegedly revealed a fraudulent real estate operation in which the "purported assistance" that the defendants offered was actually no assistance at all in resolving the homeowners' problems with their properties but rather a scheme to get homeowners to unknowingly sign over the deeds to their property.

In a review of deeds filed with the City Register, it was allegedly determined that the defendants had received deed transfers from the homeowners, which transferred ownership of the properties to a corporate entity. Although the homeowners were no longer the recorded owners of the properties, they were still financially responsible for the mortgages. Once the new deeds were recorded, the defendants allegedly: 1) advised the current tenants of the homes that they were the new owners and began collecting the monthly rents; 2) evicted the current tenants; 3) notified the New York City Housing Authority and/or the Department of Social Services that they were the new owners of the properties and – by providing a copy of the newly recorded deeds – began collecting monthly subsidies for the tenants in the homes; or 4) placed new tenants into the victims' properties and began collecting monthly rents in excess of $1,000 for each tenant.

The alleged scheme took place between August 2012 and January 2017 and while the defendants allegedly collected rental income from individuals or from the City's Housing Authority or Human Resources Administration (who were paying shelter expenses for individuals residing at the properties), the homeowners' properties continued to undergo the foreclosure process and the homeowners' credit continued to be destroyed.

In one instance, it is alleged, a United States veteran, while hospitalized for more than a year for illness and ultimately an organ transplant, was visited at the Veterans Administration hospital in October 2013 by representatives from Kings Development Group. While sick and on medication, the veteran and his wife were allegedly directed to sign several different documents that would enable Kings Development Group to help them resolve the financial issues that had arisen with their home during the veteran's hospitalization. Unbeknownst to the homeowners, one of the documents to be signed was allegedly a deed transfer, transferring ownership of their property to an unknown corporation associated with Kings Development Group.

In a second instance, a single mother with five children was in foreclosure and Kings Development Group employees allegedly promised that they could solve her financial problems with her house, restore her credit and assist her in buying a new house once the one in foreclosure was resolved. It is additionally alleged that, as part of Kings Development Group's assistance, the victim was told that she had to move out of her own house but that Kings Development Group would provide her residency in a different house. However, it is alleged that when the mother and her

children moved into the home, she learned that Kings Development Group did not own the house in which she was placed but rather was owned by another homeowner whom Kings Development Group was purportedly helping with a short sale.  The real owner of the house was forced to evict the single mother and her children, forcing them to live in a shelter for many months.

The investigation was jointly conducted by the Economic Crimes Bureau of the Queens District Attorney Office; by Detective-Investigators David Moore and Joseph J. LaSpina, of the District Attorney's Detective Bureau, under the supervision of Sergeant Patrick F. Dolan, Lieutenant John W. Kenna, Deputy Chief Investigator Robert J. Burke and Chief Investigator Franco Russo; by Detectives Jonathan Saat and Michael Trano, of the New York City Department of Finance's Sheriff Office's Bureau of Criminal Investigation, under the supervision of Sheriff Joseph Fucito and the overall supervision of Department of Finance Commissioner Jacques Jiha, and by the New York State Police QDA Squad under the supervision of  Senior Investigator David S. Douglas and the overall supervision of Captain Paul Hogan,  cting Troop NYC Commander Captain. Robert Willis and Superintendent George Beach.

Senior Assistant District Attorney Christine E. Burke, of the District Attorney's Economic Crimes Bureau, presented the case to the grand jury and will be prosecuting the case under the supervision of Assistant District Attorneys Gregory C. Pavlides, Bureau Chief, and Christina Hanophy and Kristen A. Kane, Deputy Bureau Chiefs, and the overall supervision of Executive Assistant District Attorney for Investigations Peter A. Crusco.

It should be noted that an indictment is merely an accusation and that a defendant is presumed innocent until proven guilty.

#

**Note to Editors: Press release e-version posted on www.queensda.org**

**ADDENDUM**

Netanel Barnes (a.k.a. Nathan), 39, of Brooklyn, is charged with first- and second-degree criminal possession of stolen property, second-degree grand larceny, fraudulently obtaining a signature and first-degree scheme to defraud. If convicted, the defendant faces up to 25 years in prison.

Welmi Y. Fernandez-Cabrera (a.k.a. Jasmine), 32, of Manhattan and the Bronx, is charged with first- and second-degree criminal possession of stolen property, second-degree grand larceny,  fraudulently obtaining a signature, first-degree scheme to defraud, first-degree offering a false instrument for filing and first-degree falsifying business records,   If convicted, the defendant faces up to 25 years in prison.

Attorney Michael Herskowitz, 37, of Brooklyn, is charged with second-degree grand larceny, second-degree criminal possession of stolen property, fraudulently obtaining a signature and first-degree scheme to defraud. If convicted, the defendant faces up to 15 years in prison.

Attorney Yariv Katz, 43, of New Rochelle, is charged with first-degree scheme to defraud,  second-degree grand larceny, second-degree criminal possession of stolen property, fraudulently obtaining a signature and first-degree scheme to defraud. If convicted, the defendant faces up to 15 years in prison.

- 4 -

Nadia Khedu (a.k.a. Nadia Sankar), 31, of Queens, is charged with fourth-degree criminal facilitation, second-degree grand larceny, second-degree criminal possession of stolen property, fraudulently obtaining a signature and first-degree scheme to defraud. If convicted, the defendant faces up to 15 years in prison.

Kings Development Group, of Queens, is charged with third-degree grand larceny and first-degree scheme to defraud. If convicted, the defendant faces a fine of up to $10,000 or double the amount of the illegal gain.

Assaf Moshe (a.k.a. Joe Levi), 40, of Queens, is charged with first- and second-degree criminal possession of stolen property, second-degree grand larceny, fraudulently obtaining a signature and first-degree scheme to defraud.  If convicted, the defendant faces up to 25 years in prison.

Nissan Pinchasov, 30, of Brooklyn and Cedarhurst, Long Island, is charged with first- and second-degree criminal possession of stolen property, second-degree grand larceny, unlawful eviction, fraudulently obtaining a signature, first-degree offering a false instrument for filing, first-degree falsifying business records and first-degree scheme to defraud.  If convicted, the defendant faces up to 25 years in prison.

Attorney (suspended) Sanford Solny, 59, of Brooklyn, is charged with first- and second-degree criminal possession of stolen property, second-degree grand larceny, fraudulently obtaining a signature, first-degree offering a false instrument for filing,  first-degree falsifying business records and first-degree scheme to defraud. If convicted, the defendant faces up to 25 years in prison.

Yisroel Steinberg, 36, of Brooklyn, is charged with first-degree falsifying business records, first-degree offering a false instrument for filing, second-degree grand larceny, second-degree grand larceny, fourth-degree criminal facilitation, fraudulently obtaining a signature and first-degree scheme to defraud. If convicted, the defendant faces up to 15 years in prison.

Yisroel Services Corp., of Brooklyn, is charged first-degree falsifying business records, first-degree offering a false instrument for filing, fourth-degree criminal facilitation and first-degree scheme to defraud. If convicted, the defendant faces a fine of up to $10,000 or double the amount of the illegal gain.

#



2014032800342001003EE348

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 4 |
|---|---|

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument.The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

| | | |
|---|---|---|
| **Document ID: 2014032800342001** | Document Date: 03-12-2014 | Preparation Date: 03-28-2014 |
| Document Type: DEED | | |
| Document Page Count: 3 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| 97 STREET REALTY INC.<br>5308 13 AVE #248<br>BROOKLYN, NY 11219<br>ymanagementservices@gmail.com | 97 STREET REALTY INC.<br>5308 13 AVE #248<br>BROOKLYN, NY 11219<br>ymanagementservices@gmail.com |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 1760 | 50 | Entire Lot | 37-33 97TH STREET |

**Property Type:** DWELLING ONLY - 2 FAMILY

### CROSS REFERENCE DATA

CRFN_____ *or* DocumentID_____ *or* _____ Year_____ Reel____ Page_____ *or* File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| ELVIS MATA<br>37-33 97 ST<br>QUEENS, NY 11368 | 97 STREET REALTY INC.<br>5308 13 AVE #248<br>BROOKLYN, NY 11219 |

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 125.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 300.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 120.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 52.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**

Recorded/Filed 04-07-2014 16:29
City Register File No.(CRFN):
**2014000117643**

*Annette M Hill*

***City Register Official Signature***

Mata App--039

— Bargain and Sale Deed, with Covenant against Grantor's Acts — Individual or Corporation (Single Sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

THIS INDENTURE, made the 12 day of March, in the year 2014

BETWEEN Mata Elvis, Residing at 37-33 97 St Queens NY 11368

party of the first part, and 97 Street Realty Inc., a domestic Corporation with offices located

5308-13th Avenue # 248 Brooklyn NY 11219

party of the second part.

WITNESSETH, that the party of the first part, in consideration of

xxxxxxxxxxxxxxxxxxx ten ($10) dollars and other valuable consideration xxxxxxxxx dollars

paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors

and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being

in the

See Schedule "A" - Legal Description - attached hereto

For Informational Purposes Only:      37-33 97 St Queens NY 11368
                                        Block 1760 Lot 50

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads
abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and
rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the
party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said
premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will
receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be
applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of
the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as
if it read "parties" whenever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

_____                    Mata Elvis MATA

ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of Queens . ss:

On the 17TH day of March in the year 2014, before me, the
undersigned, personally appeared
Nicholas Elvis Mata
, personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their capacity(ies), and that by
his/her/their signature(s) on the instrument, the individual(s), or the
person upon behalf of which the individual(s) acted, executed the
instrument.

Nadia Khedu
Notary Public, State of New York
No. 01KH61B1791
Qualified in Queens County
Commission Expires 2/11/2016

*Nadia Khedu* (signature)

---

ACKNOWLEDGEMENT BY SUBSCRIBING WITNESS TAKEN
IN NEW YORK STATE

State of New York, County of        . ss:

On the        day of        in the year        , before me, the
undersigned, a Notary Public in and for said State, personally appeared
        , the subscribing witness to the foregoing instrument, with whom
I am personally acquainted, who, being by me duly sworn, did depose
and say that he/she/they reside(s) in

(if the place of residence is in a city, include the street and street number if any, thereof);
that he/she/they know(s)

to be the individual described in and who executed the foregoing
instrument; that said subscribing witness was present and saw said

execute the same; and that said witness at the same time subscribed
his/her/their name(s) as a witness thereto

---

ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of        . ss:

On the        day of        in the year        , before me, the
undersigned, personally appeared

        , personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their capacity(ies), and that by
his/her/their signature(s) on the instrument, the individual(s), or the
person upon behalf of which the individual(s) acted, executed the
instrument.

---

ACKNOWLEDGEMENT TAKEN OUTSIDE NEW YORK
STATE

*State of        . County of        . ss:
*(Or insert District of Columbia, Territory, Possession or Foreign
County)

On the        day of        in the year        , before me        the
undersigned  personally appeared

Personally known to me or proved to me on the basis of satisfactory
evidence to be the individual(s) whose name(s) is (are) subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in  his/her/their capacity(ies),  that by his/her/their signature(s) on
the instrument, the individual(s) or the person upon behalf of which the
individual(s) acted, executed the instrument, and that such individual
make such appearance before the undersigned in the

(add the city or political subdivision and the state or country or other
place the acknowledgement was taken).

---

## Bargain and Sale Deed
## With Covenants

Title No.

Mata Elvis
TO
97 Street Realty Inc.

SECTION:

BLOCK: 1760

LOT: 50

COUNTY OR TOWN: Queens

---

DISTRIBUTED BY

▲▲▲
YOUR TITLE EXPERTS
The Judicial Title Insurance Agency LLC
800-281-TITLE (8485) FAX: 800-FAX-9396

---

RETURN BY MAIL TO:

97 Street Realty Inc.
5308-13th Avenue Suite 248
Brooklyn NY 11219

---

Mata App--041

**Title No.**

## SCHEDULE A

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Queens, City and State of New York, known and designated as lot 69 on a certain map on file in the Office of the Register of Queens County, New York entitled, "Map of Property belonging to Daniel B. Taylor, situated in the Town of Newtown, Queens County, New York and which lot is bounded and described and with reference to said map as follows:

**BEGINNING** at a point on the easterly side of 97th Street (Clinton Avenue) distant 299 feet 2-3/4 inches southerly from the corner formed by the intersection of the easterly side of 97th Street with the southerly side of 37th Avenue (Flushing Plant Road, Elmhurst Avenue, Polk Avenue);

**RUNNING THENCE** easterly at right angles, to the easterly side of 97th Street, 100 feet;

**THENCE** southerly parallel with the easterly side of 97th Street 25 feet;

**THENCE** westerly again at right angles to the easterly side of 97th Street, 100 feet to the easterly side of 97th Street;

**THENCE** northerly along the easterly side of 97th Street, 25 feet to the point or place of **BEGINNING.**

Premises known as **37-33 97th Street, Corona, New York**



| **NYC DEPARTMENT OF FINANCE**<br>**OFFICE OF THE CITY REGISTER** | |
|---|---|

2014032800342001003S2DC9

| **SUPPORTING DOCUMENT COVER PAGE** | | **PAGE 1 OF 1** |
|---|---|---|
| **Document ID: 2014032800342001**<br>Document Type: DEED | Document Date: 03-12-2014 | Preparation Date: 03-28-2014 |

| **ASSOCIATED TAX FORM ID:**    2014031200147 |
|---|

**SUPPORTING DOCUMENTS SUBMITTED:**

| | Page Count |
|---|---|
| DEP CUSTOMER REGISTRATION FORM FOR WATER AND SEWER BILLING | 1 |
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 2 |
| SMOKE DETECTOR AFFIDAVIT | 1 |

Mata App--043



**The City of New York**
**Department of Environmental Protection**
**Bureau of Customer Services**
**59-17 Junction Boulevard**
**Flushing, NY  11373-5108**

## Customer Registration Form for Water and Sewer Billing

### Property and Owner Information:

(1)   Property receiving service: BOROUGH:  QUEENS          BLOCK: 1760          LOT: 50

(2)   Property Address: 37-33 97TH  STREET, QUEENS, NY 11368

(3)   Owner's Name:     97 STREET REALTY INC.

   Additional Name:

### Affirmation:

[✓]   Your water & sewer bills will be sent to the property address shown above.

### Customer Billing Information:

**Please Note:**

A.   Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, the property being placed in a lien sale by the City or Service Termination.

B.   Original bills for water and/or sewer service will be mailed to the owner, **at the property address or to an alternate mailing address**. DEP will provide a duplicate copy of bills to one other party (such as a managing agent), however, any failure or delay by DEP in providing duplicate copies of bills shall in no way  relieve the owner from his/her liability to pay all outstanding water and sewer charges. Contact DEP at (718) 595-7000 during business hours or visit www.nyc.gov/dep to provide us with the other party's information.

### Owner's Approval:

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A & B under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

Print Name of Owner:

Signature: _____          Date (mm/dd/yyyy) 3/12/2014

Name and Title of Person Signing for Owner, if applicable:

BCS-7CRF-ACRIS  REV. 8/08

**2**

2014031200147101

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

# RP - 5217NYC

**FOR CITY USE ONLY**

| C1. County Code | C2. Date Deed Recorded | Month | Day | Year |
|---|---|---|---|---|

C3. Book ____ OR

C4. Page ____

C5. CRFN

**PROPERTY INFORMATION**

**1. Property Location**
37-33 | 97TH STREET | QUEENS | 11368
STREET NUMBER | STREET NAME | BOROUGH | ZIP CODE

**2. Buyer Name**
97 STREET REALTY INC.
LAST NAME / COMPANY | FIRST NAME
LAST NAME / COMPANY | FIRST NAME

**3. Tax Billing Address**
Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY | FIRST NAME
STREET NUMBER AND STREET NAME | CITY OR TOWN | STATE | ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed** ____ 1 ____ # of Parcels OR ____ Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

Check the boxes below as they apply:
6. Ownership Type is Condominium ☐
7. New Construction on Vacant Land ☐

**5. Deed Property Size** ____ FRONT FEET X ____ DEPTH OR ____ ACRES

**8. Seller Name**
MATA | ELVIS
LAST NAME / COMPANY | FIRST NAME
LAST NAME / COMPANY | FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

A ☐ One Family Residential
B ☑ 2 or 3 Family Residential
C ☐ Residential Vacant Land
D ☐ Non-Residential Vacant Land
E ☐ Commercial
F ☐ Apartment
G ☐ Entertainment / Amusement
H ☐ Community Service
I ☐ Industrial
J ☐ Public Service

**SALE INFORMATION**

**10. Sale Contract Date**   3 / 12 / 2014 (Month / Day / Year)

**11. Date of Sale / Transfer**   3 / 12 / 2014 (Month / Day / Year)

**12. Full Sale Price** $   8 1 0 0 0 0
( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) *Please round to the nearest whole dollar amount.*

**13. Indicate the value of personal property included in the sale**

**14. Check one or more of these conditions as applicable to transfer:**

A ☐ Sale Between Relatives or Former Relatives
B ☐ Sale Between Related Companies or Partners in Business
C ☐ One of the Buyers is also a Seller
D ☐ Buyer or Seller is Government Agency or Lending Institution
E ☐ Deed Type **not** Warranty or Bargain and Sale (Specify Below)
F ☐ Sale of Fractional or Less than Fee Interest ( Specify Below )
G ☐ Significant Change in Property Between Taxable Status and Sale Dates
H ☐ Sale of Business is Included in Sale Price
I ☐ Other Unusual Factors Affecting Sale Price ( Specify Below )
J ☑ None

**ASSESSMENT INFORMATION** – Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class** B, 2

**16. Total Assessed Value** (of all parcels in transfer)   2 3 5 8 8

**17. Borough, Block and Lot / Roll Identifier(s)** ( If more than three, attach sheet with additional identifier(s) )

QUEENS 1760 50

2014031200014720102

| CERTIFICATION | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments. |
|---|---|

| | BUYER | | | | BUYER'S ATTORNEY | |
|---|---|---|---|---|---|---|
| BUYER SIGNATURE | | 3/12/14 DATE | | LAST NAME | | FIRST NAME |
| 5308 13 AVE #248 | | | | | | |
| STREET NUMBER | STREET NAME (AFTER SALE) | | | AREA CODE | TELEPHONE NUMBER | |
| BROOKLYN | NY | 11219 | | SELLER | | 3/12/14 |
| CITY OR TOWN | STATE | ZIP CODE | | SELLER SIGNATURE | | DATE |

2014031200147201

Mata App--046

Affidavit of Compliance with Smoke Detector Requirement for One and Two Family Dwellings

# AFFIDAVIT OF COMPLIANCE
## WITH SMOKE DETECTOR REQUIREMENT
## FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York      )
                       ) SS.:
County of              )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

| 37-33 97TH  STREET | | | | | | |
|---|---|---|---|---|---|---|
| Street Address | | | | | | Unit/Apt. |

| QUEENS | | New York, | 1760 | | 50 | (the "Premises"); |
|---|---|---|---|---|---|---|
| Borough | | | Block | | Lot | |

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

Name of Grantor (Type or Print)

Signature of Grantor

Name of Grantee (Type or Print)

Signature of Grantee

Sworn to before me
this ___12TH___ date of _____

Nadia Khedu
Notary Public, State of New York
No. 01KH61B1791
Qualified in Queens County
Commission Expires 2/11/2016

Nadia Khedu

Sworn to before me
this ___12TH___ date of _____ 4

Nadia Khedu
Notary Public, State of New York
No. 01KH61B1791
Qualified in Queens County
Commission Expires 2/11/2016

Nadia Khedu

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

1

2014031200147101

Mata App--047

Case 1:19-cv-02846-PKC   Document 6-1   Filed 08/27/19   Page 49 of 202 PageID #: 920

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through August 23, 2019.

Selected Entity Name: 97 STREET REALTY INC.

Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | 97 STREET REALTY INC. |
| **DOS ID #:** | 4542988 |
| **Initial DOS Filing Date:** | MARCH 12, 2014 |
| **County:** | KINGS |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

97 STREET REALTY INC.
5308 13TH AVE #248
BROOKLYN, NEW YORK, 11219

**Registered Agent**

NONE

This office does not record information regarding the names and addresses of officers, shareholders or directors of nonprofessional corporations except the chief executive officer, if provided, which would be listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the initial certificate of incorporation, however this information is not recorded and only available by viewing the certificate.

**\*Stock Information**

Mata App--048

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| 200 | No Par Value | |

*Stock information is applicable to domestic business corporations.

**Name History**

| Filing Date | Name Type | Entity Name |
|---|---|---|
| MAR 12, 2014 | Actual | 97 STREET REALTY INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results | New Search

Services/Programs | Privacy Policy | Accessibility Policy | Disclaimer | Return to DOS Homepage | Contact Us

Mata App--049

| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: | |
| _Eastern_ District of _New York_ | |
| | (State) |
| Case number (*if known*): _____ Chapter _11_ | |

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2016 AUG -5  A 9: 57

RECEIVED

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's name**
97 STREET REALTY INC.

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**
81-3459636

**4. Debtor's address**

Principal place of business

5308 13 Ave
Number    Street

Unit 248

Brooklyn N.Y. 11219
City    State    ZIP Code

Kings
County

Mailing address, if different from principal place of business

Number    Street

P.O. Box

City    State    ZIP Code

Location of principal assets, if different from principal place of business

Number    Street

City    State    ZIP Code

**5. Debtor's website (URL)**

**6. Type of debtor**
☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding  LLP)
☐ Other. Specify: _____

Debtor    97 STREET REALTY INC.
_____    Case number (if known) _____
Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

____  ____  ____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

☑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____  When _____  Case number _____
                                  MM / DD / YYYY

            District _____  When _____  Case number _____
                                  MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes.  Debtor _____  Relationship _____

            District _____  When _____

            Case number, if known _____  MM / DD / YYYY

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 2

Mata App--051

Debtor    **97 STREET REALTY Inc.**
_____
Name

Case number (if known)_____

**11. Why is the case filed in this district?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? _____

Number        Street

_____

_____  _____  _____
City                                      State      ZIP Code

Is the property insured?

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

Check one:

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49            ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99          ☐ 5,001-10,000       ☐ 50,001-100,000
☐ 100-199        ☐ 10,001-25,000      ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000              ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☑ $500,001-$1 million     ☐ $100,000,001-$500 million    ☐ More than $50 billion

Mata App--052

Debtor  97 STreet RealTy Inc.
_____
Name                                                                                 Case number (if known)_____

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☑ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   8/4/16
              MM  / DD / YYYY

✗ _____                 Meir C. Abramov
Signature of authorized representative of debtor        Printed name

Title   Sec

---

**18. Signature of attorney**

✗ _____                 Date _____
Signature of attorney for debtor                             MM  / DD / YYYY

Printed name _____

Firm name _____

Number      Street _____

City _____  State _____  ZIP Code _____

Contact phone _____  Email address _____

Bar number _____  State _____

---

**Fill in this information to identify the case:**

Debtor name _97 STREET Realty Inc._

United States Bankruptcy Court for the: _Eastern_ District of _N.Y_
(State)

Case number (if known): _____

☐ Check if this is an
amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:   Cash and cash equivalents

**1. Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.
☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

**2. Cash on hand**                                                      $_____

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. _____ | _____ | __ __ __ __ | |
| 3.2. _____ | _____ | __ __ __ __ | $_____ |
| | | | $_____ |

**4. Other cash equivalents** *(Identify all)*

4.1. _____ $_____
4.2. _____ $_____

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    $_____

## Part 2:   Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**7. Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit
7.1. _____ $_____
7.2. _____ $_____

Mata App--054

Debtor _____     Case number *(if known)* _____
              Name

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

    Description, including name of holder of prepayment

    8.1. _____     $ _____

    8.2. _____     $ _____

**9. Total of Part 2.**

    Add lines 7 through 8. Copy the total to line 81.     $ _____

| **Part 3:** | **Accounts receivable** |
|---|---|

**10.  Does the debtor have any accounts receivable?**

    ☑ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

Current value of debtor's interest

**11.  Accounts receivable**

    11a. 90 days old or less:  _____  –  _____  = ........➔   $ _____
                             face amount             doubtful or uncollectible accounts

    11b. Over 90 days old:  _____  –  _____  = ........➔   $ _____
                             face amount             doubtful or uncollectible accounts

**12.  Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.     $ _____

| **Part 4:** | **Investments** |
|---|---|

**13.  Does the debtor own any investments?**

    ☑ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14.  Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1. _____     _____     $ _____

    14.2. _____     _____     $ _____

**15.  Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                                % of ownership:

    15.1. _____     _____%     _____     $ _____

    15.2. _____     _____%     _____     $ _____

**16.  Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1. _____     $ _____

    16.2. _____     $ _____

**17.  Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.     $ _____

Mata App--055

Debtor _____    Case number (if known)_____
                    Name

## Part 5:  Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☒ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| _____ | ___/DD/YYYY | $_____ | | $_____ |
| **20. Work in progress** | | | | |
| _____ | ___/DD/YYYY | $_____ | | $_____ |
| **21. Finished goods, including goods held for resale** | | | | |
| _____ | ___/DD/YYYY | $_____ | | $_____ |
| **22. Other inventory or supplies** | | | | |
| _____ | ___/DD/YYYY | $_____ | | $_____ |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$_____

24. **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value _____    Valuation method_____    Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 6:  Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| _____ | $_____ | _____ | $_____ |
| **29. Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $_____ | _____ | $_____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $_____ | _____ | $_____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $_____ | _____ | $_____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $_____ | | $_____ |

Mata App--056

Debtor _____     Case number (if known) _____
        Name

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.                         $_____

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

   ☐ No

   ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☒ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| _____ | $_____ | _____ | $_____ |
| 40. **Office fixtures** | | | |
| _____ | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $_____ | _____ | $_____ |
| 42.2 _____ | $_____ | _____ | $_____ |
| 42.3 _____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.                         $_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Mata App--057

Official Form 206A/B        Schedule A/B: Assets — Real and Personal Property        page 4

Debtor _____    Case number (if known)_____
          Name

| Part 8: | Machinery, equipment, and vehicles |

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**
   ☑ No. Go to Part 9.
   ☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1 _____ | $_____ | _____ | $_____ |
| 47.2 _____ | $_____ | _____ | $_____ |
| 47.3 _____ | $_____ | _____ | $_____ |
| 47.4 _____ | $_____ | _____ | $_____ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1 _____ | $_____ | _____ | $_____ |
| 48.2 _____ | $_____ | _____ | $_____ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 _____ | $_____ | _____ | $_____ |
| 49.2 _____ | $_____ | _____ | $_____ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| _____ | $_____ | _____ | $_____ |

51. **Total of Part 8.**
   Add lines 47 through 50. Copy the total to line 87.

   $_____

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
   ☐ No
   ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
   ☐ No
   ☐ Yes

Mata App--058

Debtor _____STREET REALTY INC_____
         Name

Case number (if known)_____

| Part 9: | Real property |
|---|---|

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1  37-33 97 ST | 100 % | $ | | $ |
| 55.2  Queens NY. 11368 | | $ | | $ |
| 55.3  B 1760 L 50 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

**56. Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.    $_____

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| **61. Internet domain names and websites** | $ | | $ |
| **62. Licenses, franchises, and royalties** | $ | | $ |
| **63. Customer lists, mailing lists, or other compilations** | $ | | $ |
| **64. Other intangibles, or intellectual property** | $ | | $ |
| **65. Goodwill** | $ | | $ |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.    $_____

Mata App--059

Debtor _____                     Case number *(if known)*_____
         Name

---

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
    ☐ No
    ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
    ☐ No
    ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
    ☐ No
    ☐ Yes

## Part 11:  All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.
    ☑ No. Go to Part 12.
    ☐ Yes. Fill in the information below.

                                                                        **Current value of debtor's interest**

71. **Notes receivable**
    Description (include name of obligor)

    _____   _____   – _____   = → $_____
                                 Total face amount   doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**
    Description (for example, federal, state, local)

    _____          Tax year _____   $_____
    _____          Tax year _____   $_____
    _____          Tax year _____   $_____

73. **Interests in insurance policies or annuities**
    _____                             $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**
    _____                             $_____
    **Nature of claim**   _____
    **Amount requested**   $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**
    _____                             $_____
    **Nature of claim**   _____
    **Amount requested**   $_____

76. **Trusts, equitable or future interests in property**
    _____                             $_____

77. **Other property of any kind not already listed**  *Examples:* Season tickets, country club membership
    _____                             $_____
    _____                             $_____

78. **Total of Part 11.**
    Add lines 71 through 77. Copy the total to line 90.        $_____

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
    ☐ No
    ☐ Yes

Mata App--060

*952 Street Realty II*

| Debtor | | Case number *(if known)* |
|---|---|---|
| | Name | |

## Part 12:  Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0 | |
| 88. **Real property.** *Copy line 56, Part 9.* ............................ → | | $ 925,000 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0 | |
| 90. **All other assets.** *Copy line 78, Part 11.* + | $ 0 | |
| 91. **Total.** Add lines 80 through 90 for each column........... 91a. | $ 0 | + 91b. $ 925,000 |

92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92. ...................................................  $ 925,000

Mata App--061

**Fill in this information to identify the case:**

Debtor name _47 STREET REALTY Inc._

United States Bankruptcy Court for the: _EASTERN_ District of _NY_
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   - ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   - ☐ Yes. Fill in all of the information below.

| **Part 1:** | **List Creditors Who Have Secured Claims** |
|---|---|

2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|

**2.1**
Creditor's name _Central Mortgage corp_

Creditor's mailing address
_C/o Berkman, Henoch_
_100 Garden City Plaza_
_Garden City NY 11530_

Creditor's email address, if known

Date debt was incurred _3/23/07_

Last 4 digits of account number ___ ___ ___ ___

Do multiple creditors have an interest in the same property?
☑ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.
_Another Mortgage_
_Network Inc._

Describe debtor's property that is subject to a lien
_party_
_a 2 Family House_
_37-33 97 st_
_Queens NY 11368_

Describe the lien
_1st mtg_

Is the creditor an insider or related party?
☑ No
☐ Yes

Is anyone else liable on this claim?
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☑ Disputed

Column A: $680,000
Column B: $925,000

**2.2**
Creditor's name _American mortgage Network Inc_

Creditor's mailing address
_PO Box 85463_
_San Diego CA 92186_

Creditor's email address, if known

Date debt was incurred _3/23/07_

Last 4 digits of account number ___ ___ ___ ___

Do multiple creditors have an interest in the same property?
☐ No
☑ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.
   _____
   _____
   ☐ Yes. The relative priority of creditors is specified on lines _____

Describe debtor's property that is subject to a lien
_2 Family House_
_37-33 97 st Queens NY 11368_

Describe the lien
_2nd mtg_

Is the creditor an insider or related party?
☑ No
☐ Yes

Is anyone else liable on this claim?
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☑ Disputed

Column A: $170,000
Column B: $925,000

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    $880,000

Mata App--062

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK
### www.nyeb.uscourts.gov

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

**DEBTOR(S):** 97 STREET REALTY INC. _____    **CASE NO.:** _____

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor (or any other petitioner) hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

[**NOTE:** Cases shall be deemed "Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

☒   **NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.**

☐   **THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:**

1.  **CASE NO.:** _____  **JUDGE:** _____  **DISTRICT/DIVISION:** _____

**CASE STILL PENDING: (YES/NO):** _____  *[If closed]* Date of closing: _____

**CURRENT STATUS OF RELATED CASE:** _____
                                        (Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)*: _____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** _____

_____

2.  **CASE NO.:** _____  **JUDGE:** _____  **DISTRICT/DIVISION:** _____

**CASE STILL PENDING: (YES/NO):** _____  *[If closed]* Date of closing: _____

**CURRENT STATUS OF RELATED CASE:** _____
                                        (Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)*: _____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** _____

_____

**[OVER]**

**DISCLOSURE OF RELATED CASES (cont'd)**

3.  **CASE NO.:** _____ **JUDGE:** _____ **DISTRICT/DIVISION:** _____

**CASE STILL PENDING: (YES/NO):** _____ *[If closed]* Date of closing: _____

**CURRENT STATUS OF RELATED CASE:** _____
                                    (Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)*:_____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN
SCHEDULE "A" OF RELATED CASES:** _____

_____

**NOTE: Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days
may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.**

**TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:**

**I am admitted to practice in the Eastern District of New York (Y/N):** Y _____

**CERTIFICATION (to be signed by pro-se debtor/petitioner or debtor/petitioner's attorney, as applicable):**

**I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any
time, except as indicated elsewhere on this form.**

_____          _____
**Signature of Debtor's Attorney**              **Signature of Pro-se Debtor/Petitioner**

                                            5308 13th Avenue #248
                                            _____
                                            **Mailing Address of Debtor/Petitioner**

                                            Brooklyn NY 11219
                                            _____
                                            **City, State, Zip Code**

                                            _____
                                            **Email Address**

                                            _____
                                            **Area Code and Telephone Number**

**Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor
or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment
of a trustee or the dismissal of the case with prejudice.**

**NOTE:** Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may
otherwise result.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK
### 271 Cadman Plaza East, Suite 1595
### Brooklyn, New York 11201-1800
### (347) 394-1700

------------------------------------x

In re:

97 STREET REALTY INK.

Case No.

Chapter    11

                    Debtor(s)

------------------------------------x

## NOTICE TO PRO SE DEBTORS

**If you are filing a petition in bankruptcy without an attorney representing you (pro-se), please complete the following:**

Debtor(s) Names(s): __97 STREET REALTY INC__

Address: __5308 13 Ave # 248 Brooklyn NY. 11219__

Telephone No. __718 470 1806__

Email Address: __MYPCNY @ gmail.com__

## PLEASE CHECK THE APPROPRIATE BOXES:

☐ **I/WE PAID THE FILING FEE IN FULL**

☐ **I/WE APPLIED FOR INSTALLMENT PAYMENTS OR WAIVER OF FILING FEE**

☐ **PREVIOUS FILINGS**
**CASE NUMBERS 1.**_____ **2.**_____ **3.**_____

☑ **I/WE DID NOT HAVE ASSISTANCE IN PREPARATION/FILING OF PETITION AND SCHEDULES**

☐ **I/WE HAD ASSISTANCE IN PREPARATION/FILING OF PETITION AND SCHEDULES** *(if this box is checked, please complete the following)*

**NAME OF PERSON THAT ASSISTED**_____

**ADDRESS**_____

**TELEPHONE**_____

**AMOUNT PAID**_____ **DATE OF PAYMENT**_____

**Dated:** __8/4/16__

_____          _____
**Debtor's Signature**                    **Debtor's Signature**
USBC-41alt                                                    Rev. 09/15/11

**CORPORATE OWNERSHIP STATEMENT**

**OF**

**97 STREET REALTY INC.**

No corporation directly or indirectly owns 10% or more of any class of the Debtor's equity interests.

Dated: August 4, 2016

By: _____

Meir C. Abramov,

## ACTION BY WRITTEN CONSENT
## OF THE
## BOARD OF DIRECTORS
## OF
## 97 STREET REALTY INC.

### Dated: August 4, 2016

The undersigned, having full authority of the board of directors (the "*Board*") of Shore **97 STREET REALTY INC.**, (the "**Company**"), hereby consents to the following actions and adopts the following resolutions as of the date hereof:

      **WHEREAS**, the Board has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof; and

      **WHEREAS**, the Board has received, reviewed, and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

      **NOW, THEREFORE, IT IS:**

      **RESOLVED** that, in the judgment of the Board, having reviewed and considered the financial condition of the Company and the Company's business on the date hereof, that it is desirable and in the best interests of the Company, and its creditors, and other interested parties, that a voluntary petition be filed by the Company under the provisions of Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**");

      **RESOLVED FURTHER** that Meir C. Abramov, and such other officers or persons as are authorized (each, an "**Officer**" and collectively, the "**Officers**") be, and each are, authorized and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other papers or documents with the appropriate court under the Bankruptcy Code and to take any and all action that they deem necessary, proper, or advisable to obtain such relief under the Bankruptcy Code, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business;

      **RESOLVED FURTHER**, that the Officers are, and any one of them acting alone is, hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take such additional actions, to perform all acts and deed, and to execute, ratify, certify, deliver, file, and record such additional agreements, notices, certificates, instruments, applications, payments, letters and documents as any of them may deem necessary or advisable to implement the provisions of the foregoing resolutions, and to appoint such agents on behalf of the Company as such Officers, and any of them, may deem necessary or advisable in connection with any

financing arrangement or the sale of assets, and the transactions contemplated by any of the foregoing, the authority for the taking of such action to be conclusive evidence thereof;

**RESOLVED FURTHER**, that all of the acts and transactions taken by the Officers in the name and on behalf of the Company, relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified; and

**RESOLVED FURTHER** that this written consent may be executed in any number of counterparts and by facsimile, portable document format, or other reproduction, and such execution shall be considered valid, binding, and effective for all purposes.

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date first written above.

**97 STREET REALTY INC.**

By: _____
Name:  Meir C. Abramov

Fill in this information to identify the case:

Debtor name **97 Street Realty Inc.**

United States Bankruptcy Court for the: **Eastern** District of **NY**
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Central Mortgage Corp c/o Berkman, Henock, Peluso 100 Garden City Plaza Garden City NY 11530 | | 1st MOTG | Dispu | 680,000 | | |
| 2 | American Mortgage Network II POBox 85463 San diago CA 92186 | | | ✝ | | | |
| 3 | | | 2nd MRTG | Dispu | 170,000 | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Mata App--069

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**97 STREET REALTY INC.**<br><br>Debtor. | Chapter 11<br><br>Case No. |

## VERIFICATION OF CREDITOR MATRIX/LIST OF CREDITORS

-------------------------------------------------------------------------------------

The undersigned debtor hereby verifies that the creditor/list of creditors submitted herein is true and correct to the best of my knowledge.

Dated: August 4, 2016

Debtor  Meir C. Abramov,

CENTRAL MORTGAGE COMPANY
BERKMAN, HENOCH, PETERSON, PED
100 GARDEN CITY PLAZA
GARDEN CITY, NY 11530

AMERICAN MORTGAGE NETWORK INC.
Po Box 85463
Sandiago CA 92186

DISMISSED, CLOSED, SmBus, SmBusPlnDue, SmBusDsclsDue

# U.S. Bankruptcy Court
## Eastern District of New York (Brooklyn)
### Bankruptcy Petition #: 1-16-43540-nhl

|  |  |
|---|---|
| | *Date filed:* 08/05/2016 |
| *Assigned to:* Nancy Hershey Lord | *Date terminated:* 01/09/2017 |
| Chapter 11 | *Debtor dismissed:* 09/06/2016 |
| Voluntary | *341 meeting:* 09/09/2016 |
| Asset | |

*Debtor disposition:* Dismissed for Other Reason

**Debtor**                                                    represented by **97 Street Realty Inc.**
**97 Street Realty Inc.**                                                                  PRO SE
5308 13 Ave
Unit 248
Brooklyn, NY 11219
KINGS-NY
Tax ID / EIN: 81-3459636

**U.S. Trustee**
**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
(212) 510-0500

| Filing Date | # | Docket Text |
|---|---|---|
| 08/05/2016 | <u>1</u> **R**<br>(22 pgs) | Chapter 11 Voluntary Petition for Non-Individuals. Fee Amount $ 1717 Filed by 97 Street Realty Inc. Chapter 11 Plan - Small Business - due by 2/1/2017. Chapter 11 Small Business Disclosure Statement due by 2/1/2017. (mem) (Entered: 08/05/2016) |
| 08/05/2016 | <u>2</u><br>(3 pgs; 2 docs) | Deficient Filing Chapter 11: Affidavit Pursuant to E.D.N.Y. LBR 1007-4 due 8/5/2016. Corporate Disclosure Statement Pursuant to FBR 1073-3 due 8/5/2016. Small Business Balance Sheet due by 8/12/2016. Small Business Cash Flow Statement due by 8/12/2016. Small Business Statement of Operations due by 8/12/2016. Small Business Tax Return due by 8/12/2016. Summary of Assets and Liabilities for Non-Individuals Official Form 206Sum due by 8/19/2016. Schedule E/F due 8/19/2016. Schedule G due 8/19/2016. Schedule H due 8/19/2016. List of Equity Security Holders due 8/19/2016. Dec NonInd Official Form 202 due by 8/19/16. Statement of Financial Affairs Non-Ind Form 207 due 8/19/2016. Incomplete Filings due by 8/19/2016. (mem) (Entered: 08/05/2016) |

| | | |
|---|---|---|
| 08/05/2016 | [3](#)<br>(6 pgs; 4 docs) | Meeting of Creditors 341(a) meeting to be held on 9/9/2016 at 02:00 PM at Room 2579, 271-C Cadman Plaza East, Brooklyn, NY. (mem) (Entered: 08/05/2016) |
| 08/05/2016 | | Receipt of Chapter 11 Filing Fee - $1717.00. Receipt Number 314191. (CM) (admin) (Entered: 08/05/2016) |
| 08/07/2016 | [4](#)<br>(3 pgs) | BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 08/07/2016. (Admin.) (Entered: 08/08/2016) |
| 08/07/2016 | [5](#)<br>(3 pgs) | BNC Certificate of Mailing - Meeting of Creditors Notice Date 08/07/2016. (Admin.) (Entered: 08/08/2016) |
| 08/07/2016 | [6](#)<br>(3 pgs) | BNC Certificate of Mailing with Notice of Deficient Filing Notice Date 08/07/2016. (Admin.) (Entered: 08/08/2016) |
| 08/16/2016 | [7](#)<br>(3 pgs; 2 docs) | Order that the Debtor appear and Show Cause why this case should not be dismissed or converted for failure to be represented by counsel. Signed on 8/16/2016. Show Cause hearing to be held on 8/24/2016 at 11:30 AM at Courtroom 2529 (Judge Lord), Brooklyn, NY. (aac) (Entered: 08/17/2016) |
| 08/16/2016 | [8](#)<br>(3 pgs; 2 docs) | Order Scheduling Initial Case Management Conference. Status hearing to be held on 8/24/2016 at 11:30 AM at Courtroom 2529 (Judge Lord), Brooklyn, NY. Signed on 8/16/2016 (agh) (Entered: 08/17/2016) |
| 08/19/2016 | [9](#)<br>(3 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/19/2016. (Admin.) (Entered: 08/20/2016) |
| 08/19/2016 | [10](#)<br>(3 pgs) | BNC Certificate of Mailing with Notice/Order Notice Date 08/19/2016. (Admin.) (Entered: 08/20/2016) |
| 08/24/2016 | | Hearing Held; (related document(s): [7](#) Order to Show Cause for Dismissal of Case) Appearance: William Curtin (UST); No Appearance by the debtor or on behalf of the debtor - Case Dismissed - Court to Issue Order. (acruz) (Entered: 08/24/2016) |
| 08/24/2016 | | Status Hearing Held; (related document(s): [8](#) Order Scheduling Initial Case Management Conference) No Appearances - Marked Off - Case Dismissed. (acruz) (Entered: 08/24/2016) |
| 09/06/2016 | [11](#)<br>(3 pgs; 3 docs) | Order Dismissing Chapter 11 Case with Notice of Dismissal (RE: related document(s)[7](#) Order to Show Cause for Dismissal of Case). Signed on 9/6/2016 (agh) (Entered: 09/06/2016) |
| 09/08/2016 | [12](#)<br>(2 pgs) | BNC Certificate of Mailing with Notice of Dismissal Notice Date 09/08/2016. (Admin.) (Entered: 09/09/2016) |
| 01/09/2017 | | Bankruptcy Case Closed (aac) (Entered: 01/09/2017) |

Mata App--073

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/26/2019 13:01:48 | | | |
| **PACER Login:** | karamvirdahiya:2579555:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1-16-43540-nhl Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

Mata App--074

ORIGINAL

Fill in this information to identify your case:

United States Bankruptcy Court for the:

EASTERN_____ District of _NEW YORK

Case number (if known): _____

Chapter you are filing under:
☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☑ Chapter 13

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2016 AUG -5  A 9: 08

RECEIVED
☐ Check if this is an
amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/15

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br>Bring your picture identification to your meeting with the trustee. | ELVIS<br>First name<br><br>MATA<br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br>Include your married or maiden names. | ELVIS<br>First name<br><br>MATA<br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 5 7 5 6<br>OR<br>9 xx – xx – ___ ___ ___ | xxx – xx – ___ ___ ___ ___<br>OR<br>9 xx – xx – ___ ___ ___ |

Mata App--075

| Debtor 1 | ELVIS | | MATA | Case number (if known) | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

☑ I have not used any business names or EINs.

Business name
_____

Business name
_____

EIN
_ _ – _ _ _ _ _ _ _

EIN
_ _ – _ _ _ _ _ _ _

☐ I have not used any business names or EINs.

Business name
_____

Business name
_____

EIN
_ _ – _ _ _ _ _ _ _

EIN
_ _ – _ _ _ _ _ _ _

**5. Where you live**

37 - 33N 97TH STREET
Number    Street
_____

CORONA        NEW YORK        11368
City            State        ZIP Code

QUEENS
County

**If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.**

Number    Street
_____

P.O. Box
_____

City        State    ZIP Code

If Debtor 2 lives at a different address:

Number    Street
_____

City        State    ZIP Code

County

**If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.**

Number    Street
_____

P.O. Box
_____

City        State    ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)
_____
_____
_____
_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)
_____
_____
_____
_____

Mata App. 076

| Debtor 1 | ELVIS | MATA | Case number (if known)_____ |
|---|---|---|---|
| | First Name   Middle Name | Last Name | |

---

### Part 2:   Tell the Court About Your Bankruptcy Case

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

☑ Chapter 13

**8. How you will pay the fee**

☐ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☑ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☑ No

☐ Yes. District _____ When _____ Case number _____
                                                    MM / DD / YYYY

District _____ When _____ Case number _____
                                                    MM / DD / YYYY

District _____ When _____ Case number _____
                                                    MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes. Debtor _____ Relationship to you _____

District _____ When _____ Case number, if known_____
                                                    MM / DD / YYYY

Debtor _____ Relationship to you _____

District _____ When _____ Case number, if known_____
                                                    MM / DD / YYYY

**11. Do you rent your residence?**

☑ No.   Go to line 12.

☐ Yes.  Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

---

Mata App--077

Debtor 1    ELVIS                    MATA
            First Name    Middle Name    Last Name                    Case number (if known)_____

---

**Part 3:    Report About Any Businesses You Own as a Sole Proprietor**

12. **Are you a sole proprietor of any full- or part-time business?**

    A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

    If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

    ☑ No. Go to Part 4.

    ☐ Yes. Name and location of business

    _____
    Name of business, if any

    _____
    Number    Street

    _____

    _____
    City                    State    ZIP Code

    *Check the appropriate box to describe your business:*

    ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

    ☐ None of the above

13. **Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

    For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

    *If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

    ☐ No.  I am not filing under Chapter 11.

    ☐ No.  I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

    ☐ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

**Part 4:    Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

14. **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

    *For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

    ☑ No

    ☐ Yes.  What is the hazard?    _____

    _____

    If immediate attention is needed, why is it needed? _____

    _____

    _____

    Where is the property?    _____
                    Number    Street

    _____

    _____
    City                    State    ZIP Code

---

Mata App.-078

| Debtor 1 | ELVIS | MATA | Case number (if known) |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

## Part 5:  Explain Your Efforts to Receive a Briefing About Credit Counseling

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

You must check one:

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☑ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

You must check one:

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Mata App--079

Debtor 1    **ELVIS**                **MATA**                    Case number *(if known)*_____
            First Name    Middle Name    Last Name

---

**Part 6:    Answer These Questions for Reporting Purposes**

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

---

**17. Are you filing under Chapter 7?**

☑ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

---

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☑ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☑ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**Part 7:    Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _Elvis Mata_                              ✗ _____
(Signature of Debtor 1)                      Signature of Debtor 2

Executed on __08/05/2016__                    Executed on _____
            MM / DD / YYYY                              MM / DD / YYYY

---

Official Form 101                    Voluntary Petition for Individuals Filing for Bankruptcy                    page 6

Mata App--080

Debtor 1 • **ELVIS**          **MATA**
        First Name    Middle Name    Last Name

Case number (if known)_____

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

✗ _____    Date _____
Signature of Attorney for Debtor          MM  /  DD  /YYYY

Printed name _____

Firm name _____

Number    Street _____

_____

City _____ State _____ ZIP Code _____

Contact phone _____ Email address _____

Bar number _____ State _____

---

Mata App--081

| Debtor 1 | **ELVIS** | **MATA** | | Case number *(if known)*_____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

☑ No
☐ Yes. Name of Person_____.
    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

| ✗ _Signature_ | ✗ _____ |
|---|---|
| Signature of Debtor 1 | Signature of Debtor 2 |

| Date | **08/05/2016** | Date | _____ |
|---|---|---|---|
| | MM / DD / YYYY | | MM / DD / YYYY |

| Contact phone | **(917) 861-5700** | Contact phone | _____ |
|---|---|---|---|
| Cell phone | _____ | Cell phone | _____ |
| Email address | _____ | Email address | _____ |

Mata App--082

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK
## 271 Cadman Plaza East, Suite 1595
## Brooklyn, NY 11201-1800
(347) 394-1700

In Re:

ELVIS MATA                                    Case No.
                                              Chapter    13

                    Debtor(s)

------------------------------------------------------------

### NOTICE TO PRO SE DEBTORS

In you are filing a petition in Bankruptcy Court without an attorney representing you (pro-se), please complete the following:

Debtor(s) Name:__ELVIS   MATA

Address: 37 - 33 97 st. Corona. NY 11368

Telephone No>. 919 861 - 5700

PLEASE CHECK THE APPROPIATE BOXES:

(  )   I/WE PAID THE FILING FEE IN FULL

(X  )   I/WE APPLIED FOR INSTALLMENT PAYMENTS OR WAIVER OF FILING FEE

(  )   Previous FILINGS
        CASE NUMBER  1._____  2._____  3>_____

(  ) I/WE DID NOT HAVE ASSISTANCE IN PREPARATION/FILING OF PETITION AND SCHEDUKES.

(  ) 1/WE HAD ASSISTANCE IN PREPARATION/FILING OF PETITION AND SCHEDULES ( If you this box is checked, please complete the following:

NAMED OF THE PERSON THAT ASSISTED_____

Mata App--083

ADDRESS_____

TELEPHONE NUMBER No._____

AMOUNT
PAID_____  _____

DATE: 08\05\2016

_Elvis   Mata_____          _Elvis Mata,_____
**DEBTOR'S NAME**                            **DEBTOR'S SIGNATURE**

Mata App--084

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK
## www.nyeb.uscourts.gov

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

**DEBTOR(S):** ELVIS  MATA _____    **CASE NO.:** _____._____

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor (or any other petitioner) hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

**[NOTE:** Cases shall be deemed "Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

☑ **NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.**

☐ **THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:**

**1. CASE NO.:** _____    **JUDGE:** _____    **DISTRICT/DIVISION:** _____

**CASE STILL PENDING: (YES/NO):** _____    *[If closed]* **Date of closing:** _____

**CURRENT STATUS OF RELATED CASE:** _____
                                        *(Discharged/awaiting discharge, confirmed, dismissed, etc.)*

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)*: _____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** _____

_____

**2. CASE NO.:** _____    **JUDGE:** _____    **DISTRICT/DIVISION:** _____

**CASE STILL PENDING: (YES/NO):** _____    *[If closed]* **Date of closing:** _____

**CURRENT STATUS OF RELATED CASE:** _____
                                        *(Discharged/awaiting discharge, confirmed, dismissed, etc.)*

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)*: _____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** _____

_____

**[OVER]**

**DISCLOSURE OF RELATED CASES (cont'd)**

3.  **CASE NO.:** _____  **JUDGE:** _____  **DISTRICT/DIVISION:** _____

**CASE STILL PENDING: (YES/NO):** _____  *[If closed]* Date of closing: _____

**CURRENT STATUS OF RELATED CASE:** _____
<br>(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)*:_____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** _____

_____

**NOTE: Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.**

**TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:**

**I am admitted to practice in the Eastern District of New York (Y/N):** _____

**CERTIFICATION (to be signed by pro-se debtor/petitioner or debtor/petitioner's attorney, as applicable):**

I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any time, except as indicated elsewhere on this form.

_____
**Signature of Debtor's Attorney**

x _____
**Signature of Pro-se Debtor/Petitioner**

37-33 97TH STREET
**Mailing Address of Debtor/Petitioner**

CORONA, NY 11368
**City, State, Zip Code**

_____
**Email Address**

917-861-5700
**Area Code and Telephone Number**

**Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the dismissal of the case with prejudice.**

**NOTE: Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise result.**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

---------------------------------------------

In Re:


**ELVIS MATA**                              Case No.

                                            Chapter        **13**

---------------------------------------------

## VERIFICATION OF CREDITOR MATRIX/LIST OF CREDITORS

The Undersigned debtor(s) or attorney for the debtor(s) hereby verified that the Creditor Matrix/List of Creditors submitted herein is true and correct to the best of his or her knowledge.


Date: 08/05/2016

_____
**Debtor**


_____
**Joint Debtor**


_____
**Attorney for the Debtor**


Usbc-44                                             Rev 3/17/05

Central Motgage
801 John Barrow Road.
Little Rock, Arkansas 72205
Loan # ████ 4457

DISMISSED, CLOSED, PlnDue, CounDue, DebtEd, DomSup, FeeDueINST

# U.S. Bankruptcy Court
## Eastern District of New York (Brooklyn)
## Bankruptcy Petition #: 1-16-43536-cec

| | |
|---|---|
| | *Date filed:* 08/05/2016 |
| *Assigned to:* Carla E. Craig | *Date terminated:* 10/12/2016 |
| Chapter 13 | *Debtor dismissed:* 09/20/2016 |
| Voluntary | *341 meeting:* 11/16/2016 |
| Asset | |

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| **Debtor** | represented by **Elvis Mata** |
| **Elvis Mata** | PRO SE |
| 37-33N 97th Street | |
| Corona, NY 11368 | |
| QUEENS-NY | |
| SSN / ITIN: xxx-xx-5756 | |

**Trustee**
**Michael J. Macco**
2950 Express Drive South
Suite 109
Islandia, NY 11749
(631) 549-7900
Email: ecf@maccolaw.com

**U.S. Trustee**
**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
(212) 510-0500

| Filing Date | # | Docket Text |
|---|---|---|
| 08/05/2016 | 1 R (14 pgs) | Chapter 13 Voluntary Petition for Individuals. Fee Amount $50 Filed by Elvis Mata Government Proof of Claim due by 2/1/2017. (cjm) (Entered: 08/05/2016) |
| 08/05/2016 | | Meeting of Creditors Chapter 13 & Appointment of Chapter 13 Trustee Michael J. Macco, with 341(a) Meeting to be held on 09/21/2016 at 10:00 AM at Room 2579, 271-C Cadman Plaza East, Brooklyn, NY . Proof of Claims due by 12/20/2016 . (Entered: 08/05/2016) |
| 08/05/2016 | 2 | Application to Pay Filing Fee in Installments . Filed by Elvis |

Mata App--089

| | | |
|---|---|---|
| | (1 pg) | Mata. (cjm) (Entered: 08/05/2016) |
| 08/05/2016 | 3 (1 pg) | Request for Temporary Waiver of the Credit Counseling Requirement. (cjm) (Entered: 08/05/2016) |
| 08/05/2016 | 4 (3 pgs; 2 docs) | Deficient Filing Chapter 13 : Certificate of Credit Counseling due by 8/5/2016. Section 521 Incomplete Filings due by 9/19/2016. Summary of Your Assets and Liabilities and Certain Statistical Information Official Form 106Sum due by 8/19/2016. Schedule A/B due 8/19/2016. Schedule C due 8/19/2016. Schedule D due 8/19/2016. Schedule E/F due 8/19/2016. Schedule G due 8/19/2016. Schedule H due 8/19/2016. Schedule I due 8/19/2016. Schedule J due 8/19/2016. Declaration About Ind Deb Schs Form 106Dec due by 8/19/2016. Statement of Financial Affairs for Individuals Filing for Bankruptcy Form 107 due by 8/19/2016. Chapter 13 Plan due by 8/19/2016. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C-1 Due 8/19/2016. Copies of pay statements received from any employer due by 8/19/2016. Incomplete Filings due by 8/19/2016. (cjm) (Entered: 08/05/2016) |
| 08/05/2016 | 5 (6 pgs; 4 docs) | Request for Notice - Chapter 13 Meeting of Creditors and Hearing on Confirmation. Confirmation hearing to be held on 10/25/2016 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. Last day to Object to Confirmation 10/25/2016. Objections to 523 due by 11/21/2016. (cjm) (Entered: 08/05/2016) |
| 08/05/2016 | 6 (2 pgs; 2 docs) | Order Granting Application To Pay Filing Fees In Installments. Balance Due: $ 260.00 (Related Doc # 2). Signed on 8/5/2016. (cjm) (Entered: 08/05/2016) |
| 08/05/2016 | | Receipt of Chapter 13 Installment Filing Fee - $50.00. Receipt Number 314186. (CM) (admin) (Entered: 08/05/2016) |
| 08/07/2016 | 7 (3 pgs) | BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 08/07/2016. (Admin.) (Entered: 08/08/2016) |
| 08/07/2016 | 8 (3 pgs) | BNC Certificate of Mailing - Meeting of Creditors Notice Date 08/07/2016. (Admin.) (Entered: 08/08/2016) |
| 08/07/2016 | 9 (3 pgs) | BNC Certificate of Mailing with Notice of Deficient Filing Notice Date 08/07/2016. (Admin.) (Entered: 08/08/2016) |
| 08/07/2016 | 10 (2 pgs) | BNC Certificate of Mailing with Copy of Order Notice Date 08/07/2016. (Admin.) (Entered: 08/08/2016) |
| 08/11/2016 | 11 (6 pgs) | Notice of Mortgage Payment Change (Claim ), Claimant: Central Mortgage Company, Proof of Claim NOT ON FILE ;with Affidavit/Certificate of Service Filed by Ronald D Howard |

Mata App--090

| | | |
|---|---|---|
| | | on behalf of Central Mortgage Company. (Howard, Ronald) (Entered: 08/11/2016) |
| 08/15/2016 | 12<br>(2 pgs; 2 docs) | Order Granting Extension of Time for a Temporary Exemption From Credit Counseling Requirement(RE: related document(s)3 Request for Temporary Waiver of the Credit Counseling Requirement.). Signed on 8/15/2016. Certificate of Credit Counseling due by 9/6/2016. (ads) (Entered: 08/16/2016) |
| 08/18/2016 | 13<br>(2 pgs) | BNC Certificate of Mailing with Copy of Order Notice Date 08/18/2016. (Admin.) (Entered: 08/19/2016) |
| 09/06/2016 | 14<br>(2 pgs; 2 docs) | Final Notice of Section 521 Deficiencies (rjl) (Entered: 09/06/2016) |
| 09/08/2016 | 15<br>(2 pgs) | BNC Certificate of Mailing with Final Notice of Section 521 Deficiencies Notice Date 09/08/2016. (Admin.) (Entered: 09/09/2016) |
| 09/20/2016 | 16<br>(1 pg) | Request for Judicial Determination Concerning Dismissal Pursuant to 11 U.S.C. Section 521(i) (RE: related document(s)14 Final Notice of Section 521 Deficiencies) (rjl) (Entered: 09/20/2016) |
| 09/20/2016 | 20<br>(2 pgs; 2 docs) | Case Automatically Dismissed pursuant to 11 U.S.C. Section 521(i)(1) with Notice of Automatic Dismissal Sent to Debtor 19 (rjl) (Entered: 09/27/2016) |
| 09/21/2016 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 11/16/2016 at 10:00 AM at Room 2579, 271-C Cadman Plaza East, Brooklyn, NY. Debtor absent. (Macco, Michael) (Entered: 09/21/2016) |
| 09/23/2016 | 17<br>(2 pgs; 2 docs) | Notice of Proposed Dismissal for debtors failure to pay the balance due on filing fees in the Amount of: $260.00. (mnc) (Entered: 09/23/2016) |
| 09/25/2016 | 18<br>(2 pgs) | BNC Certificate of Mailing with Copy of Order Notice Date 09/25/2016. (Admin.) (Entered: 09/26/2016) |
| 09/27/2016 | 19<br>(1 pg) | Order Directing Clerk's Office to DISMISS this case pursuant to 11 U.S.C. 521(i)(1). (RE: related document(s)16 Request for Judicial Determination Re: 521 Documents). Signed on 9/27/2016 (rjl) (Entered: 09/27/2016) |
| 09/29/2016 | 21<br>(2 pgs) | BNC Certificate of Mailing with Notice of Automatic Dismissal of Case Notice Date 09/29/2016. (Admin.) (Entered: 09/30/2016) |
| 09/30/2016 | 22<br>(4 pgs) | Chapter 13 Trustee Final Report and Account for Dismissed Case. (Macco, Michael) (Entered: 09/30/2016) |

| 10/12/2016 | 23<br>(2 pgs; 2 docs) | Order to Close Automatically Dismissed Case (ch13c4dsm) (Entered: 10/12/2016) |
| 10/12/2016 | | Close Bankruptcy Case (ch13disms) (Entered: 10/12/2016) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/26/2019 13:03:02 | | | |
| **PACER Login:** | karamvirdahiya:2579555:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1-16-43536-cec Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

Mata App--092

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Case number (*if known*): **314186** (em)

Chapter you are filing under:
- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2017 JUL 13 P 2: 10

RECEIV☐ ☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy          12/15

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | First name **ELVIS**<br><br>Middle name<br><br>Last name **MATA**<br><br>Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – <u>5</u> <u>7</u> <u>6</u> <u>6</u><br>OR<br>**9** xx – xx – ___ ___ ___ ___ | xxx – xx – ___ ___ ___ ___<br>OR<br>**9** xx – xx – ___ ___ ___ ___ |

Mata App--093

Debtor 1    ELVIS       MATA
First Name   Middle Name    Last Name

Case number (if known) 314100

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and *doing business as* names | ☐ I have not used any business names or EINs.<br><br>_____<br>Business name<br><br>_____<br>Business name<br><br>EIN __ __ – __ __ __ __ __ __ __<br><br>EIN __ __ – __ __ __ __ __ __ __ | ☐ I have not used any business names or EINs.<br><br>_____<br>Business name<br><br>_____<br>Business name<br><br>EIN __ __ – __ __ __ __ __ __ __<br><br>EIN __ __ – __ __ __ __ __ __ __ |
| **5. Where you live** | 37-33    97TH STREET<br>Number   Street<br><br>_____<br><br>CORONA, NEW YORK   11360<br>City      State   ZIP Code<br>Queens<br>County<br><br>**If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.**<br><br>_____<br>Number   Street<br><br>_____<br>P.O. Box<br><br>_____<br>City      State   ZIP Code | **If Debtor 2 lives at a different address:**<br><br>_____<br>Number   Street<br><br>_____<br><br>_____<br>City      State   ZIP Code<br><br>_____<br>County<br><br>**If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.**<br><br>_____<br>Number   Street<br><br>_____<br>P.O. Box<br><br>_____<br>City      State   ZIP Code |
| **6. Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br><br>☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)<br><br>_____<br>_____<br>_____<br>_____ | *Check one:*<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)<br><br>_____<br>_____<br>_____<br>_____ |

Debtor 1  <u>ELVIS</u>  <u>MATA</u>
First Name   Middle Name   Last Name

Case number (if known) 314186

---

| Part 2: | Tell the Court About Your Bankruptcy Case |

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one. (For a brief description of each, see* Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy *(Form 2010)). Also, go to the top of page 1 and check the appropriate box.*

❏ Chapter 7

❏ Chapter 11

❏ Chapter 12

☑ Chapter 13

---

**8. How you will pay the fee**

❏ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☑ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

❏ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9. Have you filed for bankruptcy within the last 8 years?**

❏ No

☑ Yes.  District NEW YORK _____  When ~~08/01/2014~~ 03/05/2016    Case number 314186
                                              MM / DD / YYYY

         District _____  When _____    Case number _____
                                              MM / DD / YYYY

         District _____  When _____    Case number _____
                                              MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

❏ Yes.  Debtor _____  Relationship to you _____

         District _____  When _____    Case number, if known _____
                                              MM / DD / YYYY

         Debtor _____  Relationship to you _____

         District _____  When _____    Case number, if known _____
                                              MM / DD / YYYY

---

**11. Do you rent your residence?**

☑ No.  Go to line 12.

❏ Yes.  Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

         ❏ No. Go to line 12.

         ❏ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

---

Mata App--095

Debtor 1    __ELVIS__  _____  __MATA__
      First Name     Middle Name     Last Name

Case number *(if known)* __314186__

---

**Part 3:    Report About Any Businesses You Own as a Sole Proprietor**

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number    Street

_____

_____
City              State    ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☐ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

**Part 4:    Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes.  What is the hazard?  _____

_____

If immediate attention is needed, why is it needed? _____

_____

Where is the property? _____
                    Number    Street

_____

_____
City             State   ZIP Code

---

Mata App--096

Debtor 1    __ELVIS__    __MATA__
  First Name  Middle Name  Last Name

Case number *(if known)* 3-14166 

---

**Part 5:** **Explain Your Efforts to Receive a Briefing About Credit Counseling**

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

| About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|
| *You must check one:* | *You must check one:* |
| ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency. | ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency. |
| ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any. | ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any. |
| ☑ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.<br><br>If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days. | ☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.<br><br>If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days. |
| ☐ **I am not required to receive a briefing about credit counseling because of:** | ☐ **I am not required to receive a briefing about credit counseling because of:** |
| ☐ **Incapacity.**   I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances. | ☐ **Incapacity.**   I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances. |
| ☐ **Disability.**   My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so. | ☐ **Disability.**   My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so. |
| ☐ **Active duty.**   I am currently on active military duty in a military combat zone. | ☐ **Active duty.**   I am currently on active military duty in a military combat zone. |
| If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court. | If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court. |

---

Mata App--097

Debtor 1    ELVIS        MATA                          Case number (if known) 314180
         First Name   Middle Name      Last Name

---

| **Part 6:** | **Answer These Questions for Reporting Purposes** |

**16. What kind of debts do you have?**

**16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts.

---

**17. Are you filing under Chapter 7?**

☑ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

---

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☑ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☑ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

| **Part 7:** | **Sign Below** |

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _[signature]_                                    ✗ _____
Signature of Debtor 1                                 Signature of Debtor 2

Executed on 07/13/2017                             Executed on _____
          MM / DD / YYYY                                      MM / DD / YYYY

---

Mata App--098

Debtor 1    <u>ELVIS</u>        <u>MATA</u>
       First Name    Middle Name       Last Name

Case number (if known) 314166

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

✗ _____    Date _____

    Signature of Attorney for Debtor                            MM   /   DD   / YYYY

_____

    Printed name

_____

    Firm name

_____

    Number    Street

_____

    City                               State      ZIP Code

    Contact phone _____     Email address _____

_____

    Bar number                               State

---

Mata App--099

Debtor 1    **ELVIS**              **MATA**
            First Name    Middle Name    Last Name                    Case number (if known) 314186

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?
☑ No

☐ Yes. Name of Person_____.
     Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

X _____          X _____
     Signature of Debtor 1                                  Signature of Debtor 2

Date    **07/13/2017**                              Date    _____
        MM / DD  / YYYY                                      MM /  DD  / YYYY

Contact phone _____          Contact phone _____

Cell phone _____          Cell phone _____

Email address _____          Email address _____

Mata App--100

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**271 Cadman Plaza, East, Suite 1595**
**Brooklyn, NY 1201-1800**
**(347)394-1700**

In Re:

ELVIS  MATA                                                 Case No. 3-4 ~~+-~8~~ 6 (M~)

                                                            Chapter   13

                    Debtor(s)

## NOTICE TO PRO SE DEBTORS

If you are filing a petition in Bankruptcy without an attorney representing you(pro-se),
please

Complete the following:

Debtor(s) Name(s):  ELVIS
MATA_____

Address:B 37-33N97TH STREET, CORONA, NY  11368
_____

Telephone No.    917 861 5700
_____

PLEASE CHECK THE APPROPIATE BOXES:

[  ]    I/WE PAID THE FILING FEE IN FUL

[ X ]   I/WE APPLIED FOR INSTALLMENT PAYMENTS OR WAIVER OF FILING FEE

[  ]    PREVIOUS FILINGS

        CASE NUMBERSNN1._____2._____3._____

[  ]    I/WE DID NOT HAVE ASSISTANCE IN

1

Mata App--101

TELEPHONE_____

AMOUNT PAID_____

Dated:

7/13/2017

Debtor's Signature                                    Debtor's Signature

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                          Case No.
        EL VIS   MATA                           Chapter    13

                        Debtor(s)
-----------------------------------------------------------x

## AFFIRMATION OF FILER(S)

All individuals filing a bankruptcy petition on behalf of a pro se debtor(s), must provide the following
information:

Name of Filer:       GLORIA   PERALTA
Address:             174 EXECUTIVE   DR, New Hyde Pk, NY 11048
Email Address:
Phone Number:        (912) 861 5702

Name of Debtor(s):   ELVIS   Mata

CHECK THE APPROPRIATE RESPONSES:

**ASSISTANCE PROVIDED TO DEBTOR(S):**

_____   I PREPARED THE PETITION AND/OR ASSISTED WITH THE PAPERWORK BY DOING
        THE FOLLOWING: _____
        _____

_____   I DID NOT PROVIDE THE PAPERWORK OR ASSIST WITH COMPLETING THE FORMS.

**FEE RECEIVED:**

__✓__   I WAS NOT PAID.

_____   I WAS PAID.

                Amount Paid: $ _____.

I/We hereby affirm the information above under the penalty of perjury.

Dated: 7/13/2017                        _____
                                        Filer's Signature

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**www.nyeb.uscourts.gov**

**STATEMENT PURSUANT TO LOCAL**
**BANKRUPTCY RULE 1073-2(b)**

**DEBTOR(S)**: ELVIS MATA _____    **CASE NO.**: ~~314186~~ ___

       Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor (or any other petitioner) hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

[NOTE: Cases shall be deemed "Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

☐ **NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.**

☐ **THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:**

**1. CASE NO.**: 314186 _____    **JUDGE**: _____    **DISTRICT/DIVISION**: _____

**CASE STILL PENDING: (YES/NO)**: _____ *[If closed]* **Date of closing**: CLOSED _____

**CURRENT STATUS OF RELATED CASE**: _____
                       **(Discharged/awaiting discharge, confirmed, dismissed, etc.)**

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)*: _____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES**: _____

_____

**2. CASE NO.**: _____    **JUDGE**: _____    **DISTRICT/DIVISION**: _____

**CASE STILL PENDING: (YES/NO)**: _____ *[If closed]* **Date of closing**: _____

**CURRENT STATUS OF RELATED CASE**: _____
                       **(Discharged/awaiting discharge, confirmed, dismissed, etc.)**

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)*: _____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES**: _____

_____

**[OVER]**

**DISCLOSURE OF RELATED CASES (cont'd)**

3. CASE NO.: _____ JUDGE: _____ DISTRICT/DIVISION: _____

CASE STILL PENDING: (YES/NO): _____    *[If closed]* Date of closing: _____

CURRENT STATUS OF RELATED CASE: _____
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*:_____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN
SCHEDULE "A" OF RELATED CASES: _____

_____

NOTE: Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days
may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.

TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:

I am admitted to practice in the Eastern District of New York (Y/N): _____

CERTIFICATION (to be signed by pro-se debtor/petitioner or debtor/petitioner's attorney, as applicable):

I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any
time, except as indicated elsewhere on this form.


_____        _____
Signature of Debtor's Attorney             Signature of Pro-se Debtor/Petitioner

                                           37-33 97TH STREET
                                           _____
                                           Mailing Address of Debtor/Petitioner

                                           CORONA, NY  11368
                                           _____
                                           City, State, Zip Code

                                           _____
                                           Email Address

                                           _____
                                           Area Code and Telephone Number


Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor
or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment
of a trustee or the dismissal of the case with prejudice.

NOTE: Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may
otherwise result.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

------------------------------------------------

In RE

ELVIS MATE                          Case No. 314186 ℃

                                    Chapter        13

------------------------------------------------

## VERIFICATION OF CREDITOR MATRIX/LIST OF CREDITORS

The Undersigned debtor(s) or attorney for the debtor(s) hereby verified that the Creditor Matrix/List of Creditors submitted herein is true and correct to the best of his or her knowledge.

Date: 07/13//2017

------------------------------------------------
Debtor

------------------------------------------------
Joint Debtor

------------------------------------------------
Attorney for the Debtor

Usbc-44                                          Rev 3/17/05

1

Mata App--106

Central Mortgage
801 John Barrow Eoad.
Little Rock, Arkansas 72205
Loan # ████ 4457

2

**FeeDueINST, PlnDue, CounDue, DebtEd, DomSup, Repeat, PRVDISM, DISMISSED, BARDEBTOR, CLOSED**

## U.S. Bankruptcy Court
## Eastern District of New York (Brooklyn)
### Bankruptcy Petition #: 1-17-43612-cec

| | |
|---|---|
| | *Date filed:* 07/13/2017 |
| *Assigned to:* Carla E. Craig | *Date terminated:* 10/26/2017 |
| Chapter 13 | *Debtor dismissed:* 10/09/2017 |
| Voluntary | *341 meeting:* 09/20/2017 |
| Asset | |

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| ***Debtor*** | represented by **Elvis Mata** |
| **Elvis Mata** | PRO SE |
| 37-33 97th Street | |
| Corona, NY 11368 | |
| QUEENS-NY | |
| SSN / ITIN: xxx-xx-5756 | |

***Trustee***
**Michael J. Macco**
2950 Express Drive South
Suite 109
Islandia, NY 11749
(631) 549-7900
Email: ecf@maccolaw.com

***U.S. Trustee***
**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
(212) 510-0500

| Filing Date | # | Docket Text |
|---|---|---|
| 07/13/2017 | **1** Ⓡ <br> (15 pgs) | Chapter 13 Voluntary Petition for Individuals. Fee Amount $50 Filed by Elvis Mata Government Proof of Claim due by 1/9/2018. (cjm) (Entered: 07/13/2017) |
| 07/13/2017 | | Prior Filing Case Number(s): 16-43536-cec dismissed 9/20/16 (cjm) (Entered: 07/13/2017) |
| 07/13/2017 | | Meeting of Creditors Chapter 13 & Appointment of Chapter 13 Trustee Michael J. Macco, with 341(a) Meeting to be held on 08/16/2017 at 10:15 AM at Room 2579, 271-C Cadman Plaza |

| | | East, Brooklyn, NY . Proof of Claims due by 11/14/2017 . (Entered: 07/13/2017) |
|---|---|---|
| 07/13/2017 | 2 (1 pg) | Application to Pay Filing Fee in Installments . Filed by Elvis Mata. (cjm) (Entered: 07/13/2017) |
| 07/13/2017 | 3 (1 pg) | Request for Temporary Waiver of the Credit Counseling Requirement. (cjm) (Entered: 07/13/2017) |
| 07/13/2017 | 4 (8 pgs) | Refiled Petition Re: Forms Modernization 2015 (Pgs 1-8) for Individuals: to Correct Last 4 Digits of Debtor's SSN Filed by Elvis Mata (cjm) (Entered: 07/13/2017) |
| 07/13/2017 | 5 (3 pgs; 2 docs) | Deficient Filing Chapter 13: Certificate of Credit Counseling due by 7/13/2017. Last day to file Section 521(i)(1) documents is 8/28/2017. Summary of Your Assets and Liabilities and Certain Statistical Information Official Form 106Sum due by 7/27/2017. Schedule A/B due 7/27/2017. Schedule C due 7/27/2017. Schedule D due 7/27/2017. Schedule E/F due 7/27/2017. Schedule G due 7/27/2017. Schedule H due 7/27/2017. Schedule I due 7/27/2017. Schedule J due 7/27/2017. Declaration About Ind Deb Schs Form 106Dec due 7/27/2017. Statement of Financial Affairs for Individuals Filing for Bankruptcy Form 107 due 7/27/2017. Chapter 13 Plan due by 7/27/2017. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C-1 Due 7/27/2017. Copies of pay statements received from any employer due by 7/27/2017. Incomplete Filings due by 7/27/2017. (cjm) (Entered: 07/13/2017) |
| 07/13/2017 | 6 (6 pgs; 4 docs) | Request for Notice - Chapter 13 Meeting of Creditors and Hearing on Confirmation. Confirmation hearing to be held on 9/19/2017 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. Last day to Object to Confirmation 9/19/2017. Objections to 523 due by 10/16/2017. (cjm) (Entered: 07/13/2017) |
| 07/13/2017 | 8 | Copy of Required Photo Identification pursuant to Administrative Order No. 653 for Filer Peralta, Gloria (cjm) (Entered: 07/13/2017) |
| 07/13/2017 | | Receipt of Chapter 13 Installment Filing Fee - $50.00. Receipt Number 317241. (CM) (admin) (Entered: 07/14/2017) |
| 07/14/2017 | 9 (2 pgs; 2 docs) | Order Granting Application To Pay Filing Fees In Installments. Balance Due: $ 260.00 (Related Doc # 2). Signed on 7/14/2017. (cjm) (Entered: 07/14/2017) |
| 07/15/2017 | 10 (3 pgs) | BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 07/15/2017. (Admin.) (Entered: 07/16/2017) |
| 07/15/2017 | 11 | BNC Certificate of Mailing - Meeting of Creditors Notice Date |

| | (3 pgs) | 07/15/2017. (Admin.) (Entered: 07/16/2017) |
|---|---|---|
| 07/15/2017 | 12<br>(3 pgs) | BNC Certificate of Mailing with Notice of Deficient Filing Notice Date 07/15/2017. (Admin.) (Entered: 07/16/2017) |
| 07/16/2017 | 13<br>(2 pgs) | BNC Certificate of Mailing with Copy of Order Notice Date 07/16/2017. (Admin.) (Entered: 07/17/2017) |
| 07/27/2017 | 14<br>(2 pgs; 2 docs) | Order Granting Extension of Time for a Temporary Exemption From Credit Counseling Requirement(RE: related document(s)3 Request for Temporary Waiver of the Credit Counseling Requirement.). Signed on 7/27/2017. Certificate of Credit Counseling due by 8/14/2017. (ads) (Entered: 07/27/2017) |
| 07/29/2017 | 15<br>(2 pgs) | BNC Certificate of Mailing with Copy of Order Notice Date 07/29/2017. (Admin.) (Entered: 07/30/2017) |
| 08/15/2017 | 16<br>(2 pgs; 2 docs) | Final Notice of Section 521 Deficiencies (ads) (Entered: 08/15/2017) |
| 08/17/2017 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 9/20/2017 at 10:00 AM at Room 2579, 271-C Cadman Plaza East, Brooklyn, NY. Debtor absent. (Macco, Michael) (Entered: 08/17/2017) |
| 08/17/2017 | 17<br>(2 pgs) | BNC Certificate of Mailing with Final Notice of Section 521 Deficiencies Notice Date 08/17/2017. (Admin.) (Entered: 08/18/2017) |
| 08/18/2017 | 18<br>(6 pgs) | Notice of Mortgage Payment Change (Claim ), Claimant: Arvest Central Mortgage Company f/k/a Central Mortgage Company, Proof of Claim NOT ON FILE with Affidavit/Certificate of Service Filed by Ronald D Howard on behalf of Arvest Central Mortgage Company f/k/a Central Mortgage Company. (Howard, Ronald) (Entered: 08/18/2017) |
| 08/21/2017 | 19<br>(4 pgs) | Motion to Dismiss Case *with prejudice* Filed by Michael J. Macco on behalf of Michael J. Macco. Hearing scheduled for 9/19/2017 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (Macco, Michael) (Entered: 08/21/2017) |
| 08/23/2017 | 20<br>(2 pgs; 2 docs) | Notice of Proposed Dismissal for debtors failure to pay the balance due on filing fees in the Amount of: $260.00. (mnc) (Entered: 08/23/2017) |
| 08/25/2017 | 21<br>(2 pgs) | BNC Certificate of Mailing with Copy of Order Notice Date 08/25/2017. (Admin.) (Entered: 08/26/2017) |
| 08/29/2017 | 22<br>(1 pg) | Request for Judicial Determination Concerning Dismissal Pursuant to 11 U.S.C. Section 521(i) (RE: related |

Mata App--110

| | | |
|---|---|---|
| | | document(s)16 Final Notice of Section 521 Deficiencies) (ads) (Entered: 08/29/2017) |
| 09/19/2017 | | Hearing Held; (related document(s): 19 Motion to Dismiss Case with prejudice filed by Michael J. Macco) Appearance: Michael J. Macco Trustee - No Opposition - Granted; Submit Order (tleonard) (Entered: 10/01/2017) |
| 09/19/2017 | | Confirmation Hearing Held; (related document(s): 6 Request for Notice - Meeting of Creditors and Hearing on Confirmation Chapter 13) Appearance: Michael J. Macco Trustee - Marked Off (tleonard) (Entered: 10/01/2017) |
| 10/09/2017 | 23 (2 pgs; 2 docs) | Order Dismissing Case with prejudice, the debtor is prohibited from filing another petition under Chapter 13 or converting a Chapter 7 to Chapter 13 for a period of one (1) year from the date of this Order without prior consent of the Court starting 10/9/2017 to 10/9/2018 (RE: related document(s)19 Motion to Dismiss Case filed by Trustee Michael J. Macco). Signed on 10/9/2017 (ads) (Entered: 10/11/2017) |
| 10/13/2017 | 24 (4 pgs) | Chapter 13 Trustee Final Report and Account for Dismissed Case. (Macco, Michael) (Entered: 10/13/2017) |
| 10/13/2017 | 25 (2 pgs) | BNC Certificate of Mailing with Notice/Order Notice Date 10/13/2017. (Admin.) (Entered: 10/14/2017) |
| 10/26/2017 | 26 (2 pgs; 2 docs) | Order to Close Dismissed Case (ch13c4dsm) (Entered: 10/26/2017) |
| 10/26/2017 | | Close Bankruptcy Case (ch13disms) (Entered: 10/26/2017) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/26/2019 13:13:07 | | |
| PACER Login: | karamvirdahiya:2579555:0 | Client Code: |
| Description: | Docket Report | Search Criteria: | 1-17-43612-cec Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 3 | Cost: | 0.30 |

Mata App--111

Mata App--112

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

_____ District of EASTERN N. Y

Case number (*If known*): _____

Chapter you are filing under:
- ☒ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2017 NOV 27  A 10: 20

RECEIVED

☐ Check if this is an
amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/15

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Identify Yourself

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| 1. | **Your full name** | | |

Write the name that is on your government-issued picture identification (for example, your driver's license or passport).

Bring your picture identification to your meeting with the trustee.

Elvis
First name

About Debtor 2: First name

MATA
Last name

Last name

Suffix (Sr., Jr., II, III)

Suffix (Sr., Jr., II, III)

2. **All other names you have used in the last 8 years**

Include your married or maiden names.

First name / Middle name / Last name (blank, both debtors)

3. **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)**

xxx – xx – 5 7 5 6
OR
9 xx – xx – ___

xxx – xx – ___
OR
9 xx – xx – ___

Debtor 1    _ELVIS_____ _MATA_____
            First Name   Middle Name   Last Name

Case number (if known)_____

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br>Include trade names and *doing business as* names | ☑ I have not used any business names or EINs.<br><br>_____<br>Business name<br>_____<br>Business name<br><br>EIN _ _ – _ _ _ _ _ _ _<br>EIN _ _ – _ _ _ _ _ _ _ | ☐ I have not used any business names or EINs.<br><br>_____<br>Business name<br>_____<br>Business name<br><br>EIN _ _ – _ _ _ _ _ _ _<br>EIN _ _ – _ _ _ _ _ _ _ |

**5. Where you live**

37 - 33   97   Street
Number      Street

CORONA       NY   11368
City         State  ZIP Code

Queens
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

_____
Number       Street

_____
P.O. Box

_____
City          State   ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number       Street

_____

_____
City          State   ZIP Code

_____
County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

_____
Number       Street

_____
P.O. Box

_____
City          State   ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
   (See 28 U.S.C. § 1408.)

_____
_____
_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
   (See 28 U.S.C. § 1408.)

_____
_____
_____

Debtor 1    Elvis    MATA    Case number (if known)_____
_____
First Name    Middle Name    Last Name

---

**Part 2:    Tell the Court About Your Bankruptcy Case**

---

7.    **The chapter of the Bankruptcy Code you are choosing to file under**    *Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

☑ Chapter 7

☐ Chapter 11

☐ Chapter 12

☐ Chapter 13

---

8.    **How you will pay the fee**    ☐ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☑ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

9.    **Have you filed for bankruptcy within the last 8 years?**

☑ No

☐ Yes.    District _____    When _____    Case number _____
MM / DD / YYYY

District _____    When _____    Case number _____
MM / DD / YYYY

District _____    When _____    Case number _____
MM / DD / YYYY

---

10.    **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes.    Debtor _____    Relationship to you _____

District _____    When _____    Case number, if known _____
MM / DD / YYYY

Debtor _____    Relationship to you _____

District _____    When _____    Case number, if known _____
MM / DD / YYYY

---

11.    **Do you rent your residence?**

☑ No.    Go to line 12.

☐ Yes.    Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

---

Mata App--115

Debtor 1    *Elvis    Mata*
    First Name    Middle Name    Last Name

Case number *(if known)*_____

**Part 3:**  **Report About Any Businesses You Own as a Sole Proprietor**

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number        Street

_____

_____
City                 State    ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

**Part 4:**  **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes. What is the hazard? _____

_____

If immediate attention is needed, why is it needed? _____

_____

Where is the property? _____
                            Number      Street

_____

_____
City                State    ZIP Code

Mata App--116

Debtor 1    _Elvis_    _Mata_    Case number (if known) _____
　　　　　First Name　　Middle Name　　Last Name

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Mata App--117

Debtor 1  **Elvis    Mata**
First Name   Middle Name   Last Name

Case number (if known)_____

| Part 6: | Answer These Questions for Reporting Purposes |

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** Consumer debts are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** Business debts are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

**17. Are you filing under Chapter 7?**

☐ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☑ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☑ Yes

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☑ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☑ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| Part 7: | Sign Below |

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _Elvis_                    ✗ _____
Signature of Debtor 1          Signature of Debtor 2

Executed on 11-23-2017          Executed on _____
MM / DD / YYYY                  MM / DD / YYYY

Mata App--118

Debtor 1    _Elvis_    _Mata_    Case number (if known)_____
         First Name    Middle Name    Last Name

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

✘ _____    Date    _____
Signature of Attorney for Debtor                                MM  /  DD  / YYYY

_____
Printed name

_____
Firm name

_____
Number    Street

_____

_____
City                                        State        ZIP Code

Contact phone _____    Email address _____

_____
Bar number                                    State

Debtor 1    _Elvis_    _Mata_    Case number _(if known)_____
First Name    Middle Name    Last Name

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

☑ No
☐ Yes. Name of Person_____.
Attach _Bankruptcy Petition Preparer's Notice, Declaration, and Signature_ (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

X _[signature]_    X _____
Signature of Debtor 1    Signature of Debtor 2

Date    11 - 23 - 2017    Date    _____
MM / DD / YYYY    MM / DD / YYYY

Contact phone _____    Contact phone _____

Cell phone _____    Cell phone _____

Email address _____    Email address _____

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | *Elvis* | | *MATA* |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: _____ District of *EASTERN, N.Y*

Case number _____

☐ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.
☑ Yes. Where is the property?

**1.1** *37-33  97  St.*
Street address, if available, or other description

*CORONA,  N.Y 11368*
City          State    ZIP Code

*Queens*
County

**What is the property?** Check all that apply.
☐ Single-family home
☑ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$ *500,00*

**Current value of the portion you own?**
$ *50,000*

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

_____

☐ Check if this is community property (see instructions)

If you own or have more than one, list here:

**1.2** _____
Street address, if available, or other description

_____

_____

_____
City          State    ZIP Code

_____
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$_____

**Current value of the portion you own?**
$_____

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

_____

☐ Check if this is community property (see instructions)

Debtor 1  _Elvis_  _MATA_
          First Name    Middle Name    Last Name

Case number (if known)_____

---

**1.3.** _____
Street address, if available, or other description

_____

_____

City          State    ZIP Code

_____

_____
County

**What is the property?** Check all that apply.
- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:** _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**  $_____

**Current value of the portion you own?**  $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

- ☐ **Check if this is community property** (see instructions)

**2.** Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here. .......................→  $ _50,000_

---

## Part 2:  Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

**3.** Cars, vans, trucks, tractors, sport utility vehicles, motorcycles
- ☑ No
- ☐ Yes

**3.1.** Make: _____
Model: _____
Year: _____
Approximate mileage: _____
Other information:
[  ]

**Who has an interest in the property?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

- ☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**  $_____

**Current value of the portion you own?**  $_____

If you own or have more than one, describe here:

**3.2.** Make: _____
Model: _____
Year: _____
Approximate mileage: _____
Other information:
[  ]

**Who has an interest in the property?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

- ☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**  $_____

**Current value of the portion you own?**  $_____

---

Debtor 1    *Elvis*    *Mata*
First Name    Middle Name    Last Name    Case number (if known)_____

**3.3.** Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:
_____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

**3.4.** Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:
_____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

**4.1.** Make: _____

Model: _____

Year: _____

Other information:
_____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

If you own or have more than one, list here:

**4.2.** Make: _____

Model: _____

Year: _____

Other information:
_____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

**5.** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here ..........................................................➔    $ 0

Mata App--123

Debtor 1    E l v i s        M A T A
          First Name    Middle Name    Last Name

Case number (if known)_____

| **Part 3:** | **Describe Your Personal and Household Items** |

**Do you own or have any legal or equitable interest in any of the following items?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ☑ Yes. Describe.........    A ll  Furn, Tures    $ 10,000

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☑ No
   ☐ Yes. Describe.........    $ _____

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ☑ No
   ☐ Yes. Describe.........    $ _____

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☑ No
   ☐ Yes. Describe.........    $ _____

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ☑ No
    ☐ Yes. Describe.........    $ _____

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☑ No
    ☐ Yes. Describe.........    $ _____

12. **Jewelry**
    Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☑ No
    ☐ Yes. Describe.........    $ _____

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ☑ No
    ☐ Yes. Describe.........    $ _____

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ☑ No
    ☐ Yes. Give specific information. .............    $ _____

15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ...........................................................➔    $ 10,000

Debtor 1    _Elvis_____    _MATA_____    Case number *(if known)*_____
              First Name    Middle Name              Last Name

| Part 4: | Describe Your Financial Assets |

Do you own or have any legal or equitable interest in any of the following?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
☑ Yes............................................................................................................................................... Cash: ....................... $ _4,000_

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☑ No
☐ Yes.....................    Institution name:

| | | |
|---|---|---|
| 17.1. Checking account: | _____ | $_____ |
| 17.2. Checking account: | _____ | $_____ |
| 17.3. Savings account: | _____ | $_____ |
| 17.4. Savings account: | _____ | $_____ |
| 17.5. Certificates of deposit: | _____ | $_____ |
| 17.6. Other financial account: | _____ | $_____ |
| 17.7. Other financial account: | _____ | $_____ |
| 17.8. Other financial account: | _____ | $_____ |
| 17.9. Other financial account: | _____ | $_____ |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No
☐ Yes.................    Institution or issuer name:

_____    $_____
_____    $_____
_____    $_____

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☑ No
☐ Yes. Give specific information about them..........................

| Name of entity: | % of ownership: | |
|---|---|---|
| _____ | 0% ___% | $_____ |
| _____ | 0% ___% | $_____ |
| _____ | 0% ___% | $_____ |

Mata App--125

| Debtor 1 | ELVIS | | MATA | | Case number *(if known)* _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☐ No
☐ Yes. Give specific    Issuer name:
information about
them.....................    _____    $_____
_____    $_____
_____    $_____

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☑ No
☐ Yes. List each    Type of account:    Institution name:
account separately.

401(k) or similar plan:    _____    $_____

Pension plan:    _____    $_____

IRA:    _____    $_____

Retirement account:    _____    $_____

Keogh:    _____    $_____

Additional account:    _____    $_____

Additional account:    _____    $_____

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☑ No
☐ Yes.........................    Institution name or individual:

Electric:    _____    $_____

Gas:    _____    $_____

Heating oil:    _____    $_____

Security deposit on rental unit:    _____    $_____

Prepaid rent:    _____    $_____

Telephone:    _____    $_____

Water:    _____    $_____

Rented furniture:    _____    $_____

Other:    _____    $_____

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No
☐ Yes.........................    Issuer name and description:

_____    $_____
_____    $_____
_____    $_____

Debtor 1  *Elvis*                    *Mata*                          Case number *(if known)*_____
         First Name   Middle Name    Last Name

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

    ☑ No
    ☐ Yes ................................  Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

    _____    $_____
    _____    $_____
    _____    $_____

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

    ☑ No
    ☐ Yes. Give specific
       information about them....    [                                          ]    $_____

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples*: Internet domain names, websites, proceeds from royalties and licensing agreements

    ☑ No
    ☐ Yes. Give specific
       information about them....    [                                          ]    $_____

27. **Licenses, franchises, and other general intangibles**
    *Examples*: Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

    ☑ No
    ☐ Yes. Give specific
       information about them....    [                                          ]    $_____

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**

    ☑ No
    ☐ Yes. Give specific information
       about them, including whether
       you already filed the returns
       and the tax years. ...................   [                        ]   Federal:    $_____
                                                                            State:     $_____
                                                                            Local:     $_____

29. **Family support**
    *Examples*: Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

    ☑ No
    ☐ Yes. Give specific information..............   [                        ]   Alimony:              $_____
                                                                                 Maintenance:          $_____
                                                                                 Support:              $_____
                                                                                 Divorce settlement:   $_____
                                                                                 Property settlement:  $_____

30. **Other amounts someone owes you**
    *Examples*: Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation,
    Social Security benefits; unpaid loans you made to someone else

    ☑ No
    ☐ Yes. Give specific information..............   [                        ]                         $_____

Debtor 1   _Elvis_   _Mata_
First Name   Middle Name   Last Name

Case number *(if known)*_____

### Part 4 continued

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No
☐ Yes. Name the insurance company of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| | | $_____ |
| | | $_____ |
| | | $_____ |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No
☐ Yes. Give specific information...........   $_____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☑ No
☐ Yes. Describe each claim. ...................   $_____

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No
☐ Yes. Describe each claim. ...................   $_____

**35. Any financial assets you did not already list**

☑ No
☐ Yes. Give specific information.............   $_____

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ...........................→   $_____

### Part 5:   Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

**37. Do you own or have any legal or equitable interest in any business-related property?**
☑ No. Go to Part 6.
☐ Yes. Go to line 38.

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**
☐ No
☐ Yes. Describe.......   $_____

**39. Office equipment, furnishings, and supplies**
*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices
☐ No
☐ Yes. Describe.......   $_____

Mata App--128

Debtor 1    Elvis    Mata
_____    _____    _____    Case number (if known)_____
First Name    Middle Name    Last Name

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No
☐ Yes. Describe...... [                                    ]    $_____

**41. Inventory**

☑ No
☐ Yes. Describe...... [                                    ]    $_____

**42. Interests in partnerships or joint ventures**

☑ No
☐ Yes. Describe......    Name of entity:    % of ownership:

_____    _____%    $_____
_____    _____%    $_____
_____    _____%    $_____

**43. Customer lists, mailing lists, or other compilations**

☑ No
☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

☐ No
☐ Yes. Describe...... [                      ]    $_____

**44. Any business-related property you did not already list**

☐ No
☐ Yes. Give specific
information .........
_____    $_____
_____    $_____
_____    $_____
_____    $_____
_____    $_____
_____    $_____

**45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached**
**for Part 5. Write that number here** →    [ $_____ ]

---

**Part 6:**    **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.
☐ Yes. Go to line 47.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**47. Farm animals**
*Examples:* Livestock, poultry, farm-raised fish

☐ No
☐ Yes......................... [                                    ]    $_____

Debtor 1 _Elvis_____ _Mata_____    Case number (if known)_____

First Name    Middle Name    Last Name

**48. Crops—either growing or harvested**

☐ No
☐ Yes. Give specific
information. ...........    [                    ]    $_____

**49. Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☐ No
☐ Yes........................    [                    ]    $_____

**50. Farm and fishing supplies, chemicals, and feed**

☐ No
☐ Yes........................    [                    ]    $_____

**51. Any farm- and commercial fishing-related property you did not already list**

☐ No
☐ Yes. Give specific
information. ...........    [                    ]    $_____

**52.** Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached
for Part 6. Write that number here    →    $_____

---

**Part 7:    Describe All Property You Own or Have an Interest in That You Did Not List Above**

**53.** Do you have other property of any kind you did not already list?

*Examples:* Season tickets, country club membership

☐ No
☐ Yes. Give specific
information. ...........    [                    ]    $_____
$_____
$_____

**54.** Add the dollar value of all of your entries from Part 7. Write that number here .............................    →    $_____

---

**Part 8:    List the Totals of Each Part of this Form**

**55.** Part 1: Total real estate, line 2 .................................................................................    →    $ 50,000

**56.** Part 2: Total vehicles, line 5    $ 0

**57.** Part 3: Total personal and household items, line 15    $ 10,000

**58.** Part 4: Total financial assets, line 36    $ 4,000

**59.** Part 5: Total business-related property, line 45    $ 0

**60.** Part 6: Total farm- and fishing-related property, line 52    $ 0

**61.** Part 7: Total other property not listed, line 54    + $ 0

**62.** Total personal property. Add lines 56 through 61. ...................    $ 14,000    Copy personal property total →    + $ 14,000

**63.** Total of all property on Schedule A/B. Add line 55 + line 62.........................................................    $ 64,000

**Fill in this information to identify your case:**

Debtor 1 _Elvis_ _MATA_
         First Name    Middle Name    Last Name

Debtor 2
(Spouse, if filing)  First Name    Middle Name    Last Name

United States Bankruptcy Court for the: _Eastern_ District of _NY_

Case number
(if known) _____

☐ Check if this is an
   amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                    04/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| Brief description: _____ <br> Line from *Schedule A/B:* _____ | $_____ | ☐ $_____ <br> ☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____ <br> Line from *Schedule A/B:* _____ | $_____ | ☐ $_____ <br> ☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____ <br> Line from *Schedule A/B:* _____ | $_____ | ☐ $_____ <br> ☐ 100% of fair market value, up to any applicable statutory limit | _____ |

3. **Are you claiming a homestead exemption of more than $160,375?**
   (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No
   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
      ☐ No
      ☐ Yes

Debtor 1 _____    Case number (if known)_____
          First Name   Middle Name   Last Name

| **Part 2:** | **Additional Page** |
| --- | --- |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption* | Specific laws that allow exemption |
| --- | --- | --- | --- |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |

Mata App--132

**Fill in this information to identify your case:**

Debtor 1   *ELVIS*                    *MATA*
           First Name    Middle Name    Last Name

Debtor 2
(Spouse, if filing)   First Name    Middle Name    Last Name

United States Bankruptcy Court for the:   *EASTERN* District of   *NEW YORK*

Case number
(If known) _____

☐ Check if this is an
   amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☐ Yes. Fill in all of the information below.

### Part 1:   List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|---|

**2.1**

| | |
|---|---|
| Creditor's Name | **Describe the property that secures the claim:** |
| Number      Street | |
| | **As of the date you file, the claim is:** Check all that apply. |
| | ☐ Contingent |
| City      State   ZIP Code | ☐ Unliquidated |
| | ☐ Disputed |

$ _____   $ _____   $ _____

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred _____

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number _____

**2.2**

| | |
|---|---|
| Creditor's Name | **Describe the property that secures the claim:** |
| Number      Street | |
| | **As of the date you file, the claim is:** Check all that apply. |
| | ☐ Contingent |
| City      State   ZIP Code | ☐ Unliquidated |
| | ☐ Disputed |

$ _____   $ _____   $ _____

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred _____

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number _____

Add the dollar value of your entries in Column A on this page. Write that number here:   $ _____

Debtor 1  ___F l v i s___  ___M A T A___
First Name    Middle Name    Last Name

Case number (if known) _____

| Part 1: | **Additional Page**<br>After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth. | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|---|

---

Creditor's Name _____

Number _____ Street _____

_____

City _____ State _____ ZIP Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred _____

**Describe the property that secures the claim:**

$_____    $_____    $_____

_____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number ___ ___ ___ ___

---

Creditor's Name _____

Number _____ Street _____

_____

City _____ State _____ ZIP Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred _____

**Describe the property that secures the claim:**

$_____    $_____    $_____

_____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number ___ ___ ___ ___

---

Creditor's Name _____

Number _____ Street _____

_____

City _____ State _____ ZIP Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred _____

**Describe the property that secures the claim:**

$_____    $_____    $_____

_____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number ___ ___ ___ ___

---

Add the dollar value of your entries in Column A on this page. Write that number here:    $_____

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:    $_____

Debtor 1 _Elvy_ _____ _Mata_ _____          Case number (if known) _____
    First Name     Middle Name     Last Name

## Part 2:   List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐
Name _____          On which line in Part 1 did you enter the creditor? _____

                                                    Last 4 digits of account number ___ ___ ___ ___

Number    Street _____

_____

City _____ State _____ ZIP Code _____

☐
Name _____          On which line in Part 1 did you enter the creditor? _____

                                                    Last 4 digits of account number ___ ___ ___ ___

Number    Street _____

_____

City _____ State _____ ZIP Code _____

☐
Name _____          On which line in Part 1 did you enter the creditor? _____

                                                    Last 4 digits of account number ___ ___ ___ ___

Number    Street _____

_____

City _____ State _____ ZIP Code _____

☐
Name _____          On which line in Part 1 did you enter the creditor? _____

                                                    Last 4 digits of account number ___ ___ ___ ___

Number    Street _____

_____

City _____ State _____ ZIP Code _____

☐
Name _____          On which line in Part 1 did you enter the creditor? _____

                                                    Last 4 digits of account number ___ ___ ___ ___

Number    Street _____

_____

City _____ State _____ ZIP Code _____

☐
Name _____          On which line in Part 1 did you enter the creditor? _____

                                                    Last 4 digits of account number ___ ___ ___ ___

Number    Street _____

_____

City _____ State _____ ZIP Code _____

**Fill in this information to identify your case:**

Debtor 1 _ELVIS_ _MATA_
First Name        Middle Name        Last Name

Debtor 2
(Spouse, if filing) First Name    Middle Name    Last Name

United States Bankruptcy Court for the: _EASTERN_ District of _N.Y_

Case number
(If known) _____

☐ Check if this is an
amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☒ No

☐ Yes. Name of person_____. Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

✗ _(signature)_                      ✗ _____
Signature of Debtor 1                 Signature of Debtor 2

Date _11 - 23 - 2017_                 Date _____
MM / DD / YYYY                        MM / DD / YYYY

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:

*Elvis Mata*

                  Debtor(s)

Case No.
Chapter

---------------------------------------------------------x

### AFFIRMATION OF FILER(S)

All individuals filing a bankruptcy petition on behalf of a pro se debtor(s), must provide the following information:

Name of Filer: *Gloria Peralta*

Address: *114 Executive Dr*

Email Address:

Phone Number: *(917) 861 5702*

Name of Debtor(s): _____

CHECK THE APPROPRIATE RESPONSES:

**ASSISTANCE PROVIDED TO DEBTOR(S):**

✓ I PREPARED THE PETITION AND/OR ASSISTED WITH THE PAPERWORK BY DOING THE FOLLOWING: *Filling the blanks*

____ I DID NOT PROVIDE THE PAPERWORK OR ASSIST WITH COMPLETING THE FORMS.

**FEE RECEIVED:**

✓ I WAS NOT PAID.

____ I WAS PAID.

        Amount Paid: $ _____.

I/We hereby affirm the information above under the penalty of perjury.

Dated: *11/27/2017*

_____
Filer's Signature

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

In RE

ELVIS  MATA                              Case No.

                                         Chapter        7

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

## VERIFICATION OF CREDITOR MATRIX/LIST OF CREDITORS

The Undersigned debtor(s) or attorney for the debtor(s) hereby verified that the Creditor Matrix/List of Creditors submitted herein is true and correct to the best of his or her knowledge.


Date: 06/15/2017
      @ 11/23/2017

                              _____
                              Debtor

                              _____
                              Joint Debtor

                              _____
                              Attorney for the Debtor


Usbc-44                                        Rev 3/17/05


1

Central mortgage
801 John Barrow Rd #1
Little Rock, AR 72208

**CounDue, DebtEd, MEANSU, Repeat, PRVDISM, FeeDueINST, DISMISSED, CLOSED**

# U.S. Bankruptcy Court
## Eastern District of New York (Brooklyn)
## Bankruptcy Petition #: 1-17-46246-cec

|  |  |
|---|---|
| | *Date filed:* 11/27/2017 |
| *Assigned to:* Carla E. Craig | *Date terminated:* 02/02/2018 |
| Chapter 7 | *Debtor dismissed:* 01/12/2018 |
| Voluntary | *341 meeting:* 01/03/2018 |
| No asset | *Deadline for objecting to discharge:* 03/05/2018 |
| | *Deadline for financial mgmt. course:* 03/05/2018 |

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| *Debtor* | represented by **Elvis Mata** |
| **Elvis Mata** | PRO SE |
| 37-33 97 Street | |
| Corona, NY 11368 | |
| QUEENS-NY | |
| SSN / ITIN: xxx-xx-5756 | |

*Trustee*
**Alan Nisselson**
c/o Windels Marx Lane & Mittendorf LLP
156 West 56th Street
New York, NY 10019
(212) 237-1199
Email: anisselson@windelsmarx.com

*U.S. Trustee*
**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
(212) 510-0500

| Filing Date | # | Docket Text |
|---|---|---|
| 11/27/2017 | 1 R (27 pgs) | Chapter 7 Voluntary Petition for Individuals. Fee Amount $ 40.00 Filed by Elvis Mata (tmg) (Entered: 11/27/2017) |
| 11/27/2017 | | Prior Filing Case Number(s): 16-43536-cec; Dismissed 09/20/2016; 17-43612-cec; Dismissed & **Barred** 10/09/2017 (tmg) (Entered: 11/27/2017) |
| 11/27/2017 | | Judge Assigned Due to Prior Filing, Judge Reassigned. (tmg) (Entered: 11/27/2017) |
| 11/27/2017 | | 341(a) meeting to be held on 01/03/2018 at 09:30 AM at Room |

Mata App--140

| | | |
|---|---|---|
| | | 2579, 271-C Cadman Plaza East, Brooklyn, NY. Last day to oppose discharge or dischargeability is 3/5/2018. Financial Management Certificate due by 3/5/2018. (tmg) (Entered: 11/27/2017) |
| 11/27/2017 | [2](#) | Copy of Required Photo Identification pursuant to Administrative Order No. 653 for Filer Peralta, Gloria (tmg) (Entered: 11/27/2017) |
| 11/27/2017 | [3](#) (1 pg) | Application to Pay Filing Fee in Installments . Filed by Elvis Mata. (tmg) (Entered: 11/27/2017) |
| 11/27/2017 | [5](#) (3 pgs; 2 docs) | Deficient Filing Chapter 7: Certificate of Credit Counseling due by 11/27/2017. Statement Pursuant to E.D.N.Y. LBR 1073-2b due by 11/27/2017. Statement of Intention due 1/3/2018. Last day to file Section 521(i)(1) documents is 1/11/2018. Summary of Your Assets and Liabilities and Certain Statistical Information Official Form 106Sum due by 12/11/2017. Schedule E/F due 12/11/2017. Schedule G due 12/11/2017. Schedule H due 12/11/2017. Schedule I due 12/11/2017. Schedule J due 12/11/2017. Statement of Financial Affairs for Individuals Filing for Bankruptcy Form 107 due 12/11/2017.Chapter 7 Statement of Your Current Monthly Income Form 122A-1 due by 12/11/2017. Copies of pay statements received from any employer due by 12/11/2017. Incomplete Filings due by 12/11/2017. (tmg) (Entered: 11/27/2017) |
| 11/27/2017 | [6](#) (2 pgs; 2 docs) | Order Granting Application To Pay Filing Fees In Installments. Balance Due: $ 295.00 (Related Doc # [3](#)). Signed on 11/27/2017. (tmg) (Entered: 11/27/2017) |
| 11/27/2017 | [7](#) (6 pgs; 4 docs) | Request for Notice - Meeting of Creditors Chapter 7 No Asset (tmg) (Entered: 11/27/2017) |
| 11/27/2017 | | Receipt of Chapter 7 Installment Filing Fee - $40.00. Receipt Number 318631. (TG) (admin) (Entered: 11/27/2017) |
| 11/29/2017 | [8](#) (3 pgs) | BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 11/29/2017. (Admin.) (Entered: 11/30/2017) |
| 11/29/2017 | [9](#) (3 pgs) | BNC Certificate of Mailing - Meeting of Creditors Notice Date 11/29/2017. (Admin.) (Entered: 11/30/2017) |
| 11/29/2017 | [10](#) (3 pgs) | BNC Certificate of Mailing with Notice of Deficient Filing Notice Date 11/29/2017. (Admin.) (Entered: 11/30/2017) |
| 11/29/2017 | [11](#) (2 pgs) | BNC Certificate of Mailing with Copy of Order Notice Date 11/29/2017. (Admin.) (Entered: 11/30/2017) |
| 12/01/2017 | [12](#) (4 pgs; 2 docs) | Notice of Appearance and Request for Notice Filed by Ronald D Howard on behalf of Arvest Central Mortgage Company f/k/a |

Mata App--141

| | | Central Mortgage Company (Attachments: # 1 Affidavit of Service) (Howard, Ronald) (Entered: 12/01/2017) |
|---|---|---|
| 12/28/2017 | 13 (2 pgs; 2 docs) | Final Notice of Section 521 Deficiencies (rjl) (Entered: 12/28/2017) |
| 12/30/2017 | 14 (2 pgs) | BNC Certificate of Mailing with Final Notice of Section 521 Deficiencies Notice Date 12/30/2017. (Admin.) (Entered: 12/31/2017) |
| 01/12/2018 | 15 (2 pgs; 2 docs) | Notice of Proposed Dismissal for debtors failure to pay the balance due on filing fees in the Amount of: $295.00. (mnc) (Entered: 01/12/2018) |
| 01/12/2018 | 16 (1 pg) | Request for Judicial Determination Concerning Dismissal Pursuant to 11 U.S.C. Section 521(i) (RE: related document(s)13 Final Notice of Section 521 Deficiencies) (rjl) (Entered: 01/12/2018) |
| 01/12/2018 | 19 (2 pgs; 2 docs) | Case Automatically Dismissed pursuant to 11 U.S.C. Section 521(i)(1) with Notice of Automatic Dismissal Sent to Debtor 18 (rjl) (Entered: 01/18/2018) |
| 01/14/2018 | 17 (2 pgs) | BNC Certificate of Mailing with Copy of Order Notice Date 01/14/2018. (Admin.) (Entered: 01/15/2018) |
| 01/17/2018 | 18 (1 pg) | Order Directing Clerk's Office to dismiss this case pursuant to 11 U.S.C. 521(i)(1). (RE: related document(s)16 Request for Judicial Determination Re: 521 Documents). Signed on 1/17/2018 (rjl) (Entered: 01/18/2018) |
| 01/18/2018 | | Chapter 7 Trustee's Report of No Distribution - I, Alan Nisselson, having been appointed trustee of the estate of the above-named debtor(s), report that this case was DISMISSED or CONVERTED. I have neither received any property nor paid any monies on account of this estate. I hereby certify that the chapter 7 estate of the above-named debtor(s) has been fully administered through the date of conversion or dismissal. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 0 months. Assets Abandoned (without deducting any secured claims) Not Applicable, Assets Exempt: Not Applicable, Claims Scheduled: Not Applicable, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): Not Applicable. Filed by Alan Nisselson. (Nisselson, Alan) (Entered: 01/18/2018) |
| 01/20/2018 | 20 (2 pgs) | BNC Certificate of Mailing with Notice of Automatic Dismissal of Case Notice Date 01/20/2018. (Admin.) (Entered: 01/21/2018) |

| 02/02/2018 | [21](#)<br>(2 pgs; 2 docs) | Order to Close Automatically Dismissed Case (ch7c4dsm) (Entered: 02/02/2018) |
|---|---|---|
| 02/02/2018 | | Close Bankruptcy Case (ch7disms) (Entered: 02/02/2018) |

---

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/26/2019 13:16:46 | | | |
| **PACER Login:** | karamvirdahiya:2579555:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1-17-46246-cec Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

Mata App--143

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

EASTERN District of NEW YORK

Case number (*If known*): _____

Chapter you are filing under:
- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2018 SEP -7 A 9: 37

RECEIVED

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy          12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Identify Yourself

|  |  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| 1. | **Your full name** | | |

Write the name that is on your government-issued picture identification (for example, your driver's license or passport).

Bring your picture identification to your meeting with the trustee.

First name: ELVIS

Middle name: MATA

Last name: _____

Suffix (Sr., Jr., II, III): _____

About Debtor 2:
First name: _____
Middle name: _____
Last name: _____
Suffix (Sr., Jr., II, III): _____

2. **All other names you have used in the last 8 years**

Include your married or maiden names.

First name: _____
Middle name: _____
Last name: _____

First name: _____
Middle name: _____
Last name: _____

About Debtor 2:
First name: _____
Middle name: _____
Last name: _____

First name: _____
Middle name: _____
Last name: _____

3. **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)**

xxx – xx – 5 7 5 6

OR

9 xx – xx – ___ ___ ___ ___

xxx – xx – ___ ___ ___ ___

OR

9 xx – xx – ___ ___ ___ ___

Debtor 1    Elvis    Mata
_First Name    Middle Name    Last Name_

Case number (if known) _____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years** <br><br> Include trade names and _doing business as_ names | ☑ I have not used any business names or EINs. <br><br> _____ <br> Business name <br><br> _____ <br> Business name <br><br> EIN ___ – ___ ___ ___ ___ ___ ___ <br><br> EIN ___ – ___ ___ ___ ___ ___ ___ | ☐ I have not used any business names or EINs. <br><br> _____ <br> Business name <br><br> _____ <br> Business name <br><br> EIN ___ – ___ ___ ___ ___ ___ ___ <br><br> EIN ___ – ___ ___ ___ ___ ___ ___ |
| **5. Where you live** | 37-33    97 Street <br> Number    Street <br><br> Corona    NY    11368 <br> City    State    ZIP Code <br> Queens <br> County <br><br> **If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address. <br><br> _____ <br> Number    Street <br><br> _____ <br> P.O. Box <br><br> _____ <br> City    State    ZIP Code | If Debtor 2 lives at a different address: <br><br> _____ <br> Number    Street <br><br> _____ <br><br> _____ <br> City    State    ZIP Code <br> _____ <br> County <br><br> **If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address. <br><br> _____ <br> Number    Street <br><br> _____ <br> P.O. Box <br><br> _____ <br> City    State    ZIP Code |
| **6. Why you are choosing _this district_ to file for bankruptcy** | _Check one:_ <br> ☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district. <br><br> ☐ I have another reason. Explain. <br> (See 28 U.S.C. § 1408.) <br> _____ <br> _____ <br> _____ <br> _____ | _Check one:_ <br> ☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district. <br><br> ☐ I have another reason. Explain. <br> (See 28 U.S.C. § 1408.) <br> _____ <br> _____ <br> _____ <br> _____ |

Mata App--145

Debtor 1    *Elvis*    *Mata*
   First Name    Middle Name    Last Name       Case number *(if known)*_____

---

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---|---|

**7. The chapter of the Bankruptcy Code you are choosing to file under**

Check one. (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

☑ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

**8. How you will pay the fee**

☐ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☑ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☐ No
☑ Yes.

| | District | When | Case number |
|---|---|---|---|
| | _____ | _____ | _____ |
| | | MM / DD / YYYY | |
| | _____ | _____ | _____ |
| | | MM / DD / YYYY | |
| | _____ | _____ | _____ |
| | | MM / DD / YYYY | |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No
☐ Yes.

| | Debtor | | Relationship to you |
|---|---|---|---|
| | _____ | | _____ |
| | District | When | Case number, if known |
| | _____ | _____ | _____ |
| | | MM / DD / YYYY | |
| | Debtor | | Relationship to you |
| | _____ | | _____ |
| | District | When | Case number, if known |
| | _____ | _____ | _____ |
| | | MM / DD / YYYY | |

**11. Do you rent your residence?**

☑ No. Go to line 12.
☐ Yes. Has your landlord obtained an eviction judgment against you?

     ☐ No. Go to line 12.
     ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

Debtor 1    _Elvis_    _MATA_    Case number (if known)_____
First Name    Middle Name    Last Name

---

**Part 3:    Report About Any Businesses You Own as a Sole Proprietor**

12. **Are you a sole proprietor of any full- or part-time business?**

    A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

    If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

    ☐ No. Go to Part 4.
    ☑ Yes. Name and location of business

    _____
    Name of business, if any

    _____
    Number    Street

    _____

    _____
    City                          State        ZIP Code

    *Check the appropriate box to describe your business:*

    ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
    ☐ None of the above

13. **Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

    For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

    *If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

    ☐ No. I am not filing under Chapter 11.
    ☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.
    ☐ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

**Part 4:    Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

14. **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

    *For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

    ☑ No
    ☐ Yes. What is the hazard? _____

    _____

    If immediate attention is needed, why is it needed? _____

    _____

    Where is the property? _____
    Number    Street

    _____

    _____
    City                          State        ZIP Code

Debtor 1  E l v i s          M a T a

First Name    Middle Name    Last Name

Case number (if known) _____

---

**Part 5:    Explain Your Efforts to Receive a Briefing About Credit Counseling**

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**
Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**
Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☑ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**
To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.
Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.
Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**
Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**
Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**
To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.
Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.
Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

Mata App--148

Debtor 1  ELVIS          MATA

First Name    Middle Name    Last Name                    Case number *(if known)*_____

**16. What kind of debts do you have?**

**16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☑ No. Go to line 16b.
☑ Yes. Go to line 17.

**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☑ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☑ No. I am not filing under Chapter 7. Go to line 18.

☑ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☑ Yes

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☑ $100,001-$500,000
☑ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**Part 7:**   **Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

X _____          X _____
Signature of Debtor 1                             Signature of Debtor 2

Executed on  09 / 07 / 2018                    Executed on _____
           MM / DD /YYYY                                   MM / DD  /YYYY

Mata App--149

Debtor 1    _Elvis_ _Mata_    Case number (if known)_____
      First Name    Middle Name    Last Name

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

✗ _____    Date _____
Signature of Attorney for Debtor          MM / DD / YYYY

_____
Printed name

_____
Firm name

_____
Number    Street

_____

_____
City        State        ZIP Code

Contact phone _____    Email address _____

_____
Bar number        State

---

Mata App--150

Debtor 1    _Elvis_    _Mata_    Case number *(if known)* _____
      First Name    Middle Name    Last Name

---

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

☑ No
☐ Yes. Name of Person_____.
    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

✗ _/s/ Elvis_____    ✗ _____
    Signature of Debtor 1                                  Signature of Debtor 2

Date _09 / 07 / 2018_    Date _____
        MM /  DD  / YYYY                                      MM /  DD  / YYYY

Contact phone _____    Contact phone _____

Cell phone _____    Cell phone _____

Email address _____    Email address _____

---

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK
### www.nyeb.uscourts.gov

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

**DEBTOR(S):**  E l v i s    M a t a                                    **CASE NO.:** _____

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor (or any other petitioner) hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

**[NOTE:** Cases shall be deemed "Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]**

☑ **NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.**

☐ **THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:**

1.  **CASE NO.:** _____   **JUDGE:** _____   **DISTRICT/DIVISION:** _____

**CASE STILL PENDING: (YES/NO):** _____ *[If closed]* **Date of closing:** _____

**CURRENT STATUS OF RELATED CASE:** _____
  (Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)***:** _____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** _____

_____

2.  **CASE NO.:** _____   **JUDGE:** _____   **DISTRICT/DIVISION:** _____

**CASE STILL PENDING: (YES/NO):** _____ *[If closed]* **Date of closing:** _____

**CURRENT STATUS OF RELATED CASE:** _____
  (Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)***:** _____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** _____

_____

[OVER]

**DISCLOSURE OF RELATED CASES (cont'd)**

3.  CASE NO.: _____  JUDGE: _____  DISTRICT/DIVISION: _____

CASE STILL PENDING: (YES/NO): _____    *[If closed]* Date of closing: _____

CURRENT STATUS OF RELATED CASE: _____
                                 (Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*:_____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN
SCHEDULE "A" OF RELATED CASES: _____

_____


NOTE: Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days
may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.


TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:

I am admitted to practice in the Eastern District of New York (Y/N): _____

CERTIFICATION (to be signed by pro-se debtor/petitioner or debtor/petitioner's attorney, as applicable):

I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any
time, except as indicated elsewhere on this form.

_____           _____
Signature of Debtor's Attorney         Signature of Pro-se Debtor/Petitioner

                                       3 0 1 ~ 3 3   9 2   Street
                                       Mailing Address of Debtor/Petitioner

                                       Corona .  NY  11368
                                       City, State, Zip Code

                                       _____
                                       Email Address

                                       917- 804 - 8224
                                       Area Code and Telephone Number


Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor
or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment
of a trustee or the dismissal of the case with prejudice.

NOTE: Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may
otherwise result.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                Case No.
                                                      Chapter  7

        ELViS   MATA   Debtor(s)
-----------------------------------------------------------x

## AFFIRMATION OF FILER(S)

All individuals filing a bankruptcy petition on behalf of a pro se debtor(s), must provide the following
information:

Name of Filer:    GloRiA  PEARLTA

Address:    174 EXECUTIVE DR. Manhasset Hills . NY 11040

Email Address: _____

Phone Number:    (917)  861 5700

Name of Debtor(s):    ElViS   MATA

CHECK THE APPROPRIATE RESPONSES:

## ASSISTANCE PROVIDED TO DEBTOR(S):

____    I PREPARED THE PETITION AND/OR ASSISTED WITH THE PAPERWORK BY DOING
        THE FOLLOWING: _____
        _____

✓    I DID NOT PROVIDE THE PAPERWORK OR ASSIST WITH COMPLETING THE FORMS.

## FEE RECEIVED:

✓    I WAS NOT PAID.

____    I WAS PAID.

                Amount Paid: $ _____.

I/We hereby affirm the information above under the penalty of perjury.

Dated: 09/07/2018                    _____
                                            Filer's Signature

Mata App--154

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

In Re:                                                    Case No.

                                                          Chapter  13 (7)  7

Elvis Mata

                        **Debtor(s)**

-------------------------------------------------------x

## VERIFICATION OF CREDITOR MATRIX/LIST OF CREDITORS

        The undersigned debtor(s) or attorney for the debtor(s) hereby verifies that the creditor matrix/list of creditors submitted herein is true and correct to the best of his or her knowledge.

Dated: 09/07/2018

+ _____
   Debtor

   _____
   Joint Debtor

   s/_____
   Attorney for Debtor

**CENTRAL MORTGAGE COMPANY**
801 John Barrow Rd #1
Little Rock, AR 72205

**DISMISSED, CLOSED, CounDue, DebtEd, MEANSU, Repeat, PRVDISM, FeeDueINST**

# U.S. Bankruptcy Court
## Eastern District of New York (Brooklyn)
## Bankruptcy Petition #: 1-18-45137-cec

*Date filed:* 09/07/2018
*Date terminated:* 10/26/2018
*Debtor dismissed:* 10/23/2018
*341 meeting:* 11/14/2018
*Deadline for objecting to discharge:* 12/10/2018
*Deadline for financial mgmt. course:* 12/10/2018

*Assigned to:* Carla E. Craig
Chapter 7
Voluntary
No asset

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| *Debtor* | represented by **Elvis Mata** |
| **Elvis Mata** | PRO SE |
| 37-33 97 Street | |
| Corona, NY 11368 | |
| QUEENS-NY | |
| SSN / ITIN: xxx-xx-5756 | |

| | |
|---|---|
| *Trustee* | represented by **Richard J. McCord** |
| **Richard J. McCord** | Certilman Balin Adler & Hyman |
| Certilman Balin Adler & Hyman | 90 Merrick Avenue |
| 90 Merrick Avenue | East Meadow, NY 11554 |
| East Meadow, NY 11554 | (516) 296-7801 |
| (516) 296-7801 | Fax : (516) 296-7111 |
| Email: rmccord@cbah.com | Email: rmccord@cbah.com |

*U.S. Trustee*
**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
(212) 510-0500

| Filing Date | # | Docket Text |
|---|---|---|
| 09/07/2018 | 1 R (13 pgs) | Chapter 7 Voluntary Petition for Individuals. Fee Amount $ 50.00 Filed by Elvis Mata (tmg) (Entered: 09/07/2018) |
| 09/07/2018 | | Prior Filing Case Number(s): 16-43536-cec; Dismissed 9/20/16; **17-43612-cec; DISMISSED & BARRED 10/09/17** 17-46246-cec; Dismissed 1/12/18 (tmg) (Entered: 09/07/2018) |
| 09/07/2018 | | Judge Assigned Due to Prior Filing, Judge Reassigned. (tmg) (Entered: 09/07/2018) |
| 09/07/2018 | | 341(a) meeting to be held on 10/10/2018 at 11:00 AM at Room |

Mata App--157

| | | 2579, 271-C Cadman Plaza East, Brooklyn, NY. Last day to oppose discharge or dischargeability is 12/10/2018. Financial Management Certificate due by 12/10/2018. (tmg) (Entered: 09/07/2018) |
|---|---|---|
| 09/07/2018 | [3](#) | Copy of Required Photo Identification pursuant to Administrative Order No. 653 for Filer Peralta, Gloria (tmg) (Entered: 09/07/2018) |
| 09/07/2018 | [4](#) (1 pg) | Application to Pay Filing Fee in Installments . Filed by Elvis Mata. (tmg) (Entered: 09/07/2018) |
| 09/07/2018 | [5](#) (1 pg) | Request for Temporary Waiver of the Credit Counseling Requirement. (tmg) (Entered: 09/07/2018) |
| 09/07/2018 | [6](#) (2 pgs; 2 docs) | Notice of Deficiency Concerning Requirement of Photo Identification for the Debtor. Debtor(s) Acceptable Photo Identification due by 9/21/2018. (RE: related document(s)[2](#) Copy of Required Photo Identification for Debtor) (tmg) (Entered: 09/07/2018) |
| 09/07/2018 | [7](#) (3 pgs; 2 docs) | Deficient Filing Chapter 7: Certificate of Credit Counseling due by 9/7/2018. Statement of Intention due 10/10/2018. Last day to file Section 521(i)(1) documents is 10/22/2018. Summary of Your Assets and Liabilities and Certain Statistical Information Official Form 106Sum due by 9/21/2018. Schedule A/B due 9/21/2018. Schedule C due 9/21/2018. Schedule D due 9/21/2018. Schedule E/F due 9/21/2018. Schedule G due 9/21/2018. Schedule H due 9/21/2018. Schedule I due 9/21/2018. Schedule J due 9/21/2018. Declaration About Ind Deb Schs Form 106Dec due 9/21/2018. Statement of Financial Affairs for Individuals Filing for Bankruptcy Form 107 due 9/21/2018.Chapter 7 Statement of Your Current Monthly Income Form 122A-1 due by 9/21/2018. Copies of pay statements received from any employer due by 9/21/2018. Incomplete Filings due by 9/21/2018. (tmg) (Entered: 09/07/2018) |
| 09/07/2018 | [8](#) (2 pgs; 2 docs) | Order Granting Application To Pay Filing Fees In Installments. Balance Due: $ 285.00 (Related Doc # [4](#)). Signed on 9/7/2018. (tmg) (Entered: 09/07/2018) |
| 09/07/2018 | [9](#) (6 pgs; 4 docs) | Request for Notice - Meeting of Creditors Chapter 7 No Asset (tmg) (Entered: 09/07/2018) |
| 09/07/2018 | | Receipt of Chapter 7 Installment Filing Fee - $50.00. Receipt Number 321954. (TG) (admin) (Entered: 09/07/2018) |
| 09/09/2018 | [10](#) (3 pgs) | BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 09/09/2018. (Admin.) (Entered: 09/10/2018) |
| 09/09/2018 | [11](#) | BNC Certificate of Mailing - Meeting of Creditors Notice Date |

| | | |
|---|---|---|
| | (3 pgs) | 09/09/2018. (Admin.) (Entered: 09/10/2018) |
| 09/09/2018 | 12 (3 pgs) | BNC Certificate of Mailing with Notice of Deficient Filing Notice Date 09/09/2018. (Admin.) (Entered: 09/10/2018) |
| 09/09/2018 | 13 (2 pgs) | BNC Certificate of Mailing with Notice of Deficient Filing Notice Date 09/09/2018. (Admin.) (Entered: 09/10/2018) |
| 09/09/2018 | 14 (2 pgs) | BNC Certificate of Mailing with Copy of Order Notice Date 09/09/2018. (Admin.) (Entered: 09/10/2018) |
| 09/13/2018 | 15 (2 pgs; 2 docs) | Order Approving Thirty-Day Exemption. The debtors request is granted. The debtor is granted a temporary exemption from the Credit Counseling Requirement, which exemption shall expire on October 8, 2018 (related document(s)5 Request for Temporary Waiver of the Credit Counseling Requirement). Signed on 9/13/2018; Certificate of Credit Counseling due by 10/8/2018. (cjm) (Entered: 09/14/2018) |
| 09/16/2018 | 16 (2 pgs) | BNC Certificate of Mailing with Copy of Order Notice Date 09/16/2018. (Admin.) (Entered: 09/17/2018) |
| 10/10/2018 | 17 (2 pgs; 2 docs) | Final Notice of Section 521 Deficiencies (fmr) (Entered: 10/10/2018) |
| 10/11/2018 | | Statement Adjourning 341(a) Meeting of Creditors to 11/14/2018 at 11:00 AM at Room 2579, 271-C Cadman Plaza East, Brooklyn, NY. (McCord, Richard) (Entered: 10/11/2018) |
| 10/12/2018 | 18 (2 pgs) | BNC Certificate of Mailing with Final Notice of Section 521 Deficiencies Notice Date 10/12/2018. (Admin.) (Entered: 10/13/2018) |
| 10/23/2018 | 19 (1 pg) | Request for Judicial Determination Concerning Dismissal Pursuant to 11 U.S.C. Section 521(i) (related document(s)17 Final Notice of Section 521 Deficiencies) (cjm) (Entered: 10/23/2018) |
| 10/23/2018 | 22 (2 pgs; 2 docs) | Case Automatically Dismissed pursuant to 11 U.S.C. Section 521(i)(1) with Notice of Automatic Dismissal Sent to Debtor (cjm) (Entered: 10/26/2018) |
| 10/25/2018 | 20 (2 pgs; 2 docs) | Notice of Proposed Dismissal for debtors failure to pay the balance due on filing fees in the Amount of: $285.00. (mnc) (Entered: 10/25/2018) |
| 10/25/2018 | 21 (1 pg) | Order Directing Clerk's Office to dismiss this case pursuant to 11 U.S.C. 521(i)(1). (related document(s)19 Request for Judicial Determination Re: 521 Documents). Signed on 10/25/2018 (cjm) (Entered: 10/26/2018) |

Mata App--159

| 10/26/2018 | 23<br>(2 pgs; 2 docs) | Order to Close Automatically Dismissed Case. Signed on 10/26/2018 (cjm) (Entered: 10/26/2018) |
|---|---|---|
| 10/26/2018 | | Bankruptcy Case Closed (cjm) (Entered: 10/26/2018) |
| 10/26/2018 | | Chapter 7 Trustee's Report of No Distribution - I, Richard J. McCord, having been appointed trustee of the estate of the above-named debtor(s), report that this case was DISMISSED or CONVERTED. I have neither received any property nor paid any monies on account of this estate. I hereby certify that the chapter 7 estate of the above-named debtor(s) has been fully administered through the date of conversion or dismissal. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 0 months. Assets Abandoned (without deducting any secured claims) Not Applicable, Assets Exempt: Not Applicable, Claims Scheduled: Not Applicable, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): Not Applicable. Filed by Richard J. McCord. (McCord, Richard) (Entered: 10/26/2018) |
| 10/27/2018 | 24<br>(2 pgs) | BNC Certificate of Mailing with Copy of Order Notice Date 10/27/2018. (Admin.) (Entered: 10/28/2018) |
| 10/28/2018 | 25<br>(2 pgs) | BNC Certificate of Mailing with Notice of Automatic Dismissal of Case Notice Date 10/28/2018. (Admin.) (Entered: 10/29/2018) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/26/2019 13:22:56 | | |
| PACER Login: | karamvirdahiya:2579555:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1-18-45137-cec Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 3 | Cost: | 0.30 |

Mata App--160

Fill in this information to identify the case:

United States Bankruptcy Court for the:

Eastern _____ District of New York _____
                                        (State)

Case number (*if known*): _____ Chapter 11 ____

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2018 MAR 16  A 8: 59

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. **Debtor's name** | 3733 97 ST CORONA CORP. | |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | | |
| 3. **Debtor's federal Employer Identification Number (EIN)** | 8 2 – 4 7 9 3 1 9 9 | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 37-33 97th Street | |
| Number      Street | Number      Street |
| | P.O. Box |
| Corona            NY      11368 | |
| City               State   ZIP Code | City            State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Queens | |
| County | Number      Street |
| | |
| | City            State   ZIP Code |

5. **Debtor's website (URL)** _____

6. **Type of debtor**
☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Mata App--161

| Debtor | 3733 97 ST CORONA CORP. | Case number (if known) |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .

*EM*    5 3 1 1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When __ / __ / ____  Case number _____
                               MM / DD / YYYY

           District _____ When __ / __ / ____  Case number _____
                               MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes. Debtor _____  Relationship _____

           District _____  When __ / __ / ____
                                 MM / DD / YYYY

           Case number, if known _____

Mata App--162

Debtor  3733 97 ST CORONA CORP.                              Case number (if known)_____
       Name

**11. Why is the case filed in *this***  Check all that apply:
**district?**

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have**   ☑ No
**possession of any real**          ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.
**property or personal property**
**that needs immediate**            **Why does the property need immediate attention?** (Check all that apply.)
**attention?**
                                    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
                                    What is the hazard? _____

                                    ☐ It needs to be physically secured or protected from the weather.

                                    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

                                    ☐ Other _____

                                    **Where is the property?** _____
                                                              Number      Street
                                                              _____
                                                              _____
                                                              City                          State    ZIP Code

                                    **Is the property insured?**
                                    ☐ No
                                    ☐ Yes. Insurance agency _____
                                         Contact name _____
                                         Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of**  Check one:
**available funds**
                                ☐ Funds will be available for distribution to unsecured creditors.
                                ☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of**  ☑ 1-49           ☐ 1,000-5,000        ☐ 25,001-50,000
**creditors**                ☐ 50-99          ☐ 5,001-10,000       ☐ 50,001-100,000
                             ☐ 100-199        ☐ 10,001-25,000      ☐ More than 100,000
                             ☐ 200-999

**15. Estimated assets**  ☑ $0-$50,000              ☐ $1,000,001-$10 million      ☐ $500,000,001-$1 billion
                          ☐ $50,001-$100,000        ☐ $10,000,001-$50 million     ☐ $1,000,000,001-$10 billion
                          ☐ $100,001-$500,000       ☐ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion
                          ☐ $500,001-$1 million     ☐ $100,000,001-$500 million   ☐ More than $50 billion

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 3

| Debtor | 3733 97 ST CORONA CORP. | | Case number (if known) | |
| | Name | | | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☑ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

☐ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

☐ I have been authorized to file this petition on behalf of the debtor.

☐ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___03/15/2018___
MM / DD / YYYY

✗ _____
Signature of authorized representative of debtor

Elvis Ramon Mata
Printed name

Title _President_

**18. Signature of attorney**

✗ _____
Signature of attorney for debtor

Date _____
MM / DD / YYYY

Printed name _____

Firm name _____

Number    Street _____

City _____  State  ZIP Code

Contact phone _____  Email address

Bar number _____  State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

Mata App--164

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                                    Case No.
                                                          Chapter    1 1

39-33 97 St. Corona Corp
                                          Debtor(s)

-------------------------------------------------------------x

## DECLARATION OF PRO SE DEBTOR(S)

All individuals filing for bankruptcy pro se (without an attorney), must provide the following information:

Name of Debtor(s):  37-33 97 St Corona Cor.P

Address:  37-33 97 street Corona. NY 11368

Email Address:  _____

Phone Number:  (917) 804 8224

CHECK THE APPROPRIATE RESPONSES:

**FILING FEE**:

____✓____ PAID THE FILING FEE IN FULL

_____ APPLIED FOR INSTALLMENT PAYMENTS OR WAIVER OF THE FILING FEE

**PREVIOUS CASES FILED**: 1._____  2._____  3._____

**ASSISTANCE WITH PAPERWORK**:

_____ NO ASSISTANCE WITH PREPARATION OF/FILING PETITION AND SCHEDULES

___✓___ HAD ASSISTANCE WITH PREPARATION OF/FILING PETITION AND SCHEDULES

If Debtor had assistance, the following information must be completed:

Name of individual who assisted:  Gloria Perazita

Address:  174 Executed Dr - New Hyde PK NY 11040

Phone Number:  (917) 861 5701

Amount Paid for Assistance:  $ _____

I/We hereby declare the information above under the penalty of perjury.

Dated: 3/15/2018                          X_____
                                              Debtor's Signature

                                          _____
nt Debtor's Signature

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

-------------------------------------------------x

**In Re:**                                          **Case No.**

                                                    **Chapter**

                    **Debtor(s)**
-------------------------------------------------x

## <u>VERIFICATION OF CREDITOR MATRIX/LIST OF CREDITORS</u>

        The undersigned debtor(s) or attorney for the debtor(s) hereby verifies that the creditor matrix/list of creditors submitted herein is true and correct to the best of his or her knowledge.

Dated: 03|15|2018

                                          x _____
                                          Debtor

                                          _____
                                          Joint Debtor

                                          s/ _____
                                          Attorney for Debtor

**CENTRAL MORTGAGE COMPANY**
**801 John Barrow Rd #1**
**Little Rock, AR 72205**
**Phone: (800) 366-2132**

DISMISSED, SmBus, SmBusPlnDue, SmBusDsclsDue, CLOSED

# U.S. Bankruptcy Court
## Eastern District of New York (Brooklyn)
## Bankruptcy Petition #: 1-18-41466-cec

|  |  |
|---|---|
| | *Date filed:* 03/16/2018 |
| *Assigned to:* Carla E. Craig | *Date terminated:* 06/21/2018 |
| Chapter 11 | *Debtor dismissed:* 06/01/2018 |
| Voluntary | *341 meeting:* 04/20/2018 |
| Asset | |

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| **Debtor** | represented by **3733 97 St Corona Corp** |
| **3733 97 St Corona Corp** | PRO SE |
| 37-33 97th Street | |
| Corona, NY 11368 | |
| QUEENS-NY | |
| Tax ID / EIN: 82-4793199 | |

**U.S. Trustee**
**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
(212) 510-0500

| Filing Date | # | Docket Text |
|---|---|---|
| 03/16/2018 | 1 R (7 pgs) | Chapter 11 Voluntary Petition for Non-Individuals. Fee Amount $ 1717 Filed by 3733 97 St Corona Corp Chapter 11 Plan - Small Business - due by 9/12/2018. Chapter 11 Small Business Disclosure Statement due by 9/12/2018. (cns) (Entered: 03/16/2018) |
| 03/16/2018 | | Receipt of Chapter 11 Filing Fee - $1717.00. Receipt Number 319958. (CS) (admin) (Entered: 03/16/2018) |
| 03/16/2018 | 4 (3 pgs; 2 docs) | Deficient Filing Chapter 11 Statement Pursuant to E.D.N.Y. LBR 1073-2b due by 3/16/2018.Affidavit Pursuant to E.D.N.Y. LBR 1007-4 due 3/16/2018. 20 Largest Unsecured Creditors due 3/16/2018. Corporate Resolution Pursuant to E.D.N.Y. LBR 1074-1(a) due 3/16/2018. Corporate Ownership Statement Pursuant to FBR 1007(a)(1) due 3/16/2018. Corporate Disclosure Statement Pursuant to FBR 1073-3 due 3/16/2018. Small Business Balance Sheet due by 3/23/2018. Small Business Cash Flow Statement due by 3/23/2018. Small Business Statement of Operations due by |

| | | |
|---|---|---|
| | | 3/23/2018. Small Business Tax Return due by 3/23/2018. Summary of Assets and Liabilities for Non-Individuals Official Form 206Sum due by 3/30/2018. Schedule A/B due 3/30/2018. Schedule D due 3/30/2018. Schedule E/F due 3/30/2018. Schedule G due 3/30/2018. Schedule H due 3/30/2018. Declaration Under Penalty of Perjury for Non Individual Debtors Official Form 202 due 3/30/2018. List of Equity Security Holders due 3/30/2018. Statement of Financial Affairs Non-Ind Form 207 due 3/30/2018. Incomplete Filings due by 3/30/2018. (cns) (Entered: 03/19/2018) |
| 03/19/2018 | 3<br>(2 pgs; 2 docs) | Notice of Hearing on Deficient Chapter 11 Case for debtor's failure to be represented by counsel Hearing scheduled for 4/18/2018 at 03:00 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. Chapter 11 Non-Individual Attorney Cure due by 4/2/2018. (cns) (Entered: 03/19/2018) |
| 03/19/2018 | 5<br>(6 pgs; 4 docs) | Meeting of Creditors 341(a) meeting to be held on 4/20/2018 at 10:00 AM at Room 2579, 271-C Cadman Plaza East, Brooklyn, NY. (cns) (Entered: 03/19/2018) |
| 03/21/2018 | 6<br>(3 pgs) | BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 03/21/2018. (Admin.) (Entered: 03/22/2018) |
| 03/21/2018 | 7<br>(3 pgs) | BNC Certificate of Mailing - Meeting of Creditors Notice Date 03/21/2018. (Admin.) (Entered: 03/22/2018) |
| 03/21/2018 | 8<br>(2 pgs) | BNC Certificate of Mailing with Notice of Hearing on Defective or Deficient Filing - Chapter 11 Non-Individual Notice Date 03/21/2018. (Admin.) (Entered: 03/22/2018) |
| 03/21/2018 | 9<br>(3 pgs) | BNC Certificate of Mailing with Notice of Deficient Filing Notice Date 03/21/2018. (Admin.) (Entered: 03/22/2018) |
| 03/22/2018 | 10<br>(3 pgs; 2 docs) | Order Scheduling Initial Case Management Conference. Signed on 3/22/2018. Status hearing to be held on 4/18/2018 at 03:00 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (ads) (Entered: 03/23/2018) |
| 03/25/2018 | 11<br>(3 pgs) | BNC Certificate of Mailing with Notice/Order Notice Date 03/25/2018. (Admin.) (Entered: 03/26/2018) |
| 04/13/2018 | 12<br>(141 pgs; 11 docs) | Motion for In Rem Relief from Stay as to property located at 37-33 97th Street, Corona, New York 11368 Fee Amount $181. Filed by Ronald D Howard on behalf of Arvest Central Mortgage Company f/k/a Central Mortgage Company. Hearing scheduled for 5/23/2018 at 03:00 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (Attachments: # 1 Exhibit A - Loan Documents # 2 Exhibit B - Judgment of Foreclosure & Sale # 3 Exhibit C - Dismissal Orders # 4 Exhibit D - NYS Entity Information # |

| | | |
|---|---|---|
| | | 5 Exhibit E - Notices of Sale # 6 Exhibit F - Case Dockets # 7 Exhibit G - Case Dockets # 8 Exhibit H - Broker Price Opinion # 9 Exhibit I - Proposed Order # 10 Affidavit of Service) (Howard, Ronald) (Entered: 04/13/2018) |
| 04/13/2018 | | Receipt of Motion for Relief From Stay(1-18-41466-cec) [motion,mrlfsty] ( 181.00) Filing Fee. Receipt number 16555461. Fee amount 181.00. (re: Doc# 12) (U.S. Treasury) (Entered: 04/13/2018) |
| 04/18/2018 | | Hearing Held; (related document(s): 3 Notice of Hearing on Deficient Chapter 11 Case for debtor's failure to be represented by counsel) Appearance: Rachel Weinberger from the Office of the United States Trustee - Court to issue order dismissing case (tleonard) (Entered: 04/19/2018) |
| 04/18/2018 | | Hearing Held; (related document(s): 10 Order Scheduling Initial Case Management Conference) Appearance: Rachel Weinberger from the Office of the United States Trustee - Court to issue order dismissing case - Marked Off, It is So Ordered, By The Honorable Carla E. Craig. Endorsed on 4/18/18 calendar. (This is a text Order, no document attached) (tleonard) (Entered: 04/19/2018) |
| 06/01/2018 | 13 (2 pgs) | Order Granting Motion For In Rem Relief From Stay in the property located in Queens, New York at Block 1760, Lot 50, and commonly known as 37-33 97th Street, Corona, New York 11368. ORDERED, that if recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other case under Title 11 of the United States Code purporting to affect the Premises filed not later than 2 years after its entry, except that a debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. (Related Doc # 12) Signed on 6/1/2018. (tml) (Entered: 06/01/2018) |
| 06/01/2018 | 14 (3 pgs; 3 docs) | Order Dismissing Case with Notice of Dismissal (RE: related document(s)3 Signed on 6/1/2018 (rjl) (Entered: 06/04/2018) |
| 06/06/2018 | 15 (2 pgs) | BNC Certificate of Mailing with Notice of Dismissal Notice Date 06/06/2018. (Admin.) (Entered: 06/07/2018) |
| 06/07/2018 | | Receipt of Fee for Certification of Document - $11.00. Receipt Number 255487. (RM) (admin) (Entered: 06/07/2018) |
| 06/21/2018 | | Bankruptcy Case Closed (rjl) (Entered: 06/21/2018) |

Mata App--170

| PACER Service Center | | | | |
|---|---|---|---|---|
| **Transaction Receipt** | | | | |
| 08/26/2019 16:17:26 | | | | |
| **PACER Login:** | karamvirdahiya:2579555:0 | **Client Code:** | mata | |
| **Description:** | Docket Report | **Search Criteria:** | 1-18-41466-cec Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included | |
| **Billable Pages:** | 2 | **Cost:** | 0.20 | |

Mata App--171

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument.The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2018061200617001001EF5BD

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 3 |
|---|---|

Document ID: **2018061200617001**   Document Date: 06-01-2018   Preparation Date: 06-12-2018
Document Type:  COURT ORDER
Document Page Count: 2

**PRESENTER:**
HOLD FOR PICK-UP-SUZANNE MANGO
ADVANTAGE FORECLOSURE-FCL138117
201 OLD COUNTRY ROAD, SUITE 200
MELVILLE, NY 11747
631-549-7721
AFRECORDINGS@ADVANTAGEFORECLOSURE.COM

**RETURN TO:**
HOLD FOR PICK UP- SUZANNE MANGO
BERKMAN, HENOCH, PETERSON & PEDDY & FENCHEL
100 GARDEN CITY PLAZA
GARDEN CITY, NY 11530

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 1760 | 50 | Entire Lot | 37-33 97TH STREET |

Property Type:  DWELLING ONLY - 2 FAMILY

**CROSS REFERENCE DATA**

CRFN_____  or  DocumentID_____  or  _____Year____ Reel____ Page_____  or  File Number_____

**PARTIES**

**PARTY 1/GRANTOR:**
3733 97 ST CORONA CORP.
37-33 97TH STREET
CORONA, NY 11368

**PARTY 2/GRANTEE:**
U.S. BANKRUPTCY COURT EASTERN DISTRICT OF NY

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 47.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**
Recorded/Filed        06-13-2018 16:02
City Register File No.(CRFN):
**2018000196621**

*Annette M Hill*
*City Register Official Signature*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In Re:                                          Case No.: 18-41466-cec
                                                Chapter 11
3733 97 ST CORONA CORP,
                                                Assigned to:
                   Debtor.                      Hon. Carla E. Craig
                                                Bankruptcy Judge

---

### ORDER GRANTING *IN REM* RELIEF FROM AUTOMATIC STAY

Upon consideration of the unopposed motion (the "Motion") of Arvest Central Mortgage Company f/k/a Central Mortgage Company (with any subsequent successor or assign, the "Movant"), dated April 13, 2018, for an order pursuant to 11 U.S.C. §§ 362(d)(4) granting the Movant *in rem* relief from the automatic stay, and proof of service upon all necessary parties, and the Court having jurisdiction to consider the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, and a hearing on the Motion having been held on May 23, 2018 at which the Creditor appeared and was heard and the Debtor did not appear, and the Court having found that good and sufficient cause exists for granting the Motion, it is hereby

ORDERED, that the automatic stay instituted upon filing of the within bankruptcy case is hereby terminated under 11 U.S.C. § 362(d)(1) and (d)(4) as to Movant's lien interest in the property located in Queens, New York at Block 1760, Lot 50, and commonly known as 37-33 97th Street, Corona, New York 11368 (the "Premises"), thereby allowing Movant to exercise, with respect to the Premises, the rights available under applicable law; and it is further

1

ORDERED, that if recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other case under Title 11 of the United States Code purporting to affect the Premises filed not later than 2 years after its entry, except that a debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing; and it is further

ORDERED, that any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of this Order for indexing and recording; and it is further

ORDERED, that this Order shall be effective immediately upon its entry, such that the fourteen day stay created by Bankruptcy Rule 4001(a)(3) or any other applicable rule is hereby waived.~~; and it is further~~ *(CEC)*

~~ORDERED, that the Trustee shall retain any and all interest that said Trustee may have in any surplus monies that may be produced and will be noticed of any such surplus monies.~~ *(CEC)*

Dated: Brooklyn, New York
    June 1, 2018



_____
Carla E. Craig
**United States Bankruptcy Judge**

I hereby attest and certify on June 7, 2018 that this document is a full, true and correct copy of the original filed on the court's electronic case filing system.
Clerk, US Bankruptcy Court, EDNY
By: _____, Deputy Clerk

2

Mata App--174

**DISMISSED, PlnDue, CounDue, DebtEd, DomSup, Repeat, PRVDISM, APPEAL**

### U.S. Bankruptcy Court
### Eastern District of New York (Brooklyn)
### Bankruptcy Petition #: 1-19-40693-cec

| | |
|---|---|
| | *Date filed:* 02/05/2019 |
| *Assigned to:* Carla E. Craig | *Debtor dismissed:* 06/10/2019 |
| Chapter 13 | *341 meeting:* 05/15/2019 |
| Voluntary | |
| Asset | |

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| ***Debtor*** | represented by **Karamvir Dahiya** |
| **Elvis Mata** | Dahiya Law Offices, LLC |
| 37-33 97th Street | 75 Maiden Lane |
| Corona, NY 11368 | Suite 506 |
| QUEENS-NY | New York, NY 10038 |
| SSN / ITIN: xxx-xx-5756 | (212)766-8000 |
| | Fax : (212)766-8001 |
| | Email: karam@bankruptcypundit.com |

| |
|---|
| ***Trustee*** |
| **Marianne DeRosa** |
| Office of the Chapter 13 Trustee |
| 100 Jericho Quadrangle |
| Suite 127 |
| Jericho, NY 11753 |
| (516) 622-1340 |
| *TERMINATED: 02/06/2019* |
| Email: Derosa@ch13mdr.com |

| | |
|---|---|
| ***Trustee*** | represented by **Michael J. Macco** |
| **Michael J. Macco** | 2950 Express Drive South |
| 2950 Express Drive South | Suite 109 |
| Suite 109 | Islandia, NY 11749 |
| Islandia, NY 11749 | (631) 549-7900 |
| (631) 549-7900 | Fax : (631) 549-7845 |
| Email: ecf@maccolaw.com | Email: ecf@maccosternlaw.com |

| |
|---|
| ***U.S. Trustee*** |
| **Office of the United States Trustee** |
| Eastern District of NY (Brooklyn Office) |
| U.S. Federal Office Building |
| 201 Varick Street, Suite 1006 |
| New York, NY 10014 |
| (212) 510-0500 |

| Filing Date | # | Docket Text |
|---|---|---|

Mata App--175

| 02/05/2019 | 1<br>(9 pgs) | Chapter 13 Voluntary Petition for Individuals. Fee Amount $310 Filed by Karamvir Dahiya on behalf of Elvis Mata Government Proof of Claim due by 8/5/2019. (Dahiya, Karamvir) (Entered: 02/05/2019) |
| 02/05/2019 | 2<br>(10 pgs; 2 docs) | Motion to Continue/Extend/Reimpose Stay Filed by Karamvir Dahiya on behalf of Elvis Mata. Hearing scheduled for 2/21/2019 at 03:00 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (Attachments: # 1 Exhibit) (Dahiya, Karamvir) (Entered: 02/05/2019) |
| 02/05/2019 | | Receipt of Voluntary Petition (Chapter 13)(1-19-40693) [misc,volp13a] ( 310.00) Filing Fee. Receipt number 17598761. Fee amount 310.00. (re: Doc# 1) (U.S. Treasury) (Entered: 02/05/2019) |
| 02/05/2019 | | TERMINATED DUE TO PRIOR FILING - Meeting of Creditors Chapter 13 & Appointment of Chapter 13 Trustee Marianne DeRosa, with 341(a) Meeting to be held on 03/06/2019 at 10:30 AM at Room 2579, 271-C Cadman Plaza East, Brooklyn, NY . Proof of Claims due by 04/16/2019 . Modified on 2/6/2019 (ads). (Entered: 02/05/2019) |
| 02/05/2019 | 3<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Randy J Schaefer on behalf of Arvest Central Mortgage Company f/k/a Central Mortgage Company (Schaefer, Randy) (Entered: 02/05/2019) |
| 02/05/2019 | 4<br>(3 pgs; 2 docs) | Deficient Filing Chapter 13: Certificate of Credit Counseling due by 2/5/2019. Statement Pursuant to E.D.N.Y. LBR 1073-2b due by 2/5/2019. Last day to file Section 521(i)(1) documents is 3/22/2019. Disclosure of Compensation of Attorney for Debtor. 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016(b) (Official Form 2030) due 2/19/2019. Pre-Petition Statement Pursuant to E.D.N.Y. LBR 2017-1 due by 2/19/2019. Summary of Your Assets and Liabilities and Certain Statistical Information Official Form 106Sum due by 2/19/2019. Schedule A/B due 2/19/2019. Schedule C due 2/19/2019. Schedule D due 2/19/2019. Schedule E/F due 2/19/2019. Schedule G due 2/19/2019. Schedule H due 2/19/2019. Schedule I due 2/19/2019. Schedule J due 2/19/2019. Declaration About Ind Deb Schs Form 106Dec due 2/19/2019. Statement of Financial Affairs for Individuals Filing for Bankruptcy Form 107 due 2/19/2019. Chapter 13 Plan due by 2/19/2019. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C-1 Due 2/19/2019. Copies of pay statements received from any employer due by 2/19/2019. Incomplete Filings due by 2/19/2019. (ads) (Entered: 02/06/2019) |
| 02/05/2019 | | Hearing Scheduled; Hearing scheduled for 2/21/2019 at |

| Date | Doc | Description |
|---|---|---|
| | | 03:00 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (RE: related document(s)2 Motion to Continue/Extend/Reimpose Stay) (tml) (Entered: 02/19/2019) |
| 02/06/2019 | | Prior Filing Case Number(s): 16-43536-cec; 17-43612-cec; 17-46246-cec; 18-45137-cec - DISMISSED (ads) (Entered: 02/06/2019) |
| 02/06/2019 | | Judge Elizabeth S. Stong removed from the case due to Prior Filing, Judge Reassigned. Judge Carla Craig added to the case. (ads) (Entered: 02/06/2019) |
| 02/06/2019 | | Due to Prior Filing, Trustee Reassigned. 341(a) meeting to be held on 03/20/2019 at 10:15 AM at Room 2579, 271-C Cadman Plaza East, Brooklyn, NY. Proofs of Claims due by 4/16/2019. (ads) (Entered: 02/06/2019) |
| 02/06/2019 | 5 (6 pgs; 4 docs) | Request for Notice - Chapter 13 Meeting of Creditors and Hearing on Confirmation. Confirmation hearing to be held on 5/2/2019 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. Last day to Object to Confirmation 5/2/2019.Objections to 523 due by 5/20/2019. (ads) (Entered: 02/06/2019) |
| 02/08/2019 | 6 (22 pgs; 3 docs) | Limited Response *of Secured Creditor to Debtor's Motion to Continue the Stay* Filed by Randy J Schaefer on behalf of Arvest Central Mortgage Company f/k/a Central Mortgage Company (RE: related document(s)2 Motion to Continue/Extend/Reimpose Stay filed by Debtor Elvis Mata) (Attachments: # 1 Exhibit A-Judgment of Foreclosure and Sale # 2 Exhibit B-Recorded In Rem Order) (Schaefer, Randy) (Entered: 02/08/2019) |
| 02/08/2019 | 7 (1 pg) | Affidavit/Certificate of Service Filed by Randy J Schaefer on behalf of Arvest Central Mortgage Company f/k/a Central Mortgage Company (RE: related document(s)6 Response filed by Creditor Arvest Central Mortgage Company f/k/a Central Mortgage Company) (Schaefer, Randy) (Entered: 02/08/2019) |
| 02/08/2019 | 8 (3 pgs) | BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 02/08/2019. (Admin.) (Entered: 02/09/2019) |
| 02/08/2019 | 9 (3 pgs) | BNC Certificate of Mailing - Meeting of Creditors Notice Date 02/08/2019. (Admin.) (Entered: 02/09/2019) |
| 02/08/2019 | 10 (3 pgs) | BNC Certificate of Mailing with Notice of Deficient Filing Notice Date 02/08/2019. (Admin.) (Entered: 02/09/2019) |
| 02/14/2019 | 11 (34 pgs) | Schedule(s), Statement(s) and Affidavit Pursuant to E.D.N.Y. LBR 1007-1(b) Schedule A/B, Schedule C, |

Mata App--177

| | | Schedule D, Schedule E/F, Schedule G, Schedule H, Schedule I, Schedule J, Filed by Karamvir Dahiya on behalf of Elvis Mata (Dahiya, Karamvir) (Entered: 02/14/2019) |
|---|---|---|
| 02/14/2019 | [12](#) (114 pgs; 10 docs) | Affidavit in Opposition Filed by Karamvir Dahiya on behalf of Elvis Mata (RE: related document(s)[6](#) Response filed by Creditor Arvest Central Mortgage Company f/k/a Central Mortgage Company) (Attachments: # [1](#) Exhibit # [2](#) Exhibit # [3](#) Exhibit # [4](#) Exhibit # [5](#) Exhibit # [6](#) Exhibit # [7](#) Exhibit # [8](#) Exhibit # [9](#) Exhibit) (Dahiya, Karamvir) (Entered: 02/14/2019) |
| 02/18/2019 | [13](#) (14 pgs; 2 docs) | Reply Filed by Karamvir Dahiya on behalf of Elvis Mata (RE: related document(s)[6](#) Response filed by Creditor Arvest Central Mortgage Company f/k/a Central Mortgage Company) (Attachments: # [1](#) Exhibit) (Dahiya, Karamvir) (Entered: 02/18/2019) |
| 02/20/2019 | [14](#) (61 pgs; 2 docs) | Affirmation in Opposition *to Supplemental Affirmation and Motion to Continue Stay* Filed by Randy J Schaefer on behalf of Arvest Central Mortgage Company f/k/a Central Mortgage Company (RE: related document(s)[2](#) Motion to Continue/Extend/Reimpose Stay filed by Debtor Elvis Mata) (Attachments: # [1](#) Exhibits A-E) (Schaefer, Randy) (Entered: 02/20/2019) |
| 02/21/2019 | [15](#) (2 pgs) | Affidavit/Certificate of Service *Affirmation in Opposition to the Supplemental Affirmation Seeking Redress from the Court's Prior Order(with Exhibits A-E)* Filed by Randy J Schaefer on behalf of Arvest Central Mortgage Company f/k/a Central Mortgage Company (RE: related document(s)[14](#) Affirmation in Opposition filed by Creditor Arvest Central Mortgage Company f/k/a Central Mortgage Company) (Schaefer, Randy) (Entered: 02/21/2019) |
| 02/21/2019 | | Hearing Held; (related document(s): [2](#) Motion to Continue/Extend/Reimpose Stay) Appearances: Karamvir Dahiya Representing Debtor, Randy J Schaefer Representing Creditor - Denied; Court to issue order (tleonard) (Entered: 02/25/2019) |
| 03/14/2019 | [16](#) (2 pgs; 2 docs) | Final Notice of Section 521 Deficiencies (ads) (Entered: 03/14/2019) |
| 03/16/2019 | [17](#) (2 pgs) | BNC Certificate of Mailing with Final Notice of Section 521 Deficiencies Notice Date 03/16/2019. (Admin.) (Entered: 03/17/2019) |
| 03/21/2019 | | Statement Adjourning 341(a) Meeting of Creditors to 4/17/2019 at 11:00 AM at Room 2579, 271-C Cadman Plaza East, Brooklyn, NY. Debtor absent. (Macco, Michael) (Entered: 03/21/2019) |

| 03/27/2019 | 18<br>(1 pg) | Employee Income Records / Copies of Pay Statements Filed by Karamvir Dahiya on behalf of Elvis Mata (Dahiya, Karamvir) (Entered: 03/27/2019) |
|---|---|---|
| 03/28/2019 | | Confirmation Hearing Rescheduled (related document(s): 5 Request for Notice - Meeting of Creditors and Hearing on Confirmation Chapter 13) Confirmation hearing to be held on 05/01/2019 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 03/28/2019) |
| 03/28/2019 | 19<br>(2 pgs; 2 docs) | Notice of Rescheduled Confirmation Hearing from 5/2/2019 at 10:00 A.M. to 5/1/2019 at 10:00 A.M. - Re: (RE: related document(s)5 Request for Notice - Meeting of Creditors and Hearing on Confirmation Chapter 13) (tml) (Entered: 03/28/2019) |
| 03/30/2019 | 20<br>(2 pgs) | BNC Certificate of Mailing with Notice to Creditors Notice Date 03/30/2019. (Admin.) (Entered: 03/31/2019) |
| 04/11/2019 | 21<br>(6 pgs) | Motion to Dismiss Case , Motion For Sanctions for Debtor's Attorney Misconduct under Rule 9011 *to Disgorge Legal Fees* Filed by Michael J. Macco on behalf of Michael J. Macco. Hearing scheduled for 5/1/2019 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (Macco, Michael) (Entered: 04/11/2019) |
| 04/18/2019 | | Statement Adjourning 341(a) Meeting of Creditors to 5/15/2019 at 11:00 AM at Room 2579, 271-C Cadman Plaza East, Brooklyn, NY. Debtor absent. (Macco, Michael) (Entered: 04/18/2019) |
| 04/29/2019 | 22<br>(37 pgs; 6 docs) | Affirmation in Opposition Filed by Karamvir Dahiya on behalf of Elvis Mata (RE: related document(s)21 Motion to Dismiss Case filed by Trustee Michael J. Macco, Motion for Sanctions for Debtor's Attorney) (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit) (Dahiya, Karamvir) (Entered: 04/29/2019) |
| 04/30/2019 | 23<br>(3 pgs) | Affidavit in Opposition Filed by Karamvir Dahiya on behalf of Elvis Mata (RE: related document(s)21 Motion to Dismiss Case filed by Trustee Michael J. Macco, Motion for Sanctions for Debtor's Attorney) (Dahiya, Karamvir) (Entered: 04/30/2019) |
| 05/01/2019 | 24<br>(1 pg) | Order Denying Motion To Impose the Automatic Stay for the reasons stated on the record at the February 21, 2019 hearing (Related Doc # 2) Signed on 5/1/2019. (ads) (Entered: 05/02/2019) |
| 05/01/2019 | | Hearing Held; (related document(s): 21 Motion to Dismiss Case , Motion For Sanctions for Debtor's Attorney |

| | | Misconduct under Rule 9011 to Disgorge Legal Fees.) Appearances: Karamvir Dahiya Representing Debtor, Michael J. Macco Trustee - No Opposition - Granted; Submit Order Retain Jurisdiction - File any supplemental submission by 5/10/19 otherwise will not be considered (tleonard) (Entered: 05/15/2019) |
| 05/01/2019 | | Confirmation Hearing Held; (related document(s): 5 Request for Notice - Meeting of Creditors and Hearing on Confirmation Chapter 13) Appearances: Karamvir Dahiya Representing Debtor, Michael J. Macco Trustee - Marked Off (tleonard) (Entered: 05/15/2019) |
| 05/03/2019 | 25 (2 pgs) | Exhibit *one of the emails re: restitution* Filed by Karamvir Dahiya on behalf of Elvis Mata (RE: related document(s)22 Affirmation in Opposition filed by Debtor Elvis Mata, 23 Affirmation in Opposition filed by Debtor Elvis Mata) (Dahiya, Karamvir) (Entered: 05/03/2019) |
| 05/10/2019 | 26 (4 pgs) | Exhibit *Signed retainer* Filed by Karamvir Dahiya on behalf of Elvis Mata (RE: related document(s)22 Affirmation in Opposition filed by Debtor Elvis Mata, 23 Affirmation in Opposition filed by Debtor Elvis Mata) (Dahiya, Karamvir) (Entered: 05/10/2019) |
| 05/10/2019 | 27 (3 pgs; 3 docs) | Notice of Appeal to District Court. . Fee Amount $298 Filed by Karamvir Dahiya on behalf of Elvis Mata (RE: related document(s)24 Order on Motion to Continue/Extend/Reimpose Stay). Appellant Designation due by 05/24/2019. Transmission of Designation to District Court Due by 06/10/2019. (Attachments: # 1 Exhibit) (Dahiya, Karamvir) (Entered: 05/10/2019) |
| 05/10/2019 | 28 (2 pgs; 2 docs) | Appeal Deficiency Notice (RE: related document(s)27 Notice of Appeal filed by Debtor Elvis Mata) (ads) (Entered: 05/14/2019) |
| 05/13/2019 | | Receipt of Notice of Appeal(1-19-40693-cec) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number 17964786. Fee amount 298.00. (re: Doc# 27) (U.S. Treasury) (Entered: 05/13/2019) |
| 05/14/2019 | 29 (2 pgs; 2 docs) | Notice to Parties of requirements, deadlines (RE: related document(s)27 Notice of Appeal filed by Debtor Elvis Mata) (ads) (Entered: 05/14/2019) |
| 05/14/2019 | 30 (3 pgs; 3 docs) | Transmittal of Notice of Appeal to District Court (RE: related document(s)27 Notice of Appeal filed by Debtor Elvis Mata) (ads) (Entered: 05/14/2019) |
| 05/14/2019 | 31 (2 pgs) | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 19-cv-02846-PKC District Court |

Mata App--180

| | | |
|---|---|---|
| | | Judge Judge Pamela K. Chen assigned. (RE: related document(s)27 Notice of Appeal filed by Debtor Elvis Mata) (ads) (Entered: 05/15/2019) |
| 05/16/2019 | [32](#) (2 pgs) | BNC Certificate of Mailing with Notice/Order Notice Date 05/16/2019. (Admin.) (Entered: 05/17/2019) |
| 05/16/2019 | [33](#) (2 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 05/16/2019. (Admin.) (Entered: 05/17/2019) |
| 05/16/2019 | [34](#) (2 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 05/16/2019. (Admin.) (Entered: 05/17/2019) |
| 05/20/2019 | [35](#) (2 pgs; 2 docs) | Order Adjourning Motion to Sanction Debtor's Counsel to May 30, 2019 at 2:30 p.m. (RE: related document(s)21 Motion to Dismiss Case filed by Trustee Michael J. Macco, Motion for Sanctions for Debtor's Attorney). Signed on 5/20/2019 (ads) (Entered: 05/21/2019) |
| 05/23/2019 | [36](#) (2 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 05/23/2019. (Admin.) (Entered: 05/24/2019) |
| 05/25/2019 | [37](#) (3 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Karamvir Dahiya on behalf of Elvis Mata (RE: related document(s)27 Notice of Appeal filed by Debtor Elvis Mata). Appellee designation due by 06/10/2019. (Dahiya, Karamvir) (Entered: 05/25/2019) |
| 05/25/2019 | [38](#) (3 pgs) | Civil Cover Sheet Filed by Karamvir Dahiya on behalf of Elvis Mata (RE: related document(s)27 Notice of Appeal filed by Debtor Elvis Mata). (Dahiya, Karamvir) (Entered: 05/25/2019) |
| 05/25/2019 | [39](#) (1 pg) | Affidavit/Certificate of Service Filed by Karamvir Dahiya on behalf of Elvis Mata (RE: related document(s)27 Notice of Appeal filed by Debtor Elvis Mata, 37 Appellant Designation & Statement of Issues filed by Debtor Elvis Mata, 38 Civil Cover Sheet filed by Debtor Elvis Mata) (Dahiya, Karamvir) (Entered: 05/25/2019) |
| 05/30/2019 | | Hearing Scheduled; Hearing scheduled for 6/11/2019 at 02:30 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (RE: related document(s)35 Order) (tml) (Entered: 05/30/2019) |
| 06/07/2019 | [40](#) (4 pgs; 2 docs) | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Randy J Schaefer on behalf of Arvest Central Mortgage Company f/k/a Central Mortgage Company. (Attachments: # 1 AFFIDAVIT OF SERVICE) (Schaefer, Randy). Related document(s) 27 Notice of Appeal |

Mata App--181

| | | |
|---|---|---|
| | | filed by Debtor Elvis Mata. Modified on 6/12/2019 (ads). (Entered: 06/07/2019) |
| 06/10/2019 | [41](#)<br>(3 pgs; 3 docs) | Order Dismissing Chapter 13 Case with Notice of Dismissal. ORDERED, that the Court shall retain jurisdiction to investigate the preparation and filing of this petition and determine the reasonableness of fees and the imposition of any sanctions, including disgorgement of fees against the debtors counsel, Karamvir Dahiya,Esq. (RE: related document(s)[21](#) Motion to Dismiss Case, Motion for Sanctions for Debtor's Attorney). Signed on 6/10/2019 (tml) (Entered: 06/11/2019) |
| 06/11/2019 | | Hearing Held; (related document(s): [35](#) Order Adjourning Motion to Sanction Debtors Counsel (RE: related document(s) [21](#) Motion to Dismiss Case, Motion for Sanctions for Debtors Attorney). Appearance: Karamvir Dahiya Representing Debtor - Marked Off, It is So Ordered, By The Honorable Carla E. Craig. Endorsed on 6/11/19 calendar. (This is a text Order, no document attached) (tleonard) (Entered: 06/14/2019) |
| 06/12/2019 | [42](#)<br>(849 pgs; 10 docs) | Transmittal of Additional Record on Appeal to District Court in reference to Civil Case Number: 19-cv-2846-PKC (RE: related document(s)[1](#) Voluntary Petition (Chapter 13), [2](#) Motion to Continue/Extend/Reimpose Stay, [6](#) Response filed by Creditor Arvest Central Mortgage Company, [12](#) Affirmation in Opposition filed by Debtor Elvis Mata, [13](#) Reply filed by Debtor Elvis Mata, [14](#) Affirmation in Opposition filed by Creditor Arvest Central Mortgage Company, [24](#) Order on Motion to Continue/Extend/Reimpose Stay, [37](#) Appellant Designation & Statement of Issues filed by Debtor Elvis Mata, [40](#) Appellee Designation filed by Creditor Arvest Central Mortgage Company) (Attachments: Dockets: # [1](#) 16-43536 # [2](#) 18-41466 # [3](#) 16-43540 # [4](#) 19-40693 # [5](#) 17-43612 # [6](#) 17-46246 # [7](#) 18-45137) (ads) (Entered: 06/12/2019) |
| 06/13/2019 | [43](#)<br>(2 pgs) | BNC Certificate of Mailing with Notice of Dismissal Notice Date 06/13/2019. (Admin.) (Entered: 06/14/2019) |
| 06/14/2019 | [44](#)<br>(4 pgs) | Chapter 13 Trustee Final Report and Account for Dismissed Case. (Macco, Michael) (Entered: 06/14/2019) |

| PACER Login: | karamvirdahiya:2579555:0 | Client Code: | mata |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1-19-40693-cec Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 6 | Cost: | 0.60 |

Mata App--183

## NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2018062500737001001E14FD

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 3 |
|---|---|

**Document ID:** 2018062500737001    Document Date: 06-13-2018    Preparation Date: 06-25-2018
Document Type: COURT ORDER
Document Page Count: 2

| PRESENTER: | RETURN TO: |
|---|---|
| QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE | QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE |
| 125-01 QUEENS BOULEVARD | 125-01 QUEENS BOULEVARD |
| KEW GARDENS, NY 11415 | KEW GARDENS, NY 11415 |
| 718-286-6640 | 718-286-6640 |
| CEBURKE@QUEENSDA.ORG | CEBURKE@QUEENSDA.ORG |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 1760 | 50 | Entire Lot | 37-33 97TH STREET |

Property Type: DWELLING ONLY - 2 FAMILY

### CROSS REFERENCE DATA

CRFN_____  *or*  DocumentID_____  *or* _____ Year____ Reel____ Page____  *or*  File Number_____

### PARTIES

**PARTY 1/GRANTOR:**
QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE
125-01 QUEENS BOULEVARD
KEW GARDENS, NY 11415

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | |
| Spec (Additional): | $ | 0.00 | $ | 0.00 |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | EXEMPT | | |
| Affidavit Fee: | $ | 0.00 | | |

Filing Fee:    $    0.00

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**
Recorded/Filed    06-27-2018 10:13
City Register File No.(CRFN):
**2018000212353**

*Annette M Hill*

*City Register Official Signature*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

PRESENT: HON. HON. DANIEL LEWIS
------------------------------------------------------------------X
                                                    :    INDICTMENT NO.:
                                                    :    1997/2016
THE PEOPLE OF THE STATE OF NEW YORK                 :
                                                    :    **ORDER**
                                                    :
                    -against-                       :
                                                    :
KINGS DEVELOPMENT GROUP                             :
        DEFENDANT                                   :
                                                    :
ASSAF MOSHE                                         :
        AKA JOE LEVI                                :
                DEFENDANT                           :
                                                    :
NETANEL BARNES                                      :
        AKA NATHAN BARNES                           :
                DEFENDANT                           :
                                                    :
WELMI FERNANDEZ                                     :
        AKA JASMINE FERNANDEZ                       :
                DEFENDANT                           :
                                                    :
NADIA KHEDU                                         :
        DEFENDANT                                   :
                                                    :
NISSAN PINCHASOV                                    :
        DEFENDANT                                   :
                                                    :
YARIV KATZ                                          :
        DEFENDANT                                   :
                                                    :
YISROEL SERVICES CORP.                              :
        DEFENDANT                                   :
                                                    :
YISROEL STEINBERG                                   :
        DEFENDANT                                   :
                                                    :
SANFORD SOLNY                                       :
        DEFENDANT                                   :

MICHAEL HERSKOWITZ                      :
    DEFENDANT                          :
                                 :
SHANDELLE SOLNY                  :
    DEFENDANT                     :
                               :
DOMINGO FERNANDEZ         :
    DEFENDANT                     :
                               :

-------------------------------------------------------------------X

      On June 13,  2018, Assaf Moshe entered a plea in Indictment No. 1997/2016, and as part of the plea, he consented to an order being entered by the court, declaring as null and void *ab initio* a deed transferring the property on 37-33 97th Street, Queens, New York, 11368, Block 1760, Lot 50, from Elvis Mata,  to 97 Street Realty Inc.,  CRFN: 2014000117643.

      Now upon the application of Assistant District Attorney Christine Burke of Queens County, dated June 13,  2018, it is ORDERED, ADJUDGED, and DECREED, that the deed dated March12, 2014 and recorded on April 7, 2014,conveying the real property at 37-33 97th Street, Queens, New York 11368, Block 1760, Lot 50, from Elvis Mata,  to 97 Street Realty Inc., bearing CRFN: 2014000117643, is cancelled and deemed void *ab initio*; and it is further

      ORDERED, that the New York City Register's Office, upon payment of proper fees, if any, is directed to record this order against Block 1760, Lot 50.

ENTER:

_____

J.S.C. HON. DANIEL LEWIS

UNITED STATES BANKRUPTCY COURT                Hearing Date: May 23, 2018
EASTERN DISTRICT OF NEW YORK                  Hearing Time: 3:00 PM

_____

In Re:                                        Case No.: 18-41466-cec
                                              Chapter 11
3733 97 ST CORONA CORP,

                        Debtor.               Assigned to:
                                              Hon. Carla E. Craig
                                              Bankruptcy Judge

_____

## <u>NOTICE OF MOTION FOR *IN REM* RELIEF FROM AUTOMATIC STAY</u>

Please take notice that Arvest Central Mortgage Company f/k/a Central Mortgage Company (the "Creditor"), by the undersigned attorneys, will move this Court on May 23, 2018 at 3:00 PM or as soon thereafter as counsel can be heard, before the Honorable Carla E. Craig whose courtroom is located at the United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein Courthouse, 271 Cadman Plaza East, Courtroom 3529, Brooklyn, NY 11201-1800, for an Order (i) pursuant to 11 U.S.C. § 362(d)(4) for *in rem* relief from the automatic stay as to movant's interest in the real property commonly known as 37-33 97TH STREET, CORONA, NEW YORK 11368 (the "Premises") such that any and all future bankruptcy filings by 3733 97 St Corona Corp, Elvis Mata, or any other person or entity with an interest in the Premises shall not operate as a stay against the Creditor and its successors and/or assigns for a period of two years after date of said order, (ii) pursuant to 362(d)(1) for relief from the automatic stay as to Creditor's interest in the Premises, (iii) waiving the fourteen day stay created by Fed. R. Bankr. P. 4001(a)(3) or any other applicable rule, (iv) approving Creditor's request for $1,250.00 in reasonable attorney fees and $181.00 in costs incurred in connection with the motion, and (v) for such other relief as the Court may deem proper.

1

DATED:    April 13, 2018
          Garden City, New York

                              By:  */s/Ronald Howard*
                              Ronald Howard, Esq.
                              Berkman, Henoch, Peterson, Peddy & Fenchel, P.C.
                              Attorneys for Creditor
                              100 Garden City Plaza
                              Garden City, NY 11530
                              Telephone 516-222-6200


TO:
3733 97 St Corona Corp
ATTN: Elvis Mata, President
37-33 97th Street
Corona, NY 11368

Elvis Mata
37-33 97th Street
Corona, NY 11368

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

97 Street Realty, Inc.
ATTN: Meir C. Abramov
5308-13th Avenue # 248
Brooklyn, NY 11219

Hon. Carla E. Craig
United States Bankruptcy Court
Eastern District of New York
Conrad B. Duberstein Courthouse
271 Cadman Plaza East
Brooklyn, NY 11201-1800

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In Re:                                            Case No.: 18-41466-cec
                                                  Chapter 11
3733 97 ST CORONA CORP,

                        Debtor.                   Assigned to:
                                                  Hon. Carla E. Craig
                                                  Bankruptcy Judge

_____

## AFFIRMATION IN SUPPORT OF MOTION FOR *IN REM* RELIEF FROM AUTOMATIC STAY

Ronald Howard, Esq. an attorney associated with the firm Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., as counsel to Arvest Central Mortgage Company f/k/a Central Mortgage Company (the "Creditor"), a secured creditor in this case, makes this motion (the "Motion"), for an order (i) pursuant to 11 U.S.C. § 362(d)(4) and Fed. R. Bankr. P. 4001(a) for *in rem* relief from the automatic stay as to the real property commonly known as 37-33 97TH STREET, CORONA, NEW YORK 11368 (the "Premises") such that any and all future bankruptcy filings by 3733 97 St Corona Corp (the "Debtor"), Elvis Mata, or any other person or entity with an interest in the Premises shall not operate as a stay against the Creditor and its successors and/or assigns for a period of two years after date of said order, (ii) pursuant to 362(d)(1) for relief from the automatic stay as to Creditor's interest in the Premises, (iii) waiving the fourteen day stay created by Fed. R. Bankr. P. 4001(a)(3) or any other applicable rule, (iv) approving Creditor's request for $1,250.00 in reasonable attorney fees and $181.00 in costs incurred in connection with the motion, and (v) for such other relief as the Court may deem proper, and affirms the following facts in support of the Creditor's application for relief from the automatic stay:

1

1.      On March 16, 2018, 3733 97 St Corona Corp (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code with this Court, and an order for relief was duly entered.

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this proceeding is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. § 362(d).

3.      The Creditor derives its secured status pursuant to that certain Note and Mortgage dated March 23, 2007, where Amnet Mortgage in Lieu of True Corporate Name American Mortgage Network, Inc. ("Amnet") advanced sums to or for the benefit of Elvis Mata ("Mata") in the original principal amount of $680,000.00, which constitutes a lien against the Premises.  On or about April 11, 2008, Amnet assigned the Note and Mortgage to Luminent, who subsequently assigned the Note and Mortgage to Creditor on or about November 16, 2010.  Please find a copy of the Note, Mortgage, and related assignments annexed to this motion as **Exhibit A**.

4.      Pursuant to the terms and conditions of the Note and Mortgage, upon the failure of Mata to cure any default thereunder, which includes non-payment of amounts due, Creditor is entitled to accelerate the loan balance and foreclose on the Premises.

5.      On December 10, 2010, Creditor commenced an action (the "Foreclosure Action") in the Supreme Court of the State of New York County of Queens bearing index no. 30774/10 for foreclosure as to the Premises, naming Mata and other parties as

defendants.    On November 25, 2015, the Honorable Darrell L. Gavrin granted a Judgment of Foreclosure and Sale in favor of Creditor.    A copy of the Judgment of Foreclosure and Sale is annexed to this motion as **Exhibit B**.

6.        **Case Nos. 16-43536-cec.**    On or about June 29, 2016, Creditor filed a notice of sale in the Queens County Supreme Court, which set forth August 5, 2016 as the date on which Stephen D. Hans (the "Referee") would conduct a public auction of the Premises.

7.        On the morning of the sale, Mata, filed a *pro se* voluntary petition under chapter 13 of Bankruptcy Code with this Court bearing case no. 16-43536-cec, listing the Premises as his address, and an Order of Relief was duly entered.

8.        On September 20, 2016, the Clerk's Office submitted a Request for Judicial Determination Concerning Dismissal Pursuant to 11 U.S.C. § 521(i), citing Mata's failure to file schedules of assets and liabilities, a statement of financial affairs, a statement of monthly income and means test calculation, and copies of pay statements. In addition, the Mata failed to file a plan of reorganization as required under 11 U.S.C. § 1321 and Fed. R. Bankr. P. 3015(b).    The Court dismissed Mata's case on September 27, 2016.

9.        **Case No. 17-43612-cec.**    On or about June 21, 2017, Creditor filed a third notice of sale[1] in the Queens County Supreme Court, which set forth July 14, 2017 as the date on which the Referee would conduct a public auction of the Premises.

---

[1] A second notice of sale was filed on or about October 31, 2016, which set forth a sale date of December 16, 2016.  The state court stayed that sale upon granting Mata's order to show cause.

10.     On July 13, 2017, one day prior to sale, Mata filed a *pro se* voluntary petition under chapter 13 of Bankruptcy Code with this Court bearing case no. 17-43612-cec, listing the Premises as his address, and an Order of Relief was duly entered.

11.     On August 21, 2017, Micael, J. Macco, acting as the Chapter 13 Trustee, filed a motion to dismiss with prejudice. The motion alleged the following:

- Mata had failed to submit pre-confirmation payments to the Trustee.

- Mata had failed to file a chapter 13 plan, certificate of credit counseling, statement of financial affiars, summary of assets and liabilities and certain statistical information, statement of current monthly income and means test, complete set of schedules, and copies of pay statements from employer for the sixty day period preceding filing.

- Mata had failed to provide the Trustee with copies of the previous years's State and Federal Tax Retruns, all filings required under Section 521 and all mandatory disclosure documentation as set forth in LBR 2003-1.

- Mata had failed to appear at the initial section 341 meeting of creditors.

12.     The Court dismissed Mata's case on October 9, 2017, with prejudice, prohibiting Mata from filing another petition under chapter 13 or converting a chapter 7 case to a chapter 13 case for a period of one year without consent from the Court.

Mata App--192

13.    **Case No. 17-46246-cec.**  On or about November 13, 2017, Creditor filed a fourth notice of sale in the Queens County Supreme Court, which set forth December 1, 2017 as the date on which the Referee would conduct a public auction of the Premises.

14.    On November 27, 2017, four days prior to sale, Mata filed a *pro se* voluntary petition under chapter 7 of Bankruptcy Code with this Court bearing case no. 17-46246-cec, listing the Premises as his address, and an Order of Relief was duly entered.

15.    On January 12, 2018, the Clerk's Office submitted a Request for Judicial Determination Concerning Dismissal Pursuant to 11 U.S.C. § 521(i), citing Mata's failure to file schedules of assets and liabilities, a statement of financial affairs, a statement of monthly income and means test calculation, and copies of pay statements.  The Court dismissed the Mata's case on January 17, 2018.  A copy of the dismissal order, together with the dismissal orders discussed *supra*, is annexed to this motion as **Exhibit C**.

16.    On March 15, 2018, a Certificate of Incorporation was filed with the New York State Department of State, Division of Corporations, to incorporate the Debtor.  A copy of the Division's Entity Information report for the Debtor is annexed to this motion as **Exhibit D**.  As of the date of this motion, no deed granting the Debtor an interest in the Premises has been recorded.[2]

17.    **Case No. 18-41466-cec.**  On or about February 21, 2018, Creditor filed a fifth notice of sale in the Queens County Supreme Court, which set forth March 16, 2018 as the date on which the Referee would conduct a public auction of the Premises.  A copy

---

[2] According to the Automated City Register Information System maintained by New York City Department of Finance (http://a836-acris.nyc.gov/CP/), Mata granted all interest in the Premises to 97 Street Realty Inc., on March 12, 2014, four years before this case was filed.

of the notice of sale, together with copies of the notices of sale discussed *supra*, is annexed to this motion as **Exhibit E.**

18.    On the morning of the sale, the Debtor filed the instant *pro se* voluntary Chapter 11 petition (collectively with the cases discussed *supra*, the "Bankruptcy Cases") as a small business debtor, listing the Premises its principal place of business, and an Order of Relief was duly entered.   Question 17 of the petition indicates that Mata is the Debtor's president.

19.    As of the date of this Motion, the Debtor has yet to file the following documents:

- Statement Pursuant to E.D.N.Y. LBR 1073−2(b)

- Corporate Resolution Pursuant to E.D.N.Y LBR 1074−1(a)

- Corporate Ownership Statement Pursuant to Fed. R. Bankr. P. 1007(a)(1)

- Corporate Disclosure Statement Pursuant to Fed. R. Bankr. P. 1073−3

- List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not

- Insiders (Official Form 204) (Signed by Debtor)

- Affidavit Pursuant to E.D.N.Y. LBR 1007−4

- Schedules of Assets and Liabilities

- Declaration Under Penalty of Perjury for Non−Individual Debtors (Official Form 202)

- List of Equity Security Holders and Addresses (Corporation Only)

6

- Statement of Financial Affairs for Non−Individuals Filing for Bankruptcy (Official Form 207)

- Most recent balance sheet, statement of operations, cash flow statement, and Federal income tax return, or a statement that none of the foregoing have been prepared or filed.

20.    A copy of the dockets for the dismissed Bankruptcy Cases is annexed to this motion as **Exhibit F**.

21.    According to the Motion for Relief from Stay Worksheet executed by Chris Moore, an Officer with Creditor, and annexed to this motion as **Exhibit G**, as of April 2, 2018, Mata is contractually due for the installment scheduled August 1, 2008. Mata owes $1,127,668.01 on the Note, and according to the Asset Valuation Solutions BPO dated November 8, 2017, annexed to this Motion as **Exhibit H**, the Premises are valued at $1,000,000.00.  Furthermore, should the default continue, another payment due May 1, 2018 will also be due at the date this Motion is heard.

22.    I certify under penalty of perjury that the foregoing facts are true to the best of my knowledge, information, and belief.

## CREDITOR IS ENTITLED TO IN REM RELIEF FROM THE AUTOMATIC STAY AS TO THE PREMISES UNDER 11 U.S.C. § 362(d)(4)(B)

23.    "The cornerstone of consumer bankruptcy is the 'fresh start' that it offers to the 'honest but unfortunate debtor.'" *New York v. Suarez (In re Suarez)*, 367 B.R. 332, 337, 2007 Bankr. LEXIS 1390, 48 Bankr. Ct. Dec. 60 (Bankr. E.D.N.Y. 2007). Nonetheless, "any debtor . . . who files for relief under a rehabilitative chapter of the Bankruptcy Code must proceed in good faith, which is to say must treat his or her

7

creditors in a 'fundamentally fair' manner.  *In re Head*, 223 B.R. 648, 652, 1998 Bankr. LEXIS 975, *13, 32 Bankr. Ct. Dec. 1222 (Bankr. W.D.N.Y. 1998).

24.    However, "[t]he filing of repetitive bankruptcy cases to forestall secured creditors from exercising foreclosure rights, and without any intent to comply with basic bankruptcy requirements, is an abuse of process and a violation of the spirit and intent, if not the actual letter, of the Bankruptcy Code." *In re Hughes*, No. 06-32726-SGJ-7, 2007 Bankr. LEXIS 1328, at *41-42 (Bankr. N.D. Tex. Apr. 3, 2007).  In such cases, *in rem* relief is appropriate in order to allow a secured creditor to complete the foreclosure process.  *See Gonzalez-Ruiz v. Doral Fin. Corp. (In re Gonzalez-Ruiz)*, 341 B.R. 371, 384-85 (B.A.P. 1st Cir. 2006), 2006 Bankr. LEXIS 693 (*in rem* relief appropriate where Debtors filed four bankruptcy cases in order to prevent the creditor from completing foreclosure); *In re Selinsky*, 365 B.R. 260 (Bankr. S.D. Fl. 2007) (Court ordered *in rem* relief where the Debtor and her husband's five bankruptcy filings constituted a gross abuse of the bankruptcy process).

25.    Among the amendments to the Bankruptcy Code enacted under the 2005 Bankruptcy Abuse and Consumer Protection Act was section 362(d)(4), which provides the Court with statutory authority to grant *in rem* relief.  *In re Montalvo*, 416 B.R. 381, 386 (Bankr. E.D.N.Y. 2009).  The effect of such in *rem relief* is to preclude all future bankruptcy filings by any person or entity with interest in the subject property from operating as an automatic stay against the owner of the property and its successors and/or assigns for a period of two years after the date of the entry of such order.  *Id.*  Section 362(d)(4)(B) provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of [section

362], such as by terminating, annulling, modifying, or conditioning such stay with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . .

(B) multiple bankruptcy filings affecting such real property.

If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.

26.    A creditor seeking *in rem* relief under 11 U.S.C. § 362(d)(4)(B) as to its interest in property bears the burden of showing that the petition was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings affecting such property.  The required statutory "scheme" must include at least two bankruptcy filings. *See In re Van Eck*, 425 B.R. 54, 70 (Bankr. D. Conn. 2010).

27.    Creditor is entitled to *in rem* relief from the automatic stay under 11 U.S.C. § 362(d)(4)(B).

28.    A bankruptcy court can infer the intent to hinder, delay, and defraud creditors from the fact of serial filings alone without holding an evidentiary hearing. *In re Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014), quoting *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012).  Moreover, a scheme to hinder, delay, and defraud creditors can be inferred from such serial filings where (i) the bankruptcy cases are commenced on the eve of or shortly before significant events affecting the property, (ii) the petitioners

repeatedly fail to either file or confirm a chapter 13 plan, and (iii) the petitioners otherwise fail to prosecute their bankruptcy cases. *Montalvo*, 416 B.R. at 387.

29.     Mata never had the intention of using the Bankruptcy Code to reorganize or discharge debts and obtain a fresh start.  In none of the Bankruptcy Cases has Mata ever proposed a plan of reorganization or filed schedules of assets and liabilities, a statement of financial affairs, a statement of current monthly income, or copies of pay statements.  Had Mata even the slightest intention to reorganize or discharge his debts, the failure to file documents so essential to the successful prosecution of a bankruptcy case would not be so consistent.

30.     In addition, Mata commenced, or caused to be commenced, each of the Bankruptcy Cases within four days of a scheduled foreclosure sale (including two cases filed on the day of sale) only to immediately abandon their proper prosecution.  In so doing, he has repeatedly invoked the protections of the automatic stay in bankruptcy for the sole purpose of preventing the consummation of a successful sale of the Premises.

31.     The timing of these events was essential to the uninterrupted perpetration of Mata's scheme to delay or hinder Creditor.  Because the Court dismissed Mata's two most recent prior Bankruptcy Cases within the preceding 12 months, the creation of an automatic stay would have been precluded by operation of § 362(c)(4)(A)(i) had he commenced a new case in his name before October 9, 2018.[3]   The only discernible purpose for the Debtor's incorporation, *one day* prior to the commencement of this case, was to circumvent this anti-abuse rule by allowing a different legal entity with a

---

[3] The Court dismissed the second of the four Bankruptcy Cases, case no. 17-43612-cec, on October 9, 2017.  "[I]f a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the [automatic stay] shall not go into effect upon the filing of the later case."  11 U.S.C. § 362(c)(4)(A)(i).

purported interest in the Premises to commence a bankruptcy case, and to once again invoke the automatic stay protections of § 362(a) to force yet another sale cancellation. Consequently, the Debtor's incorporation was a key aspect of Mata's scheme to delay or hinder the Creditor.

32.    That Mata's scheme involved multiple bankruptcy filings affecting the Premises in satisfaction of § 362(d)(4)(B) is evident from the fact that each of the four Bankruptcy Case petitions identified the Premises as either the respective debtor's principal residence or principal place of business, and that each of the petitions forced the cancellation of then imminent foreclosure sale.  In so doing, Mata has repeatedly invoked the protections of the automatic stay in multiple bankruptcy filings for no purpose other than to prevent the consummation of a successful sale of the Premises.

33.    Furthermore, Mata caused this corporate chapter 11 case to be filed *pro se* in violation of a long standing Second Circuit prohibition on *pro se* corporate litigants. *See Sharp v. Bivona*, 304 F. Supp. 2d 357, 364 (E.D.N.Y. 2004) ("[t]here exists a longstanding rule that a corporation may not proceed pro se in federal court, but must appear by an attorney."); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("[s]ince, of necessity, a natural person must represent the corporation in court, we have insisted that that person be an attorney licensed to practice law before our courts.")

34.    As a result, Mata has managed to occupy the Premises for nearly ten years at no substantial cost, all while avoiding the effort and expense necessary to properly prosecute a bankruptcy case.  Consequently, because Mata's pattern of filing shell bankruptcy petitions on the eves of foreclosure sales has so effectively hindered and

delayed the sale of the Premises, and because the only discernible purpose of the Debtor's incorporation was to enable Mata to continue that pattern, these acts constitute a scheme to hinder, delay, or defraud Creditor involving multiple bankruptcy filings affecting the Premises.

## CREDITOR IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1)

35.     Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property..." 11 U.S.C. § 362(d)(1), failure to make post-petition mortgage payments constitutes "cause" to modify the automatic stay. *See In re Taylor*, 151 B.R. 646 (E.D.N.Y.1993); *In re Davis*, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986); *In re Frascatore*, 33 B.R. 687 (Bankr. E.D. Pa. 1983). The party seeking relief from the automatic stay has the initial burden of establishing "cause." *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999); *In re Godt*, 282 B.R. 577, 584 (E.D.N.Y. 2002).  Once the movant establishes a *prima facie* case of cause to lift the stay, the burden shifts to the debtor. *Id.*

36.     The only way the Court can ensure that neither Mata nor any other entity further abuses the Bankruptcy Code by forcing yet another improper postponement of the sale is to grant *in rem* relief from the automatic stay under 11 U.S.C. § 362(d)(4).  Thus, the Court should grant Creditor's motion.

37.     Creditor respectfully requests $1,250.00 for reasonable attorney fees and $181.00 in costs incurred in connection with the instant motion, pursuant to the terms of

the Note and Mortgage. The Mortgage provides that Creditor shall be reimbursed for any appropriate amounts, including reasonable attorney's fees, spent to protect Creditor's interest in the Premises, which is secured by the Note and Mortgage.

38.    A copy of a proposed Order granting the relief sought by Creditor is annexed to this motion as **Exhibit I.**

**WHEREFORE**, Creditor respectfully requests that an Order be granted

(a) terminating the automatic stay, and effecting *in rem* relief immediately as to Creditor's interest in the Premises under 11 U.S.C. § 362(d)(4)(B);

(b) waiving the fourteen day stay created by Fed. R. Bankr. P. 4001(a)(3) or any other applicable rule;

(c) approving Creditor's request for $1,250.00 in reasonable attorney fees and $181.00 in costs incurred in connection with the instant motion; together with

(d) such other, further, and different relief as the Court may deem just in this matter.

DATED:    April 13, 2018
          Garden City, New York

                              By: */s/Ronald Howard*
                              Ronald Howard, Esq.
                              Berkman, Henoch, Peterson, Peddy & Fenchel, P.C.
                              Attorneys for Creditor
                              100 Garden City Plaza
                              Garden City, NY 11530
                              Telephone 516-222-6200

Mata App--201