UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ELIVS MATA,

                Plaintiff,

        - against -

ARVEST CENTRAL MORTGAGE
COMPANY,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-2846 (PKC)

PAMELA K. CHEN, United States District Judge:

Appellant Elvis Mata appeals the February 21, 2019 Order of the United States Bankruptcy Court for the Eastern District of New York denying his motion to extend an automatic stay and prevent the foreclosure of his residential home. For the reasons stated below, this appeal is moot and thus dismissed for lack of subject matter jurisdiction.

### BACKGROUND[1]

**I.    Underlying Foreclosure and Bankruptcy Proceedings**

Appellant Mata alleges that his ordeal began when he "fell behind in his mortgage payments regarding his home, 3733 97th Street, Corona, New York." (Appellant Mata's Brief ("Mata Br."), Dkt. 6, at ECF[2] 4; *see also* Mata Aug. 5, 2016 Letter, Dkt. 2-1, at ECF 19 ("I'm respectfully requesting a few more days . . . . I am falling behind in all my commitments, also I just find out that there is an auction taking place today, I will lose the house, time is falling short.");

---

[1] The following facts are drawn from the parties' submissions and the Bankruptcy Court's record on appeal. The facts are undisputed unless otherwise noted.

[2] "ECF" refers to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Form 106A/B, Dkt. 2-4, at ECF 130.) On December 11, 2015, a judgment of foreclosure and sale against Appellant Mata was filed and recorded in the Supreme Court of New York, Queens County, by the Honorable Darrell L. Gavrin.[3] (Foreclosure Judgment, Dkt. 2-4, at ECF 32–40.) The Court infers from the record that an automatic stay of the sale was ordered by the Bankruptcy Court in a prior Chapter 11 Bankruptcy Proceeding,[4] but that the stay was later terminated by the Honorable Carla E. Craig of the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court") on June 1, 2018. (Order Granting *in Rem* Relief from Automatic Stay, Dkt. 2-4, at ECF 46–47.)

On February 5, 2019, Appellant Mata filed a voluntary petition under Chapter 13[5] of the Bankruptcy Code in the Bankruptcy Court, accompanied by a motion to extend the automatic stay of the foreclosure sale, pursuant to 11 U.S.C. § 362(3)(c), in connection with prior bankruptcy petitions filed by Appellant.[6] (Order Denying Motion to Impose the Automatic Stay, Dkt. 1-1; *see*

---

[3] Justice Gavrin found that although

> Mata[] allegedly was fraudulently induced to execute a deed dated March 12, 2014, conveying his interest in the mortgaged property[,] it does not constitute a defense to [the foreclosure] action. It also does not serve as a basis for denying [plaintiff Arvest Central Mortgage Company's] motion, where Mata has made no showing that the mortgage debt was satisfied, discharged or released thereby, or plaintiff no longer seeks to obtain a deficiency judgment against him.

(Queens County Supreme Court July 14, 2015 Motion Order, Dkt. 2-4, at ECF 89.)

[4] The Chapter 11 proceeding was filed by 3733 97st Corona Corp. (*See* Order Granting *in Rem Relief* from Automatic Stay, Dkt. 2-4, at ECF 46.)

[5] "In Chapter 13 cases, the U.S. Trustee appoints a private trustee, the 'Chapter 13 Trustee' . . . to oversee the debtor's performance under a court-affirmed plan to pay creditors and discharge of his debts." *Wenegieme v. Macco*, 580 B.R. 17, 19 n.1 (E.D.N.Y. 2018) (citing 11 U.S.C. § 1302).

[6] Appellant's brief describes a number of prior bankruptcy actions, filed in 2017 and 2018, that were dismissed. (Mata Br., Dkt. 6, at ECF 6–9.)

*also* Voluntary Petition, Dkt. 2-1, at ECF 4–11.)  On February 14, 2019, Appellant Mata submitted an affidavit in support of his application to reimpose the stay and to render the sale of his home void, describing how he was the "victim of a serious fraud," how his deed was stolen from him in 2014, that there were multiple bankruptcy cases filed in his name, and how he had reclaimed his deed in 2018.  (Affidavit, Dkt. 2-4, at ECF 48–53.)

Judge Craig held a hearing on February 21, 2019, and for the reasons stated on the record[7] at that hearing, denied Mata's motion to extend the automatic stay.  (Order Denying Motion to Impose the Automatic Stay, Dkt. 1-1.)  During the hearing, Judge Craig clarified that the property had been sold on February 8, 2017, and that the "sale took place . . . at a time when . . . there was no stay in effect."  Feb. 21, 2019 Transcript ("Tr.") at 2:21–6, 3:22–4:2, *In re Mata*, No. 19-BK-40693 (CEC) (Bankr. E.D.N.Y. 2019), Dkt. 45.  Mata's counsel in the bankruptcy proceeding, Karamvir Dahiya, acknowledged to Judge Craig that "you're right about it technically because there's [no] outstanding order."  *Id.* at 4:9–10.  Judge Craig noted that Mr. Dahiya had previously misinformed Appellee Arvest Central Mortgage Company's ("Arvest") counsel that there had been a stay in place prior to the sale.  *Id.* at 11:17–25 (Judge Craig admonishing Mr. Dahiya that the stay "was not in effect, that was [] not a correct statement that you made to her").  It appears that Mr. Dahiya had assumed that Arvest would not proceed with the foreclosure sale following that conversation.  *Id.* at 14:16–15:8.  After a discussion of an interim order entered in a prior case, and whether the case was properly before the Bankruptcy Court,[8] Judge Craig concluded:

> I think I believe that [the question about the prior interim order] is moot, mooted by the fact that the relief you're seeking is now moot because the property has been

---

[7] Neither party submitted a copy of the transcript.  However, the transcript was filed on the Bankruptcy Docket and is thus available to this Court for review.

[8] Judge Craig dismissed Appellant Mata's argument regarding standing and justiciability on the record.  *Id.* at 28:3–29:13.

3

> sold at a foreclosure sale. At that point, as a result of the sale, [the sale] was not stayed. The sale was not stayed. As a result of the foreclosure sale, the property is no longer [the] property of Mr. Mata's estate. So[] there was [] no purpose to be served by vacating that order.

*Id.* at 27:9–16. Judge Craig denied Appellant's stay application as moot. *Id.* at 34:2–6.

## II.     Proceedings Before this Court

Appellant Mata filed his notice of appeal in this matter on May 14, 2019. (Dkt. 1.) After the Court granted Appellant multiple extensions of time to file, he filed his brief on August 27, 2019. (Mata Br., Dkt. 6.) Appellant argued that the Bankruptcy Court lacked jurisdiction to grant relief in the underlying case; that Appellee Arvest lacked standing to seek relief before the Bankruptcy Court; and that the Bankruptcy Court failed to consider that Appellant was a victim of fraud. (*Id.* at ECF 10–15.) On September 20, 2019, the Court scheduled an oral argument in this matter for December 5, 2019. (*See* Sept. 20, 2019 Order.)

On October 17, 2019, Appellee Arvest filed its opposition brief. (Dkt. 8.) Appellee asserted five legal arguments: (1) this Court lacks subject matter jurisdiction over the appeal because the claim is moot; (2) imposition of the automatic stay would be futile; (3) Appellant Mata is complaining about an order that is not the subject of the appeal; (4) Appellant is responsible under the note and mortgage even if he was a victim of fraud; and (5) Appellant's claim that he was unaware of prior bankruptcy cases is belied by the record. (*Id.* at 5–14.)

On November 22, 2019, the Court ordered Appellant to show cause as to why the matter should not be dismissed for lack of subject matter jurisdiction on the grounds of mootness, citing, *inter alia*, *Squires Motel, LLC v. Gance*, 426 B.R. 29, 31 (N.D.N.Y. 2010) ("The law is clear that once a foreclosure sale has taken place, the appeal [from a bankruptcy court's order] is moot." (internal quotation marks and alterations omitted) (quoting *In re Young*, 242 F.3d 369, 2000 WL 1737810, at *1 (2d Cir. 2000) (summary unpublished order)), and *Dobrer v. PennyMac Corp.*, No.

4

18-CV-3174 (AMD), 2018 WL 6437068, at *3 (E.D.N.Y. Dec. 7, 2018) ("[A] district court sitting as an appellate court to bankruptcy court cannot undo the foreclosure sale of the property. . . . The Court cannot fashion any form of relief, and thus, has no jurisdiction over this appeal."). (Nov. 22, 2019 Order.) On December 2, 2019, the Court adjourned the previously scheduled oral argument *sine die* pending resolution of the jurisdiction question. (Dec. 2, 2019 Order.)

On December 2, 2019, Appellant responded to the Court's Order to Show Cause. (Dkt. 9.) Appellant argued that the correct issue before the Court is whether the Bankruptcy Court properly exercised subject matter jurisdiction. (*Id.* at 1.) Appellant further asserted that *Squires Motel LLC v. Gance* "does not apply as the property [was] bought not by the third party, but by the mortgagee itself." (*Id.*) He contended that *Dobrer v. PennyMac Corp.* was also inapplicable. (*Id.*) Appellant stressed that "the property was not sold to the third party and also, the we [sic] are not raising any new point in this appeal." (*Id.*) Moreover,

> if the mortgagee moved the property to another party, they bear the sole responsibility and the act would be deemed to [be] in bad faith as the undersigned has been told in very unequivocal terms that the property is still with the mortgagee. . . . No relief could have emanated from the bankruptcy court grant of in rem relief.

(*Id.* at 1–2.) Therefore, the sale is "void" as "[a]ctions taken in violation of the automatic stay are void *ab initio*." (*Id.* at 2.)

Following Appellant's response, on December 2, 2019, the Court ordered Appellee to reply to Appellant's letter regarding jurisdiction, attach as an exhibit any proof of sale or other evidence regarding mootness, and to "identify the party to whom the property was allegedly sold and address whether that has any bearing on this Court's jurisdiction." (Dec. 2, 2019 Order.) Appellee Arvest submitted a letter on December 9, 2019, attaching the assignment of bid, recorded deed, and referee's report of sale. (Dkt. 10.) Because neither party addressed the issue of whether the

5

identity of the purchaser rendered the appeal moot, the Court requested additional briefing. (Dec. 10, 2019 Order.)

On January 7, 2020, Appellant filed a letter arguing that: (1) based on *Norton v. Shelby County*, 118 U.S. 425 (1886), Appellee did not have proper standing before the Bankruptcy Court; and (2) "[a]lthough the property at issue in this case has been sold, the purchaser is a party to this appeal and it is conceivable that this Court could restore the status quo." (Dkt. 11 (citations omitted).)

Appellee replied on January 21, 2020. (Dkt. 12.) Appellee noted that Appellant "provided no controlling Second Circuit authority why this Court should not dismiss this appeal for lack of subject matter jurisdiction on the grounds of mootness. (*Id.* at ECF 1.) Appellee then distinguished the Ninth Circuit case cited by Appellant, *In re Springpark Assocs.*, 623 F.2d 1377 (9th Cir. 1980), arguing that,

> in that case, the issue was whether the bankruptcy court properly granted the lender's motion to lift the stay which later resulted in the property subsequently being sold. Obviously in that case, if the District Court found that the Bankruptcy Court improperly lifted the stay, then granting the appeal would have re-imposed the automatic stay on a date before the sale took place (thereby invalidating the sale). Re-imposing the stay in *Springpark Associates* would accord relief because it would be prospectively applied to the foreclosure sale that took placed after the Bankruptcy Court improperly lifted the stay.
>
> In this case, Appellant's Ninth Circuit case is of moment because even though all parties are participating in this appeal – this Court cannot fashion a remedy because the foreclosure sale took place *before* the Debtor made a motion to impose the stay. Any form of relief that this Court can impose (i.e. overruling Judge Craig's February 21, 2019 Order that is the subject of this appeal), the automatic stay would go into effect on or after February 21, 2019. It would be fruitless to contend that the order of February 21, 2019 retroactively imposed the stay, making it effective prior to the February 8, 2019 foreclosure sale. Bankruptcy Code § 362 grants prospective relief. It does not invalidate acts already taken.

(*Id.* at ECF 1–2 (citations omitted).)

## STANDARD OF REVIEW

District courts have appellate jurisdiction over "final judgments, orders, and decrees" entered in bankruptcy court. 28 U.S.C. § 158(a)(1). A district court reviews the legal conclusions of a bankruptcy court "*de novo*, and its factual findings for clear error." *Wenegieme*, 580 B.R. at 21 (citing, *inter alia*, *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000)). "A finding is 'clearly erroneous' when, on consideration of the record as a whole, the reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'" *Bongiovanni v. Grubin*, No. 15-CV-2617 (CBA), 2016 WL 4059349, at *3 (E.D.N.Y. July 28, 2016) (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001)).

When deciding a bankruptcy appeal, the district court "remains limited by the jurisdictional confines of Article III" of the Constitution. *Dobrer*, 2018 WL 6437068, at *3.

## DISCUSSION

The question of justiciability is "the threshold question in every federal case, determining the power of the court to entertain the suit." *See Warth v. Seldin*, 422 U.S. 490, 498 (1975). "The doctrine of mootness is rooted in the jurisdictional tenet that Federal courts are empowered to hear only live cases and controversies." *Dobrer*, 2018 WL 6437068, at *3 (internal quotation marks and citation omitted). "A case is moot when the parties lack a legally cognizable interest in the outcome. In a bankruptcy case, mootness may be based as well on jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective judicial relief." *AmeriCredit Fin. Servs., Inc. v. Tompkins*, 604 F.3d 753, 755 (2d Cir. 2010) (internal quotation marks, citations, and alterations omitted); *see also In re Empire Generating Co, LLC*, No. 19-CV-5744 (CS), 2020 WL 1330285, at *7 (S.D.N.Y. Mar. 23, 2020) ("In a bankruptcy appeal, [a] mootness concern arises when it may be impossible for a court to grant effective relief because the

disputed assets have been transferred[.]" (internal quotation marks, citations, and alteration omitted)).

"The law is clear that once a foreclosure sale has taken place, the appeal is moot." *In re Young*, 2000 WL 1737810, at *1 (affirming district court's dismissal of bankruptcy appeal following a voluntary Chapter 13 petition in Bankruptcy court where appellant's property was already sold); *see also Dobrer*, 2018 WL 6437068, at *3 (collecting cases); *Squires Motel, LLC*, 426 B.R. at 33 ("Therefore, where an appellant does not obtain a stay pending appeal of an order of dismissal, a subsequent foreclosure of the property at issue leaves the court unable to grant effective relief and consequently renders the appeal moot and subject to dismissal." (citations omitted)). It is clear from the record, as well as undisputed by the parties, that the foreclosure sale of the property at issue in this appeal has already taken place.

Moreover, "regardless of the merit of an appellant's challenge to a sale order, [the court] may neither reverse nor modify the judicially-authorized sale if the entity that purchased or leased the property did so in good faith and if no stay was granted." *In re Gucci*, 105 F.3d 837, 840 (2d Cir. 1997); *see also* 11 U.S.C. § 363(m). To determine "good faith," the court examines the purchaser's "conduct in the course of the sale proceedings," such as "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Colony Hill Assocs.*, 111 F.3d 269, 276 (2d Cir. 1997) (citation omitted).

Here, Appellant Mata did not receive a stay on the foreclosure sale of the property at issue pending appeal of the Bankruptcy Court's decision. Moreover, Appellant does not put forth any credible assertions of bad faith with respect to the sale of that property. *See St. Maarten v. Deutsche Bank Nat'l Trust Co.*, No. 19-CV-3426 (PKC), 2020 WL 1066267, at *3 (E.D.N.Y. Mar. 5, 2020). To the extent that Appellant argues that the referee's sale of the property to Appellee as

8

the mortgagee, in itself, constitutes bad faith (*see* Dkt. 9 at 2), the Court disagrees. *See Lynch v. Vaccaro*, 566 B.R. 290, 302 (E.D.N.Y. 2017) ("[T]he purchaser's participation in the bankruptcy or its knowledge of a pending appeal [does not] imply bad faith." (quoting *23 Jefferson St. LLC v. 636 Assets, Inc.*, No. 14-CV-7150 (CBA), 2015 WL 5037343, at *4 (E.D.N.Y. Aug. 25, 2015)); *see also* 11 U.S.C. § 363(m) ("The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal."). The fact that, according to Appellant, his bankruptcy counsel, Mr. Dahiya, informed the mortgagee that Appellant was still in possession of the property (Dkt. 9, at ECF 2) is entirely irrelevant to the inquiry.[9] If anything, as Judge Craig observed, it appears that Mr. Dahiya misrepresented the procedural posture of this case to Appellee-mortgagee Arvest. Additionally, the Court rejects Appellant's argument that the sale was void because it was done in violation of an automatic stay, as Mr. Dahiya admitted on the record in the Bankruptcy Court proceeding, that there was no such stay in this matter. *See* Tr. 4:5–15.

Finally, Appellant's argument that the "[s]tate court auction of the property should have no bearing on this issue" because "standing to sue . . . is, of course, a federal question which does not depend on the party's prior standing in state court" completely misses the point. (Dkt. 9, at 2

---

[9] To the extent that Appellant relies on *Alabama Hosp. Ass'n v. United States*, 656 F.2d 606, 610 (Ct. Cl. 1981), to support this proposition, that reliance is misplaced. The Court in *Alabama Hospital* was explaining that, although helpful, a ruling on the merits in a lawsuit dismissed for lack of jurisdiction is not necessarily conclusive or binding in a subsequent suit alleging the same claims. *See id.* However, that is not the inquiry before this Court. This Court is reviewing whether the appeal is moot such that it lacks jurisdiction to hear Appellant's appeal in the first instance.

9

(quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985)).) Although standing to sue is a federal question, that inquiry requires the Court to determine if there is any relief it can grant. *See AmeriCredit Financial Servs., Inc.*, 604 F.3d at 755. Here, *because* of the state court proceedings that resulted in the foreclosure sale of Appellant's property, there is none.

Accordingly, the Court finds that this appeal is moot based on the foreclosure sale having taken place even before the Bankruptcy Court issued its decision and the absence of any credible allegations of bad faith with respect to that sale.

## CONCLUSION

For the reasons set forth herein, the Court dismisses Appellant's appeal for lack of subject matter jurisdiction. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 7, 2020
Brooklyn, New York